UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23323-CIV-SCOLA/OTAZO-REYES

Consolidated Case No. 14-24140-civ-Scola

DISABILITY RIGHTS FLORIDA, INC.,
on behalf of its Clients and Constituents,

Plaintiffs,

vs.

MICHAEL D. CREWS, Secretary, Florida
Department of Corrections, in his Official
Capacity; WEXFORD HEALTH SOURCES,
INC.; FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the State
of Florida; and JULIE L. JONES,

Defendants.

_____/

ANDRE CHAPMAN, as personal
representative of the ESTATE OF
DARREN RAINEY, on behalf of the
Estate, and on behalf of Darren Rainey's
Survivors, Andre Chapman, Renee
Chapman, Deborah Johnson, Chnieaqua
Breelove and Harold Marr,

Plaintiffs,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS;
CORIZON, LLC, an out-of-state limited liability
corporation doing business and registered in Florida;
ROLAND CLARKE, and CORNELIUS THOMPSON,

Defendants.

_____/

**ORDER**

THIS CAUSE came before the Court upon Defendant Roland Clarke's ("Clarke") Motion to Compel Miami-Dade County Medical Examiner's Office ("Medical Examiner") to comply with a Subpoena (hereafter, "Motion to Compel") [D.E. 84]. The Motion to Compel was joined by Defendant Corizon, LLC ("Corizon"). See Notice of Joinder [D.E. 98]. Defendants Clarke and Corizon seek production of the Medical Examiner's medical chart for decedent Darren Rainey ("Rainey"), including the autopsy report. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 21, 76]. The undersigned held a hearing on this matter on May 10, 2016.

Based on the representations made at the hearing, the undersigned finds that this case presents unique circumstances that justify production of the Medical Examiner's medical chart for decedent Rainey, including the autopsy report, for the following reasons: (1) the criminal investigation into Rainey's death by the Miami-Dade State Attorney's Office, which has been ongoing since June 23, 2012 (the date of Rainey's death) is nearing its conclusion; (2) the stay on these consolidated cases was recently lifted, they were reopened, and the Court directed the parties to conduct a Rule 26 conference and file a joint proposed scheduling order [D.E. 75, 76]; (3) the parties have done so [D.E. 90], which triggers the start of discovery under Rule 26; and (4) the parties have agreed that the production shall be subject to an agreed confidentiality order. Therefore, in accordance with the undersigned's rulings at the hearing, it is

ORDERED AND ADJUDGED that the Motion to Compel is GRANTED IN PART. The Medical Examiner shall produce the complete medical chart for decedent Rainey, including the autopsy report, subject to the terms of an agreed confidentiality order (whose terms were discussed at the May 10th hearing). The proposed confidentiality order shall be jointly prepared by counsel for Clarke, Corizon, and the Medical Examiner, shall be circulated to all parties, and

shall be submitted to the undersigned on or before **May 20, 2016**.  Should the parties not be able to agree on the contents of the proposed confidentiality order, they may submit redline versions, which the undersigned will reconcile.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of May, 2016.

*Alicia O. Reyes*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Robert N. Scola, Jr.
      Counsel of Record