UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23323-CIV-SCOLA
CONSOLIDATED CASE NO. 14-24140-CIV-SCOLA

DISABILITY RIGHTS FLORIDA, INC.,

      Plaintiff,
v.

MICHAEL D. CREWS, *et al.*,

      Defendants.
_____/

ANDRE CHAPMAN as personal representative
of the ESTATE OF DARREN RAINEY, *et al.*,

      Plaintiffs,
v.

FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

      Defendants.
_____/

## CONFIDENTIALITY ORDER

THIS MATTER is before the Court on Defendant Clarke's Motion to Compel Miami-Dade Medical Examiner's Office to Comply with a Subpoena **[ECF No. 84]** and Miami-Dade County's Response, on Behalf of Non-Party Medical Examiner Department ("Medical Examiner"), in Opposition to Motion to Compel Miami-Dade Medical Examiner's Office to Comply with a Subpoena and Incorporated Memorandum of Law **[ECF No. 87]**. A hearing on these matters was held before the undersigned on May 10, 2016, after which the Court found that the unique circumstances of this case justify production of the Medical Examiner's chart for decedent Rainey, subject to the terms of a confidentiality order. **[ECF No. 100]**. The Court

having reviewed Defendant's motion, the County's response, the proposed confidentiality order, after hearing argument by counsel, and being fully advised in the premises, hereby

ORDERS and ADJUDGES as follows:

1.  With the exception of the individuals and entities listed below, the parties shall not divulge, publish, disclose, or otherwise make available to any other person or organization, or permit any other person to divulge, publish, or disclose to any other person or organization, either directly or indirectly, the following information: The Medical Examiner's files related to Darren Rainey; DOB: 01/12/1962; Date of Death: 06/23/2012 ("Confidential Information").

2.  The parties, including their respective counsel, agree that at the conclusion of this lawsuit, if the State Attorney's Office's criminal investigation is still ongoing, they will return all documents containing any Confidential Information to the County or certify that all copies of said documents have been destroyed.

3.  Even after the conclusion of the criminal investigation, the photographs and videos contained within the Medical Examiner's files will remain confidential. The parties, including their respective counsel, agree that at the conclusion of this lawsuit, they will return all photographs and videos containing Confidential Information to the County or certify that all copies of said photographs and videos have been destroyed.

4.  Before using any document containing Confidential Information in this case, or in any appeal therefrom, including by filing or by introducing in open court, the party intending to use said document shall provide the County with an opportunity to object and/or to request that the Court provide protective measures, including, but not limited to, sealing the courtroom or redacting Confidential Information, where necessary, to ensure the preservation of Confidential Information. Without limiting the foregoing, counsel for the parties agree to confer in good faith

that if counsel anticipates that Confidential Information will be introduced or relied upon, to discuss with the County proposed procedures for maintaining Confidential Information protected, and to arrive at a joint proposed procedure to present to the Court for its approval.

5. Confidential Information covered by this Order may only be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities:

    a. Court;

    b. Legal and administrative personnel of the Court;

    c. Plaintiffs, Defendants, and their respective counsel;

    d. Court reporters before whom proceedings are conducted in this matter in connection with their work as court reporters in this case;

    e. Experts or consultants retained by the parties or counsel to assist in preparing for or conducting proceedings in this matter, with the condition that said experts and consultants are provided this Order and agree, in writing, to be bound by its terms; and

    f. Third party contractors, including their employees and agents, involved solely in one or more aspects of graphics or design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this case, including the performance of such duties in relation to a computerized litigation support system.

6. The parties shall not make any use of, or permit any other party to make any use of, the Confidential Information for purposes other than for use in this case.

7. Nothing in this Order shall apply to information that is, or becomes, a public record.

8. This Order is without prejudice to the right to apply to the Court at any time for additional protection, or to seek to amend or modify the restrictions of this Order.

9. If a party is (i) subpoenaed in another case or proceeding, (ii) served with a demand in another case or proceeding to which it is a party, or (iii) served with any other legal process by one not a party to this case, and if the subpoena, demand, or other legal process seeks any of the Confidential Information covered by this Order, the party shall give prompt notice, by hand, overnight mail or email, within (3) business days of receipt of such subpoena, demand or legal process, to counsel for the County. In addition, that party (i) shall furnish to counsel for the County a copy of said subpoena, demand or other legal process, (ii) shall object to the production of the Confidential Information by invoking this Order, and (iii) shall reasonably cooperate with respect to any procedure sought to be pursued by the County.

10. The parties shall indemnify and hold harmless the County from any and all liability, losses or damages, including attorney's fees and costs of defense, which the County may incur as a result of claims, demands, suits, causes of actions or proceedings of any kind or nature arising out of or relating to or resulting from any violation of this Order by any of the other parties.

11. The Court's contempt powers apply to the terms of this Confidentiality Order. A violation of this Order may subject the violator to contempt of court.

DONE and ORDERED in chambers in Miami, Florida this 23rd day of May, 2016.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record