UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23323-RNS
Consolidated Case No. 1:14-cv-24140-RNS

ANDRE CHAPMAN, as Personal
Representative of the ESTATE OF
DARREN RAINEY, on behalf of the
Estate, and on behalf of Darren Rainey's
Surviving Relatives, Andre Chapman,
Renee Chapman, Deborah Johnson,
Chineaqua Breelove and Harold Marr,

        Plaintiff,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida, CORIZON, L.L.C., an
out-of-state limited liability corporation
doing business and registered in Florida,
ROLAND CLARKE, CORNELIUS
THOMPSON and JERRY
CUMMINGS,

        Defendants.
_____ /

**PLAINTIFF'S REPLY TO THE LATE FILED OPPOSITION TO MOTION
TO COMPEL PRODUCTION PURSUANT TO SUBPOENA SERVED ON
MIAMI-DADE MEDICAL EXAMINER; DECLARATION OF DR.
WERNER SPITZ**

Plaintiff motion to compel was filed on June 19, 2017. Counsel for Medical Examiner Emma Lew filed an opposition on July 3, 2017—one day before the 4th of July holiday, and only 2 business days before the scheduled telephonic conference set by the Court. While acknowledging the scarcity of legal authority on the subject of the instant motion, the Medical Examiner is critical of Plaintiff for not including legal authority which she concedes does not exist. The Medical Examiner's opposition makes strained arguments that border on absurd and cites cases that are inopposite to the issue at hand. For example, the opposition attempts to analogize Plaintiff's request for re-cuts to a plaintiff who refuses to give his deposition in the district the action is pending, and to a case that holds that an independent autopsy can be governed by FRCP 35. (See, ME's Opp. at P10). Plaintiff is obviously not refusing to attend a deposition in Miami nor is he seeking an independent autopsy.

After sifting the wheat from the chaff, the Medical Examiner's opposition seems to be three-fold: (1) that Plaintiff's request is unduly burdensome; (2) that re-cuts of Decedent's tissue would have microscopic differences, and that the microscopic changes could be used by an expert in an attempt to argue a different cause of death and manner of death; (See, ME Opp. at P8); and, (3) Plaintiff's request for re-cuts to be sent to an outside expert would cause Dr. Lew to violate Florida law. Plaintiff's request for re-cuts is not unduly burdensome, nor is it

novel. In fact, providing outside experts with re-cuts is the custom and practice in anatomical and forensic pathology. (See, the Declaration of Dr. Werner Spitz). Perhaps it is the routine compliance by medical examiners throughout the country to this request that explains the scarcity of legal authority.

Dr. Werner Spitz, a pathologist with 64 years of experience in this field, confirms the custom and practice by medical examiners of releasing re-cuts to outside experts, and not requiring outside experts to view the re-cuts at the medical examiner's office. Dr. Spitz further opines that the claim by Dr. Lew that each slide taken from a block of embedded tissue can have microscopic differences and is unique is invalid because the slides are so very thin that the slices from the original cut will make no difference. (See, Spitz Decl., paragraph 7).

Plaintiff contends that at the heart of the Medical Examiner's refusal to release re-cuts of Decedent's tissue to Plaintiff's expert is an attempt to thwart an independent analysis of Decedent Rainey's tissue, and to obstruct Plaintiff's expert from giving an opinion that differs from hers. The Medical Examiner is not a party to this action and in theory is supposed to make neutral findings. However, the opposition at page 8 clearly states that Dr. Lew does not want another expert to render an opinion on cause of death and manner of death that differs from hers. Plaintiff urges the Court to not allow the Medical Examiner to use the thinly veiled

excuses, and the pretext of a Florida statue, to thwart Plaintiff's request[1] for an independent analysis of Decedent's tissue in a manner that is consistent with the custom and practice in the field of forensic pathology. (See, Spitz Decl., paragraphs 5, 6,)

## Conclusion

Plaintiff respectfully requests the Court to order the Miami-Dade Medical Examiner to release and mail the requested tissue re-cuts to Plaintiff's expert, Dr. Werner Spitz, in Michigan as set forth in his subpoena.

Respectfully submitted,

By: */s/ Vicki I. Sarmiento*
Vicki I. Sarmiento, (Admitted Pro Hac Vice)
California Bar No. 134047
**LAW OFFICES OF VICKI I. SARMIENTO**
333 N. Garfield Avenue
Alhambra, CA 91801
(626) 308-1171 (telephone)
(626) 308-1101 (facsimile)
vsarmiento@vis-law.com
*Attorneys for Plaintiffs*

      */s/ Annette Newman*
Annette Newman, Esq., Florida Bar No. 84537
**LAW OFFICE OF ANNETTE NEWMAN, LLC**
101 NE 3rd Ave., Ste. 1500
Ft. Lauderdale, FL 33301-1181
Telephone: (888) 333-5580
Email: annettenewmanesq@gmail.com
*Attorneys for Plaintiffs*

---

[1] Plaintiff's reply is limited to his own subpoena and not the subpoenas issued by other parties.

# DECLARATION OF WERNER SPITZ, M.D.

I, Dr. Werner Spitz, declare as follows:

1. I am an individual over the age of eighteen and not a party to this action. I have been retained as a forensic pathologist by the Plaintiffs in this case. I have personal knowledge of the facts contained in this declaration, and if called to testify I would and competently testify thereto.

2. I have been a forensic pathologist for the past 64 years. Attached is a true and correct copy of my Curriculum Vitae.

3. I have worked on countless criminal and civil cases where I have been asked to analyze re-cuts of tissue samples taken during an autopsy. In its simplest explanation, a re-cut involves the microscopic slicing of tissue organs preserved by the pathologist during an autopsy.

4. In the numerous criminal and civil cases that I have worked on, re-cuts have been sent to me and I have not been required to go to a Medical Examiner's office to conduct my analysis.

5. It would be unduly burdensome and inefficient to require me to conduct an analysis of re-cuts of tissue samples pertaining to Decedent Darren Rainey because my analysis does not involve a one-time view of the re-cut slides. My examination and analysis may involve multiple views over a period of time depending on issues that arise. It is my custom and practice to conduct the examination and analysis of re-cuts in my office and with the use of my own equipment. In my opinion, it is the custom and practice in forensic pathology that re-cuts be sent to outside experts without the need of an expert going to the Medical Examiner's office.

6. Based on my extensive experience as a forensic pathologist, I can attest that re-cuts are routinely performed in pathology, including anatomic and forensic pathology, and re-cuts are routinely sent to outside experts such as myself for independent analysis.

7. The claim by Dr. Emma Lew whereby each slice taken from a block of embedded tissue can have microscopic differences and is unique is invalid,

since these slides are so very thin that one or even slices down from the original cut will make no difference whatsoever.

8. My curriculum vitae which is attached indicates that I have been a forensic pathologist for 64 years, Deputy Chief Medical Examiner for the State of Maryland for many years and Chief Medical Examiner for Wayne and Macomb Counties in Michigan. I have never encountered this type of obstruction of releasing recuts slides to another pathologist by any other medical examiner office or hospital in all the years that I have been practicing.

I declare under penalty of perjury pursuant to the laws of the United States and the State of Florida that the foregoing is true and correct.

Executed this 6th day of July 2017 at the City of St. Clair Shores, State of Michigan.

_____
WERNER SPITZ, M.D., FCAP

Sworn to before me this date.

_____
Diane L. Lucke, Notary Public
State of Michigan, County of Monroe
Acting in Macomb County
My Commission Expires: October 20, 2017

# **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 6, 2017 a true and correct copy of the foregoing and all attachments has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all counsel or parties of record registered with the Court for that purpose, and via electronic mail to counsel for Miami Dade County Medical Examiner:

Lance Eric Neff (FDOC)
Senior Assistant Attorney General
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
Lance.Neff@myfloridalegal.com
*Attorneys for Defendant FDOC*

Gregg A. Toomey, Esq.
THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL 33901
Phone: (239) 337-1630
Fax: (239) 337-030
Email: GAT@thetoomeylawfirm.com
csb@thetoomeylawfirm.com
arl@thetoomeylawfirm.com
*Attorneys for Defendant Corizon, LLC*

Sheridan Weissenborn, Esq.
DUTTON LAW GROUP, PA
9700 S. Dixie Hwy., Suite 940
Miami, FL 33156
Phone: (786) 871-7971
Fax: (239) 337-030
Email:
sweissenborn@duttonlawgroup.com
nvallecillo@duttonlawgroup.com
*Attorneys for Defendant Jerry Cummings*

Lourdes Espino Wydler, Esq.
Oscar Marrero, Esq.
Alexandra C. Hayes, Esq.
MARRERO & WYDLER
Douglas Centre PH-4
2600 Douglas Rd.
Coral Gables, FL 33134
Phone: (305) 446-5528
Fax: (305) 446-0995
Email: lew@marrerolegal.com
oem@marrerolegal.com
ach@marrerolegal.com
*Attorneys for Defendants Roland Clarke and Cornelius Thompson*

Christopher A. Angell, Esq.
Assistant County Attorney
Miami-Dade County Attorney's Office
111 NW First Street, Suite 2810
Miami, FL  33128
Phone: (305) 375-1024
Fax:  (305) 375-5611
Email: angellc@miamidade.gov
Attorneys for Miami Dade County
Medical Examiner

Via Electronic Mail