UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DISABILITY RIGHTS FLORIDA, INC.,
on Behalf of its Clients and Constituents,

    Plaintiff,

vs.

Civil Action No. 14-23323-Civ-SCOLA
Consolidated Action Case No. 14-24140-Civ-SCOLA

JULIE JONES,
Secretary, Florida Department of Corrections,
in her Official Capacity;
WEXFORD HEALTH SOURCES, INC.; and
FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,

    Defendants.
_____/

**JOINT MOTION TO DISMISS AND RETAIN JURISDICTION
FOR LIMITED PURPOSE OF ATTORNEYS' FEES AND EXPENSES**

In April 2015, this Court issued an Order administratively closing this case for approximately two years to allow time for implementation of a Settlement Agreement ("Agreement") that could resolve the case. (Doc. 61). Per the Agreement and Order, the case was to be dismissed with prejudice on May 31, 2017 unless the Plaintiff filed a timely Motion to Reopen the case alleging breach of the agreement. (*Id*.). The Parties requested, and the Court granted, an extension of the administrative closure through November 30, 2017. (Doc. 191, 196).

The Parties now notify the Court that the Plaintiff will not file a Motion to Reopen the case due to breach. Additionally, the Parties request the Court dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and, in the Order of Dismissal, specifically retain jurisdiction

over the case for the limited purpose of determining reasonable attorneys' fees and expenses in the event the Parties are unable to resolve the issue through negotiation or mediation.[1]

(1)     This action for injunctive and declaratory relief was brought by Disability Rights Florida (DRF), an organization empowered and charged by Federal law to protect the rights of mentally ill individuals in Florida, including persons with mental illness confined by the State of Florida at Dade Correctional Institution (Dade CI).  (Doc. 46, ¶ 4).  DRF is the Protection and Advocacy System ("P&A") in Florida mandated under federal law to "ensure that rights of individuals with mental illness are protected."  42 U.S.C. § 10801(b)(1).

(2)      This case was originally stayed in November 2014 to allow the Parties an opportunity to settle the case.  (Doc. 27).

(3)     Through a series of mediations, the Parties reached a private Agreement intended to resolve and eventually dismiss this litigation. (Doc. 59-1).  The Agreement provided for expert assessments and recommendations for improvements of the inpatient unit, development of a plan to implement those recommendations, a period for implementation of the plan and follow-up monitoring of the implementation. (*Id.*).  The Agreement also contained time frames for carrying out the Agreement over a two-year period. (*Id.*).

(4) Additionally, the Defendants agreed to pay the Plaintiff reasonable attorneys' fees and costs after the case is dismissed with prejudice. (*Id.*).  The Parties agreed to negotiate fees and costs and if reasonable attorneys' fees and costs cannot be agreed upon within 60 days after the dismissal, the Parties will engage in mediation. (*Id.*).  If the fees and costs are not resolved through mediation within 60 days, then the Plaintiff may pursue judicial relief to resolve fees and

---

[1] This request should not affect any case management deadlines or activities in the matter of *Chapman, et al. v. Florida Dept. of Corrections, et al.*, which is currently consolidated with this case.

costs. (*Id.*). The Parties specifically agreed that the District Court may retain continuing jurisdiction after dismissal of the case for the limited purpose of determining reasonable attorneys' fees and costs if the Parties fail to reach agreement through negotiation or mediation. (*Id.*).

(5)     The Agreement was contingent on this Court entering an order administratively closing the case until May 31, 2017 to allow the parties to carry out the terms of the Agreement. (*Id.*). Absent the presence of a pending motion for material breach of the Agreement, the case was to be dismissed with prejudice at that time. (*Id.*).

(6)     The Parties filed a joint motion for administrative closure of the case to allow time for the implementation of the Agreement. (Doc. 59).

(7)     On April 15, 2015, this Court granted the motion and directed the clerk to administratively close the case. (Doc. 61). The Order states that the case will be dismissed with prejudice on May 31, 2017 unless the Plaintiff files a timely Motion to Reopen the case alleging breach of the Agreement. (*Id.*).

(8)     On May 19, 2017, the Parties jointly moved the Court for a six-month extension of the Court's jurisdiction and the administrative closure. (Doc. 191). The Court granted the Parties' request and extended the administrative closure through November 30, 2017. (Doc. 196).

(9)     The Plaintiff will not be filing a Motion to Reopen the case for breach of the Agreement.

(10)    Additionally, the Parties have started negotiations to resolve Plaintiff's attorneys' fees and expenses. The Parties are attempting to resolve the matter as quickly as possible per Section IV (13) of the Agreement. The only issue to be resolved among the Parties is the reasonable amount of the fees and expenses.

(11)    The Parties request the Court enter an order dismissing the case with prejudice but retaining jurisdiction for the limited purpose of determining reasonable attorneys' fees and expenses in the event the Parties fail to reach agreement through negotiation or mediation.  At the end of the 120-day negotiation/mediation period specified in the Agreement, the Parties will notify the Court regarding the status of the matter of attorneys' fees and expenses. If the parties require the Court to resolve the matter, Plaintiff will request permission to file a Motion for Attorneys' Fees and Expenses.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 41(a)(2) allows for voluntary dismissal of a case at a plaintiff's request by court order on terms the court considers proper. Unless the order states otherwise, a dismissal under this section is without prejudice.  In the instant case, after nearly three years of negotiations, agreement on settlement, implementation of settlement and monitoring of settlement, the Plaintiff is requesting a dismissal with prejudice under Fed. R. Civ. P. 41(a)(2). The Plaintiff will not be seeking to reopen the case for breach of the Agreement.  Per the terms of the Agreement, this allows the Court to dismiss the case with prejudice.

Additionally, the Parties jointly request that the order of dismissal with prejudice specifically retain jurisdiction for the limited purpose of determining Plaintiff's reasonable attorneys' fees and expenses in the event the Parties are unable to resolve the matter through negotiations or mediation.  When the dismissal is pursuant to Fed. R. Civ. P. 41(a)(2), which specifies that the action may be dismissed at the plaintiff's request by court order on the terms that the court considers proper, the court's "retention of jurisdiction" over the settlement contract may, in the court's discretion, be one of the terms set forth in the order.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  The Eleventh Circuit also held that a court has

jurisdiction to enforce the parties' settlement agreement following the dismissal of a case if the court issued an order retaining jurisdiction prior to the case being dismissed.  *Otegui v. City Works Constr. LLC*, 2017 WL 945638 at *2 (S.D. Fla. Jan. 17, 2017) (citing *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278-79 (11th Cir. 2012)).  In the instant case, the Parties are requesting an order of dismissal that expressly retains jurisdiction for the limited purpose of determining reasonable attorneys' fees and expenses as contemplated by the Parties' Agreement. (Doc. 59-1 at 13).

WHEREFORE, the Parties request the Court dismiss the case with prejudice and expressly retain jurisdiction after dismissal for the sole purpose of determining reasonable attorneys' fees and expenses if the Parties fail to reach agreement through negotiation or mediation.

Respectfully submitted,

/s/ Peter P. Sleasman

Counsel for Plaintiff
Peter P. Sleasman, Esq.
Fla. Bar No. 367931

Kristen Cooley Lentz, Esq.
Fla. Bar No. 649635

Disability Rights Florida
2473 Care Drive, Suite 200
Tallahassee, Florida 32308
850-488-9071 (telephone)
850-488-8640 (facsimile)
PeterS@DisabilityRightsFlorida.org
KristenL@DisabilityRightsFlorida.org

PAMELA JO BONDI
ATTORNEY GENERAL
/s/ J. Lee Marsh
JAMES LEE MARSH

        Chief Assistant Attorney General
        Florida Bar No.: 854611 / A5502261
        Office of the Attorney General
        The Capitol, Suite PL-01
        Tallahassee Florida 32399-1050
        Telephone: (850) 414-3300
        Facsimile: (850) 488-4872
        Lee.Marsh@myfloridalegal.com
        Attorney for Defendants Julie L. Jones, Secretary,
        Florida Department of Corrections and the Florida
        Department of Corrections

        <u>/s/ Devang Desai</u>
        Devang Desai, Esq.
        Florida Bar No. 664421
        Gaebe, Mullen, Antonelli & DiMatteo
        420 South Dixie Highway, 3rd Floor
        Coral Gables, FL 33146
        ddesai@gaebemullen.com
        Attorney for Defendant, Wexford

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this pleading was served upon the Defendants via CM/ECF on November 8, 2017.

        <u>/s/ Peter P. Sleasman</u>
        Attorney for Plaintiff