UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23323-RNS
Consolidated Case No. 1:14-cv-24140-RNS

ANDRE CHAPMAN, as Personal Representative of the ESTATE OF DARREN RAINEY, on behalf of the Estate, and on behalf of Darren Rainey's Surviving Relatives, Andre Chapman, Renee Chapman, Deborah Johnson, Chineaqua Breelove and Harold Marr,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS, an Agency of the State of Florida, CORIZON, L.L.C., an out-of-state limited liability corporation doing business and registered in Florida, ROLAND CLARKE, CORNELIUS THOMPSON and JERRY CUMMINGS,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE CHARGING LIEN OF LINDA COMMONS, OR ALTERNATIVELY, TO APPROVE SETTLEMENT AGREEMENT AND ADJUDICATE THE CHARGING LIEN**

Plaintiffs Andre Chapman and Renee Chapman, by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby file and serve their "Motion to Strike Charging Lien of Linda Commons, or Alternatively, to Approve the Settlement Agreement and Adjudicate the Charging Lien."

On January 10, 2018, Plaintiffs and Defendants entered into a settlement at a mediation conducted in this case. The case settled after the close of extensive fact discovery, and after expert Rule 26 reports were exchanged (expert depositions were pending), none of which Ms. Commons was a part of, involved in, or a participant.

On January 17, 2018, after the case settled, Linda Commons filed a charging lien (Docket #243). As explained below, Ms. Commons does not have written or implied consent from the Plaintiffs to fee share in this case. Moreover, she did nothing to produce or advance the settlement that was reached at mediation. In fact, Ms. Commons was not involved at all in the arduous discovery process, law and motion, expert designation, motions to compel, or any of the litigation that positioned this case for a positive settlement. Her charging lien is creating an impediment to consummation of the settlement because she has demanded to be

included as a payee on the settlement checks.[1]  Plaintiffs and Defendants wish to consummate the settlement without further delay.

Therefore, Plaintiffs request that the Court either (1) strike the charging lien; (2) adjudicate the lien; or, (3) approve the settlement and direct that the settlement check be issued to the "Law Offices of Milton C. Grimes, Trust Account".

Any claim of alleged attorney's fees owed to Ms. Commons may be the subject of a dispute with Mr. Grimes, but does not affect the Defendants or the Plaintiffs.  Mr. Grimes has requested an accounting of Ms. Commons' hours for his review and payment on a *quantum meruit* basis.  However, Ms. Commons has refused to provide an accounting and is demanding a percentage of the attorney contingency fee.  Ms. Commons has been informed that she cannot participate in the contingency fee because she does not have client consent as required by Florida State Bar Rules.  Moreover, the marginal services she provided should not attach to the settlement obtained in this case.

Counsel for Corizon has indicated that he seek leave to deposit Corizon's portion of the settlement with the Court's registry if this lien remains unresolved.  Counsel for Defendants Clarke and Thompson and counsel for Defendant Cummings have also expressed concern over the manner in which to issue the

---

[1] On November 1, 2017, Ms. Commons sent an identical letter to each defense counsel requesting that her name be included in any settlement check issued in this case.  (See, Exhibit "1" to Sarmiento Decl.)

settlement check in view of Ms. Commons' lien, and have requested Plaintiffs' counsel to seek guidance from the Court. The Settlement Release also remains pending until Defendants are provided with clear instruction on how the settlements checks are to issue.

## FACTUAL SUMMARY

Plaintiffs never retained Linda Commons as their attorney. Plaintiffs never consented, either in writing or orally, to have Ms. Commons represent them. Ms. Commons has no written or oral agreement with the Plaintiffs. (Andre Chapman Decl. ¶¶3,4; Renee Chapman Decl. ¶¶3,4).

On or about August 2016, Mr. Grimes believed that Ms. Commons might be able to assist in the litigation of this case, including but not limited to, setting and taking depositions, propounding written discovery, law and motion, legal research, and assist in some of the medical aspects of this case. In the ensuing months, Mr. Grimes became concerned over the lack of work-up on the case, and began seeking other counsel to assist him in this case. For example, Mr. Grimes asked Ms. Commons to review the Second Amended Complaint and draft a Third Amended Complaint. Ms. Commons took several months to draft a Third Amended Complaint which was deficient and substandard and thus was never filed. (Grimes Decl. ¶7) Mr. Grimes also requested that Ms. Commons set some depositions to get the discovery process going, however, Ms. Commons was unable to set one

single deposition. (Grimes Decl. ¶7)   Mr. Grimes asked that Ms. Commons draft a demand letter for the first mediation of March 2, 2017.  The letter drafted by Ms. Commons was legally and factually deficient, and was not used at the mediation.  Instead, Mr. Grimes had his law clerk assist him with drafting a mediation brief in place of the letter by Ms. Commons.   (Grimes Decl. ¶8)

Plaintiffs' one and only contact with Ms. Commons was at the first mediation held on March 2, 2017.  (Andre Chapman Decl. ¶5; Renee Chapman Decl. ¶5).  At the first mediation, the parties were nowhere near settlement.  In fact, it took nine (9) months of extensive litigation thereafter, including 26 depositions, law and motion work, extensive written discovery, and Rule 26 reports by 10 experts to position this case for settlement.  Ms. Commons was not a part of any of this arduous litigation and discovery process. (Sarmiento Decl. ¶¶7,8,9, 10; Grimes Decl. ¶13) Plaintiffs can unequivocally state that Ms. Commons did not do anything to advance the settlement reached in this case. (Andre Chapman Decl. ¶6; Renee Chapman Decl. ¶6)

The discovery process started in earnest in April 2017, by which time Ms. Commons was informed that her services were not needed.  (Grimes Decl. ¶11. and Sarmiento Decl. ¶ 5).  On or about mid or late March 2017, Mr. Grimes' office advised Ms. Commons to cease any work on this case.  (Grimes Decl. ¶11) In late March 2017 or early April 2017, Mr. Grimes specifically instructed Ms. Commons

that she was to discontinue performing any further work related to this case. (Grimes Decl. ¶11). On or about late March or early April 2017, Ms. Sarmiento informed Ms. Commons that she could not be of assistance in the litigation or discovery process because of her lack of experience in this area of law. (Sarmiento Decl. ¶5).

The first round of depositions started on April 25, 2017, through the efforts of Mr. Grimes and attorney Vicki Sarmiento. (Sarmiento Decl. ¶9) The litigation and discovery process that ensued was arduous and hard fought. The docket will reveal that all substantive law and motion and pleadings on behalf of Plaintiffs were authored by Milton C. Grimes and/or Vicki Sarmiento following the first unsuccessful mediation. The court filings were done with the assistance and coordination of local counsel Annette Newman.

The settlement was the result of extensive discovery conducted by Milton C. Grimes and Vicki I. Sarmiento. Ms. Commons did not participate in any aspect of the extensive discovery conducted in this case. There were a total of 26 depositions taken in this case. Ms. Commons did not attend any of the depositions. She was not involved in coordinating these depositions,[2] and did not assist in preparation for them. Preparation for the depositions often involved combing

---

[2] When Mr. Grimes initially believed that Ms. Commons could be of assistance he asked that she set some preliminary depositions. Ms. Commons was unable to set a single deposition in this case.

through thousands of documents, including reviewing voluminous interviews, police reports, inmate files, and emails. (Sarmiento Decl. ¶¶ 9, 10)

There was also extensive written discovery propounded by Plaintiffs' counsel Vicki I. Sarmiento. Ms. Sarmiento handled all meet and confers pertaining to discovery issues, handled all law and motion, including briefings and hearings on motions to compel the Medical Examiner to release tissue slides, drafted or participated in the drafting of the joint stipulations entered between all counsel, participated in strategy meetings with Milton C. Grimes, screened and selected experts, met with experts and designated experts. (Sarmiento Decl. ¶9) Ms. Commons was not a part of any of this extensive process. (Grimes Decl. ¶13; Sarmiento Decl. ¶¶8,10)

## **ARGUMENT**

**The Charging Lien Should Be Stricken Because There Is No Express or Implied Contract Between Ms. Commons And The Plaintiffs**

In order for a charging lien to be imposed, there must first be a contract between the attorney and the client. *Billingham v. Thiele*, 107 So.2d 238 (Fla. 2d DCA 1958), *cert. dismissed*, 109 So.2d 763 (Fla.1959). The contract may be express, *Alyea v. Hampton*, 112 Fla. 61, 150 So. 242 (1933), or implied, *Scott v. Kirtley,* 113 Fla. 637, 152 So. 721 (1933). Ms. Commons has not produced any evidence that she has either an express or implied contract with the Client Plaintiffs to substantiate her charging lien. Attached as an exhibit to her lien is a retainer

agreement signed by Client Andre Chapman verifying that Mr. Grimes is his retained counsel.  This retainer does not mention or include Ms. Commons, therefore, does not support her charging lien.  The other attachment to her lien is an email from a former associate with Mr. Grimes' office purporting to confirm an agreement between Mr. Grimes and Ms. Commons.  Putting aside the double hearsay nature of this email, this does not establish an express or implied agreement between the Client Plaintiffs and Ms. Commons.  It should be noted that Mr. Grimes is not refusing to pay Ms. Commons on a *quantum meruit* basis, however, Ms. Commons has failed to provide an accounting of her hours.  (Grimes Decl. ¶14   Exh. "1" to Grimes Decl.).

It is well established that an attorney cannot fee share in the contingency fee without written client consent.  Rule 4-1.5(f)(2) of the Rules Regulating the Florida Bar governing contingency fees states in relevant part:

> "No lawyer or firm may participate in the fee without the consent of the client in writing.  Each participating lawyer or law firm shall sign the contract with the client and shall agree to assume joint legal responsibility to the client for the performance of the services in question as if each were partners of the other lawyer or law firm involved."

Ms. Commons simply does not have written client consent to share in the contingency fee agreement.  Ms. Commons' refusal to submit an accounting of her hours and insistence on receiving a percentage of the contingency fee is improper and contrary to the Florida State Bar rules governing contingency fees. See, *The*

*Florida Bar v. Rubin*, 709 So.2d 136, 13641 (1998) (holding strict compliance with Rule 4-1.5(f)(2), Rules Regulating the Florida Bar, and similar rules requiring a client's written consent to an attorney's fee regardless of the circumstances involved).

### The Charging Lien Should Be Stricken Because The Settlement Obtained In This Case Was Not The Result Of Any Services Provided By Ms. Commons

The marginal services provided by Ms. Commons are insufficient to support the imposition of a charging lien. The only documents authored by Ms. Commons known to lead counsel are a draft Third Amended Complaint, found to be deficient and never filed, and a demand letter that was never sent to defense counsel because it was factually and legally deficient. (Grimes Decl. ¶7; Sarmiento Decl. ¶15). The Supreme Court of Florida has held, "It is not enough . . . to support the imposition of a charging lien that an attorney has provided his services; **the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.** (Emphasis added). *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So.2d 1383, 1385 (Supreme Court of Florida) (see also, *Pasin v. Kroo,* 412 So.2d 43 (3rd Dist. Ct. of Fla. 1982)). The Court's own docket establishes that Ms. Commons did not file any pleadings, motions, oppositions to motions, joint stipulations, or any substantive pleading to support her charging

lien.³  The attached declarations of the Client Plaintiffs, Milton C. Grimes, and Vicki I. Sarmiento establish that the extensive work-up of this case and the successful settlement were the "tangible fruit of **[their]** services," and not Ms. Commons'.

## CONCLUSION

Any fee dispute that may exist between Mr. Grimes and Ms. Commons should not attach to the Plaintiffs' settlement, or delay consummation of the settlement.  Defendants have expressed concern about the issuance of the settlement checks in view of the charging lien and Ms. Commons insistence on having her name on the settlement checks.  Counsel for Corizon has indicated that if this lien is not resolved he will seek leave to deposit Corizon's portion of the settlement in the Court's registry.  This would adversely affect the Plaintiffs who have waited over five (5) years for the resolution of this case.  Plaintiffs and Defendants wish to consummate the settlement reached at the mediation.  To effectuate the settlement, the parties request that the Court either strike the lien or, alternatively, adjudicate the lien.  If the Court is not inclined to strike the lien, or adjudicate the lien, then the parties ask permission to have the settlement checks made payable to the "Law Offices of Milton C. Grimes, Trust Account."  Ms.

---

³ The only documents filed by Ms. Commons was a notice of appearance on October 13, 2016 (Docket #144) and a form notice of compliance (notice of mediation) (Docket #161) filed on February 16, 2017.

Commons can litigate her alleged fee dispute with Mr. Grimes outside of this Federal case, and without delaying the settlement of Plaintiffs' case.

Respectfully submitted,

By:  */s/ Vicki I. Sarmiento*
Vicki I. Sarmiento, (Admitted Pro Hac Vice)
California Bar No. 134047
**LAW OFFICES OF VICKI I. SARMIENTO**
333 N. Garfield Avenue
Alhambra, CA 91801
(626) 308-1171 (telephone)
(626) 308-1101 (facsimile)
vsarmiento@vis-law.com
*Attorneys for Plaintiffs*


By*:  /s/ Milton C. Grimes*
Milton C. Grimes, Esq.
**LAW OFFICES OF MILTON C. GRIMES, APC**
3774 W. 54th St.
Los Angeles, CA 90043
Phone: (323) 295-3023
Email: miltgrim@aol.com
*Attorneys for Plaintiffs*


         */s/ Annette Newman*
Annette Newman, Esq., Florida Bar No. 84537
**LAW OFFICE OF ANNETTE NEWMAN, LLC**
101 NE 3rd Ave., Ste. 1500
Ft. Lauderdale, FL 33301-1181
Telephone: (888) 333-5580
Email: annettenewmanesq@gmail.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 2, 2018 a true and correct copy of the foregoing and all attachments has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all counsel or parties of record registered with the Court for that purpose

| | |
|---|---|
| Monica Stinson, Esq.<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>The Capitol, Suite PL-01<br>Tallahassee, FL 32399-1050<br>Monica.Stinson@myfloridalegal.com<br>*Attorneys for Defendant FDOC* | Gregg A. Toomey, Esq.<br>THE TOOMEY LAW FIRM LLC<br>The Old Robb & Stucky Building<br>1625 Hendry Street, Suite 203<br>Fort Myers, FL 33901<br>Phone: (239) 337-1630<br>Fax: (239) 337-030<br>Email: GAT@thetoomeylawfirm.com<br>hms@thetoomeylawfirm.com<br>arl@thetoomeylawfirm.com<br>*Attorneys for Defendant Corizon, LLC* |
| Sheridan Weissenborn, Esq.<br>DUTTON LAW GROUP, PA<br>9700 S. Dixie Hwy., Suite 940<br>Miami, FL 33156<br>Phone: (786) 871-7971<br>Fax: (239) 337-030<br>Email:<br>sweissenborn@duttonlawgroup.com<br>nvallecillo@duttonlawgroup.com<br>*Attorneys for Defendant Jerry Cummings* | Lourdes Espino Wydler, Esq.<br>Oscar Marrero, Esq.<br>Alexandra C. Hayes, Esq.<br>MARRERO & WYDLER<br>Douglas Centre PH-4<br>2600 Douglas Rd.<br>Coral Gables, FL 33134<br>Phone: (305) 446-5528<br>Fax: (305) 446-0995<br>Email: lew@marrerolegal.com<br>oem@marrerolegal.com<br>ach@marrerolegal.com<br>*Attorneys for Defendants Roland Clarke and Cornelius Thompson* |