UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23323-RNS
Consolidated Case No. 1:14-cv-24140-RNS

ANDRE   CHAPMAN,   as   Personal
Representative   of   the   ESTATE   OF
DARREN   RAINEY,   on   behalf   of   the
Estate,  and  on  behalf  of  Darren  Rainey's
Surviving   Relatives,   Andre   Chapman,
Renee   Chapman,   Deborah   Johnson
Chnieaqua Breelove and Harold Marr,

       Plaintiff,

vs.

FLORIDA   DEPARTMENT   OF
CORRECTIONS,  an  Agency  of  the  State
of Florida; CORIZON, L.L.C., an out-of-
state  limited  liability  corporation  doing
business   and   registered   in   Florida;
ROLAND   CLARKE;   CORNELIUS
THOMPSON and JERRY CUMMINGS,

       Defendants.

_____/

## ATTORNEY LINDA COMMONS' OPPOSITION RESPONSE TO PLAINTIFFS' MOTION TO STRIKE CHARGING LIEN, OR ALTERNATIVELY, TO APPROVE SETTLEMENT AGREEMENT AND ADJUDICATETHE CHARGING LIEN

Attorney  Linda  Commons,  by  and  through  her  undersigned  counsel,  in

compliance with this Court's Order dated February 5, 2018, files this Opposition

Response To Plaintiffs' Motion To Strike Charging Lien, Or Alternatively, To Approve Settlement Agreement And Adjudicate The Charging Lien.

In their motion to strike the charging lien filed by Plaintiff's current counsel, Linda Commons, Esq. (hereinafter "Commons"), the Plaintiffs and their counsel raise numerous grounds, both legal and factual, objecting to Commons' Charging Lien.

In June 2015, the Plaintiffs signed identical contracts with the Law Offices of Milton Grimes, a Professional Corporation (hereinafter "Grimes law firm"). This law firm is registered in the State of California and its principal, Milton Grimes, Esq. (hereinafter "Grimes") is a California licensed attorney. The Grimes law firm is not registered as a corporation in the State of Florida and attorney Grimes is not and has never been a Florida licensed attorney. Similarly, attorney Vicki Sarmiento, Plaintiffs' other attorney of record is not and has never been a Florida licensed attorney. At all times material hereto, attorneys Grimes and Sarmiento and their respective California law firms have been bound to comply with all aspects of Florida law, specifically as it relates to their contracts with the Plaintiffs and their ability to lawfully practice law in the State of Florida.

Attorney Grimes was granted *pro hac vice* status by this Court on June 23, 2015 [D.E. 66]. Attorney Grimes and his law firm retained Florida licensed attorney Annette Newman to perform all filings in this case. Beyond the filings,

attorney Annette Newman performed no substantive legal services nor provided any legal advice on the case. [D.E. 62] Reviewing the Plaintiffs' Motion to Strike and the Declarations filed by attorneys Grimes and Sarmiento with this Court, there is no mention whatsoever of attorney Newman as having played any substantive role in the prosecution of this case except, perhaps, the administerial function of filings with the Court.

According to the Grimes contract with its Florida clients, the contract specifically provides that the Client agreed to permit the Grimes law firm to employ attorneys to appear on Plaintiffs' behalf and undertake representation of the Plaintiffs in this matter (EXH. 1, para.1).  The Grimes law firm retained attorney Commons in accordance with this provision.

On or about August 22, 2016, Grimes solicited and retained the professional services of attorney Linda Commons as an associate legal counsel pursuant to the authority provided to the Grimes' law firm in its written contracts with the Plaintiffs. (EXH. 1). Subsequent thereto, attorney Commons provided specific contracted legal services to and on behalf of the Plaintiffs as she was directed and otherwise permitted by attorneys Grimes and Sarmiento until the date Attorney Grimes sent a termination letter attempting to discharge her on November 10, 2017. (EXH. 2).  The Court has not authorized Ms. Commons to be discharged.

As to whether attorney Commons is entitled to her ten percent (10%) contingency fee, no better proof exists than the emails between attorney Commons and the Grimes law firm confirming this written agreement. (EXH. 1). Contrary to Grimes' baseless allegation that "Ms. Commons does not have written or implied consent from the Plaintiffs to fee share in this case" (Plaintiffs' Motion, p.2), attorney Commons has a written agreement with the Plaintiffs via their authorized agent, attorney Grimes and his law firm, as evidenced by Exhibit 1.

In the alternative, even if this Court were to determine that such writings are legally insufficient to form a valid fee contract under Florida law, attorney Commons would, at the very least, be entitled to *quantum meruit* for the legal services performed by her in this case.  Even Plaintiff's counsel Grimes admits this fact.  (Plaintiff's Motion, p. 3)

Under either a contingency or *quantum meruit* basis for her claim to attorney's fees, attorney Commons is entitled as a matter of Florida law to an evidentiary hearing on the issues of entitlement as well as amount of fees and costs sought. As a matter of law, the Motion to Strike and Declarations filed by the Plaintiffs and attorneys Grimes and Sarmiento in support of the motion are legally and technically deficit and cannot be a basis for this Court to enter an order on their Motion without affording attorney Commons an evidentiary hearing.

The evidentiary hearing will permit attorney Commons to address in open court those baseless charges and accusations raised by Plaintiffs and their counsel that "she did nothing to produce or advance the settlement that was reached at mediation." (Plaintiffs' Motion, p.2). While Plaintiffs' counsel allege that "Ms. Commons was not involved at all in the arduous discovery process, law and motion, expert designation, motions to compel, or any of the litigation that positioned this case for a positive settlement", attorney Commons' case file and the witnesses she will depose prior to an evidentiary hearing will prove otherwise. Further, attorney Commons is entitled to present legal experts to testify as to both the legal services she rendered as well as the value of those services. Nonetheless, if there is any question whether attorney Commons performed legal services to advance this case toward settlement, once more the Court look no further than the emails from the Grimes' law firm thanking attorney Commons for her "hard work" on the case file. (EXH 3)

Although it is neither the design nor intent of attorney Commons to delay or deny the Plaintiffs their settlement funds, the Court should proceed with caution as attorneys Grimes and Sarmiento have raised serious legal and ethical issues concerning the legality of their contract with the Plaintiffs, and whether the legal services they rendered constituted the unauthorized practice of law thus negating their entitlement to any attorneys' fees in this case.   Based on the admissions

contained within their Motion to Strike and the various declarations filed by attorney Grimes and his California licensed associates, the Grimes contract with the Plaintiffs should be rendered *void ab initio,* as a matter of law.

## FACTUAL SUMMARY

The indebtedness owed to and claimed by Linda B. Commons, Esq. arises from legal services rendered by her to the Plaintiff, Andre Chapman, Personal Representative of the Estate of Darren, and to the brothers and sisters of Darren Rainey pursuant to Attorney-Client Agreements executed by each of them. Mr. Andre Chapman's contract is dated June 5, 2015 ("Attorney-Client Agreement"). A copy of the Agreement is attached as Exhibit 4.

Pursuant to page one, paragraph one[1], the Plaintiffs authorized their attorney and agent, attorney Milton Grimes ("attorney Grimes"), a California attorney not licensed in Florida, to hire additional attorneys to represent the clients in this case. The paragraph provides:

> **Client agrees that associate counsel may be employed** for the purposes of attaining *pro hac vice* status (i.e. an out-of-state attorney has been granted special permission to participate in a particular case in another jurisdiction where the attorney is not licensed) in the United States District Court, Southern District of Florida, Miami Division, **for Attorneys with my consent and at the discretion and expense of Attorney, Associate Attorney, at my expense and that any associate counsel so employed may be**

---

[1] The contracts are identical for each of the sisters and nephew and niece.

**designated to appear on my behalf or undertake my representation on this matter**. (Emphasis supplied)

The first contact between attorney Grimes and attorney Commons occurred on or about July 26, 2016, during a telephone conference. Attorney Commons informed attorney Grimes while her experience in civil rights was not extensive, she did have extensive experience in wrongful death, medical malpractice and negligence cases, and that she has been a registered nurse since 1979 having practiced in Intensive Care Nursing in four States including Florida.

As to the Wrongful Death issues involved in the case, with which Mr. Grimes and the clients retained Ms. Commons to assist as co-counsel, attorney Commons conducted research and assisted attorney Grimes and his associate, Mathew I. Jackson, Esq. which culminated in a proposed Third Amended Complaint which included State claims consisting of nine counts including negligence, abuse of a vulnerable adult, negligent retention, supervision and training, wrongful death, and assault and battery. As a matter of written contract, the Grimes law firm, on behalf of the Plaintiffs, specifically retained attorney Commons for "drafting motions/oppositions/pleadings and research." (Exhibit 1). The express terms of attorney Commons' retention is a far cry from the Plaintiffs' Motion to Strike in which they now claim that attorney Commons was to assist in the case "including, but not limited to setting and taking depositions, propounding written discovery, law and motion, legal research, and assist in

some medical aspects of this case." (Plaintiffs' Motion, p.4).  Nonetheless, the case file will reflect that attorney Commons did indeed go above and beyond the written terms of her retention to advance the Plaintiffs' cause of action to successful completion.

As to the complaint that attorney Commons took several months to draft a Third Amended Complaint, she denies any untimely delay and further that the pleading was either deficient or substandard causing the Plaintiffs not to file it as they now allege.  Clearly, the Plaintiffs' decision not to file their Third Amended Complaint to include State law claims and additional civil rights claim was strictly a strategic decision as nothing prevented attorneys Grimes and Sarmiento from eventually re-drafting and filing a third amended complaint. Again, as proof positive why this was never done, one need look no further than attorney Grimes' text dated February 15, 2017. (Exhibit 5). As to whether attorney Commons' efforts in drafting this pleading were insufficient, one need look no further than an email from the Grimes law firm in which attorney Iverson Jackson commended Ms. Commons for "all of her hard work" after reviewing the draft of the Third Amended Complaint. (EXH. 3)

As to the Plaintiffs' baseless accusation that Ms. Commons was "unable to set one single deposition (Grimes Decl. para.7)" the case file once more proves that this allegation, like many levied against attorney Commons, is

simply disingenuous. First, attorney Commons was never retained or asked to "set or schedule depositions." A March 15, 2017, email from attorney Grimes proves this very point in which his firm was scheduling the depositions, a task usually coordinated by office staff and not attorneys. (Exhibit 6).  If there was any delay in scheduling depositions in this case, it certainly was not the fault of attorney Commons, at least according to attorney Grimes in an email dated March 10, 2017 (Exhibit 7). In fact, what the evidence does prove is that after review of an extensive case file and the plethora of evidence, it was through Ms. Commons' hard work and effort that an initial list of depositions to be taken in the case was generated by attorney Commons back on October 26, 2016. (Exhibit 8).

By attorney Grimes' own repeated admission, he and his law firm had informally excluded attorney Commons from any further participation in the case as of April 17, 2017, at which time he claims "the discovery process started in earnest…." (Plaintiffs' Motion, p.5). This, of course, begs the question. If attorney Commons, who was the only Florida counsel of records providing legal services on the case was in fact excluded from any further participation in the case by attorneys Grimes and Sarmiento in late March or early April 2017 (Plaintiffs' Motion, pp. 5-6), what Florida attorney by way of written contract with the Plaintiffs was providing substantive legal counsel on the case? Certainly

not attorney Annette Newman, at least not according to the Grimes law firm in an email dated October 18, 2016. (Exhibit 9).  Although a Florida licensed attorney, attorney Newman practices employment law and at no time during the pendency of this action rendered legal services other than the filing of pleadings. Again, the Court need only look to the Plaintiffs' Motion to Strike and the Declarations filed, including those of attorneys Grimes and Sarmiento, to determine that attorney Newman played no active role short of the administarial function of filings with this Court.

Notwithstanding, from early April 2017, until she was discharged on November 10, 2017, attorney Commons continued participating by reviewing hundreds of emails, reviewing all discovery, and attempted to attend depositions that she recommended be taken. Attorney Commons was included as attorney of record on all service filed in the District Court and all emails from defense counsel until present. Most telling, and perhaps damming is the fact that neither attorney Grimes nor Sarmiento saw fit to advise this Court that attorney Commons was no longer of counsel nor to withdraw her name from the service list at any time.

Discovery needs to be undertaken and an evidentiary hearing conducted in order to afford attorney Commons the ability to obtain and present testimony and

evidence to this Court on the issues of entitlement and amounts sought.

**MEMORANDUM OF LAW**

### A.    ATTORNEY COMMONS HAS A VALID CHARGING LIEN

An attorney is an agent on behalf of the client and the client in this case gave attorney Grimes authority to hire associate counsel, attorney Commons. attorney Grimes authorized his associate (Mathew Jackson Esq.) to make the offer to attorney Commons and attorney Grimes was copied on the email sending the offer and receiving the acceptance to join in representing the clients and offering ten percent of the fees obtained.    *Sinclair, Louis, Siegal, Heath, Nussbaum & Zavertnik, P.A.*, 428 So.2d 1383, 1385 (Fla. 1983) citing *Alyea v. Hampton*, 112 Fla. 61, 150 So. 242 (1933), or implied, *Greenfield Villages; Scott v. Kirtley*, 113 Fla. 637, 152 So. 721 (1933).  Thereafter, Attorney Grimes accepted performance of the Contract by Attorney Commons.

Attorney Grimes was reminded about the contract several times throughout the 2017 year and never once repudiated the terms and conditions of attorney Commons' retention. (Affidavit and Exhibits of Linda B. Commons, Esq.) and exhibits above. Attorney Sarmiento knew Attorney Commons was part of the team. The clients all met Attorney Commons at the mediation.  When a claim for an attorney's charging lien is made by an appropriate motion in a proceeding which has not been closed (as is the case here), once the attorney's entitlement to the lien

11

and the amount thereof has been determined the attorney is entitled to have the lien summarily enforced by the court in that same proceeding. *Edward C. Tietig, P.A. v. Southeast Regional Construction Corp.*, 617 So.2d 761, 763 (Fla. 4th DCA 1993) citing Daniel Mones, P.A. v. Smith, 486 So.2d 559 (Fla. 1986). In reviewing Florida Law for the imposition of an attorney's charging lien, the Eleventh Circuit in *Weed v. Washington*, 242 F.3d 1320 (11th Cir. 2001) discussed the imposition of a charging lien. In order for an attorney's charging lien to be imposed, Florida law requires: (1) a contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien. *Id.* at 1385. There are no requirements under Florida law for perfecting a charging lien beyond timely notice. *Id.*

In *Sinclair*, the Florida Supreme Court found that the filing of a motion to enforce such a lien provides the notice necessary to perfect it. *Id*. Although an attorney's charging lien attaches to a judgment for the client, this equitable lien relates back to the commencement of the services rendered by the attorney on behalf of the client and takes effect from that time. *Miles v. Katz*, 405 So. 2d 750, 752 (Fla. 4th DCA1981).

Attorney Grimes would not have reassured Attorney Commons that his contract covered her contingent fee services for the Client, unless he believed his authorization to hire counsel to serve the Client was valid.  And he would not have insisted on having his contract if that were not true. This was an express contract that authorized the hiring of other counsel for the benefit of the client.

## B. ATTORNEY GRIMES' CONTRACT WITH CLIENTS IS INVALID UNDER FLORIDA LAW BECAUSE HE IS NOT A FLORIDA LICENSED ATTORNEY

While attorney Grimes and his law firm challenge attorney Commons' lien with the Florida Bar Rules, ironically it is attorney Grimes' contract with the Plaintiffs that is invalid under Florida law. Because he is not a Florida licensed attorney, a non-Florida attorney can only join with a Florida attorney in a joint representation of a client in Florida on the basis of a contingent fee agreement that complies with the rules regulating the Florida Bar. Chandris, S.A. v. Yanakakis, 668 So.2d 180 (Fla. 1995). Attorney Grimes and Sarmiento have no such contract, at least without recognizing attorney Commons' written contract, which they now challenge. Finding that attorney Commons had a written contract would ratify Grimes' contracts with the Plaintiffs. Weed vs. Washington   A review of the Plaintiffs' contracts with the Grimes law firm, Exh. 4, also evidences the fact that the contract was not signed by attorney Newman. Such a Florida contingent fee agreement for joint legal services in personal injury or tort cases has to be in

writing, must be executed by the client(s), a Florida attorney, and the non-Florida attorney, and must state the division of fees to be applied. R. Regulating Fla. Bar 4–1.5(f)(2). Id.

In Chandris, the Florida Supreme Court held that entering into a contingent fee contract to provide legal services in Florida by an attorney not authorized to practice in this State was *void ab initio* unless the services provided fit into one of the exceptions permitted in Florida Bar v. Savitt, 363 So.2d 559 (Fla.1978). Those exceptions in Savitt generally require association with a Florida attorney, or involve the communication of advice related to the application of federal law to a transaction or representation in federal administrative proceedings. Morrison v. West, 30 So.3d 561 (Fla. 4th DCA 2010). None of the exceptions permit an attorney not authorized to practice law in Florida to dispense advice to, or provide representation of, Florida clients with respect to Florida law and proceedings in Florida. *Id.*

Attorney Grimes entered into a contingency fee contract with the Plaintiffs but it was only signed by Attorney Grimes and the personal representative of the plaintiff's estate. Attorney Grimes and Sarmiento argue that the contract is not signed by a Florida lawyer thereby rendering it void and unenforceable as a matter of law. They further argue that the contract does not state the division of fees to be applied between attorneys (attorney Commons was supposed to collect 10% of the

attorneys' fee award as agreed by email.), an additional reason for rendering the contract *void ab initio* and unenforceable.

Interestingly, in his submission to this Court, attorney Grimes does his best to minimize, belittle and dismiss attorney Commons' involvement in this case while also attacking her skill and professionalism. He cites these as reasons for her termination from participating in the case. However, in doing so, California attorney Grimes repeatedly admits that he went forward with the vast majority of this case without the assistance and association of a Florida licensed attorney (i.e. attorney Commons). Attorney Grimes mentions only the assistance of attorney Sarmiento but she too, like Grimes, is only licensed in California. While Attorney Commons disputes the accusation that she did not actively participate in assisting the prosecution of this case (quite the opposite as noted in her recitation of facts, above), Grimes admissions, if taken as true, would render his contract with the Plaintiffs *void ab initio* and prohibit his collection of attorney's fees in this matter as well as any claim by any California lawyer, including, but not limited to, attorney Vicki Sarmiento.

## C. ATTORNEY COMMONS IS ENTITLED TO AN EVIDENTIARY HEARING ON ATTORNEYS' FEES UNDER FLORIDA LAW

Attorney Commons is entitled to an evidentiary hearing on her charging lien for attorney's fees in this matter. Florida courts must afford an evidentiary hearing

to properly determine attorneys' fees. *Bateman v. Service Inc. Co,* 836 So.2d 1109 (Fla. 3d DCA 2003). Prior to awarding attorney's fees for services already rendered and for costs already incurred, a trial court must hold an evidentiary hearing to determine the reasonableness and necessity of the fees and costs awarded. *Id.*, *See also Martin v. Martin,* 561 So.2d 1266 (Fla. 3d DCA 1990). Moreover, when the record contains some competent substantial evidence supporting the fee order, but fails to include evidentiary support such as testimony from the attorney performing the services, the appellate court will reverse and remand for additional findings or an additional hearing.

Attorney Grimes Motion to Strike Attorney Commons' attorney's fee award entitles attorney Commons to a full evidentiary hearing on the matter.  An attorney, even a fired one, is entitled to evidentiary hearing on disputed material facts relevant to his entitlement to attorney's fees and costs and expenses incurred or advanced. *Brown v. Vermont Mutual Ins. Co*. 614 So.2d 574 Fla. (1st DCA 1993). This Court cannot rule on a fee determination without providing Linda Commons the benefit of an evidentiary hearing.

### D.   IN THE ALTERNATIVE, ATTORNEY COMMONS IS ENTITLED TO A *QUANTUM MERUIT* DETERMINATION OF ATTORNEY'S FEES AT THE EVIDENTIARY HEARING

Even if the Court does not find a valid and enforceable contract, attorney Commons at the very least is entitled to a *quantum meruit* determination of her

attorney's fees while attorneys Grimes and Sarmiento are not entitled to any fees at all. In a footnote in <u>Chandris</u>, the Florida Supreme Court conceded that while *a* member of The Florida Bar may not claim attorney's fees under a void contingent fee agreement, a Florida Bar member may still be entitled to the reasonable value of his or her services in *quantum meruit*. *Chandris,* 668 So.2d at 186 n. 4. Commons provided good and professional legal services to the clients and should receive recompense. In awarding *quantum meruit* award the court must consider all relevant factors surrounding the professional relationship to ensure that the award is fair to both the attorney and client.  <u>Morgan & Morgan, P.A. v. Guardianship of McKean</u>, 60 So.3d 575 (Fla. 2d DCA 2011) .  The basis for a *quantum meruit* award is essentially an equitable one. One person should not benefit from the work efforts of another under circumstances where the person doing the work has the reasonable expectation of being paid by the person benefitted, and the person benefitted has a reasonable expectation of paying for the work." <u>Id</u>.; <u>Hallowes v. Bedard</u>, 877 So.2d 953, 957 (Fla. 5th DCA 2004). The elements of *quantum meruit* are: (1.) The requested performance of legal services; (2.) the reasonable value thereof—and (3.) nonpayment of the reasonable value. <u>Dean v. Blank</u>, 267 So. 2d 670 (Fla. 4th DCA 1972); <u>Interior Design Concepts, Inc. v. Curtin</u>, 473 So. 2d 1374 (Fla. 1st DCA 1985). <u>Robinson v. Albanese</u>, 636 So. 2d 831 (Fla. 5th DCA 1994). As stated above in the recitation of the facts, Attorney Commons provided

legal services at the request of the clients and she has not been paid for her services.

Attorney Grimes, on the other hand, is not entitled to any fees whatsoever. Allowing an attorney to recover fees for the unauthorized practice of law is a violation of *public policy,* irrespective of the private interests and understandings of the parties. Morrison v. West, 30 So.3d 561 (Fla. 4th DCA 2010).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 12TH day of February, 2018, a true and correct copy of the foregoing and all attachments have been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all counsel or parties of record registered with the Court for that purpose.

LAW OFFICES OF MAX R. PRICE, P.A.
6701 Sunset Drive, Suite 104
Miami, Florida 33143
Tel: 305-662-2272
Fax: 305-667-3975
Primary Email: mprice@pricelegal.com
Secondary Email: elena@pricelegal.com

By: *Max R. Price*
    MAX R. PRICE, ESQ.
    FBN: 651494