United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Andre Chapman, representative of Estate of Darren Rainey, Plaintiff,<br><br>v.<br><br>Florida Department of Corrections, and others, Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Consolidated Action Case No. 14-23323-Civ-Scola (Orig. Case No. 14-24140-Civ-Scola) |

### Order Regarding Settlement Distribution

This cause was heard on February 15, 2018, upon the Plaintiff's motion to strike Linda Commons's charging lien or, in the alternative, to approve the parties' settlement agreement and adjudicate the charging lien. The court having considered the motion and the response thereto, argument of counsel, and being otherwise advised in the premises, it is hereby

**Ordered and adjudged**

1. In order to facilitate the settlement in this case the Court orders Defendants Jerry Cummings, Cornelius Thompson, Roland Clarke and Corizon LLC, upon receipt of a fully executed release, to cause their respective portions of the settlement proceeds to be paid to the Sutton Law Group Trust Account and they will be released from any liability with regard to the issue of the charging lien. Once the funds deposited in Mr. Sutton's trust fund have cleared, the Plaintiff may recover his share of the proceeds and cause it to be deposited into the designated estate depository.

2. The remaining funds representing the case costs incurred and the attorneys' fees incurred will remain in Mr. Sutton's trust account until further order of Court. However, the Court will consider and allow cost payments to be made either upon agreement of counsel as to the amounts or by further court order upon motion for the payment of the same with the necessary back up documentation establishing the incurring thereof.

3. The Court reserves jurisdiction to adjudicate the lien issues and to finalize the distribution of settlement funds in this cause. The Court reserves jurisdiction to: (1) adjudicate Commons's lien; (2) determine Grimes, Sarmiento, and/or Commons's entitlement, if any, to attorneys' fees; and (3) finalize the distribution of settlement funds in this cause. This order is intended to allow

the Plaintiff to recover settlement funds due to him and to allow the Defendants to pay the settlement amounts and have no further involvement or liabilities in this case. This Order is not intended to replace or divest the Probate Court of its function with respect to oversight of any estate funds. The parties agree to inform the Court of any overlap between orders by the Probate Court and this Court, and seek clarification accordingly.

**Done and ordered** at Miami, Florida, on February 26, 2018.

_____
Robert N. Scola, Jr.
United States District Judge