**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:14-cv-23323-RNS**
**Consolidated Case No. 1:14-cv-24140-RNS**

ANDRE CHAPMAN, as Personal Representative of the
ESTATE OF DARREN RAINEY, on behalf of the
Estate, and on behalf of Darren Rainey's Surviving Relatives,
Andre Chapman, Renee Chapman, Deborah Johnson,
Chnieaqua Breelove and Harold Marr,

       Plaintiffs,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS, an Agency
of the State of Florida, CORIZON, L.L.C., an out-of-state
limited liability corporation  doing business and registered
in Florida, ROLAND CLARKE, CORNELIUS THOMPSON
and JERRY CUMMINGS,

       Defendants.

_____/

**PERSONAL REPRESENTATIVE'S MOTION TO**
**INTERVENE REGARDING DETERMINATION AND**
**ALLOCATION OF WRONGFUL DEATH DAMAGES**

       Joyce Anderson, as Personal Representative of the Estate of Daralyn Joyce Anderson

("Personal Representative") and pursuant to Rule 24(a)(2) of the Federal Rules of Civil

Procedure, hereby moves for the entry of an Order permitting her to intervene in this case

regarding any matter related to the determination and allocation of the proceeds of this lawsuit.

As grounds, Daralyn Anderson's estate states as follows:

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

## Background

1.      The decedent Darren Lee Rainey a/k/a Darrell Chapman died intestate on June 23, 2012 while he was an inmate at Dade Correctional Institute (DCI) under horrific circumstances. At the time of his death, Darrell Chapman had one child: a daughter named Daralyn Joyce Anderson. Although Daralyn Joyce Anderson was born out of wedlock, it was judicially determined on September 18, 1984 that Darrell Chapman is the Father of Daralyn Joyce Anderson. The Final Judgment of Paternity is attached hereto as Exhibit "A". Further, Mr. Chapman also acknowledged his paternity is writing. Exhibit "B".

2.      Daralyn Joyce Anderson subsequently died on March 16, 2013. However, no estate was opened for Daralyn Anderson until recently as she had no assets subject to probate until 2018.

3.      Plaintiff Andre Chapman is Darren L. Rainey's brother and is the Personal Representative of his estate. In 2014, Mr. Chapman, as Personal Representative of Darren Rainey's estate, brought a federal lawsuit against the defendants alleging that the decedent's death was caused by their wrongful conduct.

4.      Plaintiff Chapman, as personal representative of the Rainey's estate, purportedly settled the case for the gross amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00). However, the Personal Representative of the Estate of Daralyn Joyce Anderson is unaware of the exact terms of the settlement and has not been provided with the settlement documents.

5.      Plaintiff Andre Chapman was aware that the decedent had a daughter who survived him at the time of his death, knew or should have known that she was the decedent's

*Trust and Estates Attorneys*

sole survivor under the Florida Wrongful Death Act, and knew or should have know that she was his only intestate heir.  However, Plaintiff intentionally made no effort to open her estate or to seek to recover on her estate's behalf in a scheme to obtain the proceeds of the lawsuit for himself and Renee Chapman.  Plaintiff is now improperly asking this Court to adjudicate that Andre and Renee Chapman are the sole persons entitled to the proceeds generated by the lawsuit.  However, neither Andre Chapman nor Renee Chapman are survivors under the wrongful death statute nor are they the heirs of Darren Lee Rainey.  Further, Plaintiff has attempted to obtain an adjudication without giving Daralyn's estate notice or an opportunity to be heard.

6.      Plaintiff Chapman filed his Petition to Approve Wrongful Death Settlement and Deposit Funds Into Restricted Depository in the probate proceeding, In Re Estate of Darren Lee Rainey, 11th Judicial Circuit Court Probate Case No. 2014-001535-CP-02.  The Petition requested that the settlement amount of $4,500,000.00 be approved and that the settlement funds be deposited into the Rainey estate's restricted depository.  The Petition also falsely asserted that Andre Chapman and Renee Chapman are the persons entitled to proceeds of the lawsuit pursuant to Florida's intestacy laws.

7.      When Darren Lee Rainey died, all rights to his intestate property vested in his only child, Daralyn Joyce Anderson.  Fla. Stat. § 732.101(2);  Fla. Stat. §732.103(1).  However, Daralyn Joyce Anderson is not mentioned even once in the Petition for Approval filed in the Probate Court, no personal representative of Daralyn Joyce Anderson's estate had been appointed when the Petition was filed, notice of the Petition was not served on the Personal Representative of Daralyn Joyce Anderson's estate, and notice of the Petition was not served on Daralyn Joyce Anderson's heirs at law.

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
Trust and Estate Attorneys

8.     In addition to being the only heir of Mr. Rainey, Daralyn Joyce Anderson was the only survivor of Darren Lee Rainey as his sole surviving child at the time of his death.  Pursuant to Section 768.18 (1), siblings of the decedent can only be "survivors" if they were partly or wholly dependent on the decedent for support or services.  Fla. Stat. §768.18(1) .  Mr. Rainey was mentally ill, incarcerated and was not supporting his siblings in any manner at the time of his death.

9.     Despite their knowledge of the fact that Darren Lee Rainey's sole survivor was Daralyn Anderson, that her estate was entitled to all of Darren Rainey's estate, that the only person entitled to the proceeds of the lawsuit was not before the Probate Court, and that no personal representative had been appointed for Daralyn Joyce Anderson's estate, Plaintiff Chapman and his attorneys set the Petition for Approval of Settlement for hearing on July 19th without first serving Mr. Rainey's sole beneficiary with the Petition.

10.     On July 24, 2018, the Probate Court Judge, Honorable Maria Korvick, entered her Order approving the settlement agreement "contingent upon the Honorable Robert Scola's approval of this settlement" and further held that allocation of the proceeds under the Wrongful Death Act would likely be determined by this Court and that she would only determine that issue if this Court refused to or was unable to do so.  See Exhibit "C".

11.     On August 2, 2018, Plaintiff Chapman filed his Petition for Determination and Allocation of Wrongful Death Damages with this Court.  The Motion was filed prior to any conference being held with all parties and non-parties interested in the matter and so was denied without prejudice by the Court on August 7, 2018.  A conference was then held among the interested parties' attorneys on August 9, 2018 and within hours of the

Page -4-

conference Plaintiff Chapman filed another Petition for Determination and Allocation of Wrongful Death Damages. This Petition by Mr. Chapman was filed in breach of his fiduciary duty to Daralyn Anderson's estate.

12. On August 8, 2018, the Hillsborough County Probate Court appointed Joyce Anderson as personal representative of Daralyn Anderson's estate. A copy of the Order appointing Personal Representative and a certified copy of the Letters of Administration are attached hereto as Exhibit "D" and "E", respectively. The Personal Representative of Daralyn's estate thereafter hired the undersigned counsel to represent Daralyn's interests in the estate of her Father and in this proceeding.

13. In light of the above, the Personal Representative of the Estate of Daralyn Joyce Anderson must be permitted to intervene in this matter to assert Daralyn's rights to the proceeds of the lawsuit as those rights will be severely prejudiced in the absence of the Court permitting intervention.

## Memorandum of Law

### The Personal Representative of the Estate of Daralyn Joyce Anderson is Entitled to Intervene As a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right under certain circumstances. Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right under Rule 24(a)(2) a party must establish: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

Thornburgh, 865 F.2d 1197, 1213 (11th Cir.1989)); Fed. R. Civ. P. 24(a)(2).  The Personal

Representative of Daralyn Anderson's estate meets all of these requirements.

I.      **The Estate of Daralyn Joyce Anderson Has a Right To The Proceeds of the Lawsuit; Its Rights Will Be Impeded Unless Allowed to Intervene; and Its Interest Is Not Adequately Represented by the Existing Parties to the Suit**

Daralyn Joyce Anderson's estate has a right to the proceeds generated by the lawsuit

because 1) Daralyn was Darren Lee Rainey's sole "survivor" under Florida's Wrongful Death

Act; 2) Daralyn was Darren Lee Rainey's sole intestate heir under the Florida Probate Code; and

3) Daralyn's right to Darren Rainey's intestate property vested on the date of Rainey's death.

Further, Daralyn's estate rights to the proceeds of the lawsuit will clearly be impeded if her

Personal Representative is not permitted to intervene as the parties to the case are seeking to pay

the proceeds of the lawsuit to Andre and Renee Chapman, persons who are not entitled in any

way to the settlement proceeds.   Further, Daralyn's rights are not adequately represented by any

of the parties to the lawsuit and certainly not by Andre Chapman who is actively breaching his

fiduciary duty and attempting to divert the proceeds of the lawsuit to persons not entitled to them.

A.      **Florida Law Governs Entitlement To The Proceeds of the Lawsuit**

Plaintiff Chapman brought suit against the Defendants pursuant to 42 U.S.C. § 1983.  No

language in 42 U.S.C. § 1983 provides for the survival of a civil rights action in favor of another

upon the death of the injured party.  Because the statute is silent or "deficient" in this respect, 42

U.S.C. § 1988(a) requires application of state survivorship law, provided it is not inconsistent

with the laws of the United States.  Estate of Gilliam ex rel. Waldroup v. City of Prattville, 639

F.3d 1041, 1043 (11th Cir. 2011).

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014

*Trust and Estate Attorneys*

Plaintiff Chapman cites a single case, <u>Heath v. City of Hialeah</u>, 560 F.Supp. 840 (S.D. Fla. 1983) for Plaintiff's proposition that Florida's Wrongful Death Act must be ignored in favor of federal common law as to the allocation of the proceeds of a wrongful death settlement. Plaintiff's reliance on <u>Heath</u> is misplaced.   The <u>Heath</u> case only dealt with the narrow question as to whether Florida's exclusion of non-economic damages for personal injury claims surviving the death of the injured person violated the purposes of § 1983 when there were no "survivors" as defined under the Florida Wrongful Death Act. The <u>Heath</u> decision did not state that the Florida Wrongful Death Act, in its entirety, was contrary to the purposes of federal law and it did not provide that the section of Florida's Wrongful Death Act which governs and defines survivorship, Section 768.18, is unconstitutional or contrary to federal law.

Further, the <u>Heath</u> decision has no application here as there is no bar to recovery to Darren Lee Rainey's survivors or her estate due to any provision of the Florida Wrongful Death Act.  The case has been settled and the only issue left to be determined is who is entitled to the settlement proceeds, an issue which is adequately covered by Florida law.  In fact, <u>Heath</u> does not help Plaintiff's position because the case provides that the decedent's estate is entitled to damages due to pain and suffering, damages which are excluded by Florida state law in the context of wrongful death.  However, if such damages are recoverable, they would only inure to the benefit of Darren Lee Rainey's estate.  As will be more fully explained below, the sole beneficiary of Darren Lee Rainey's estate is his daughter, Daralyn Joyce Anderson, not Andre or Renee Chapman.

In any event, long-standing precedent in this Circuit has used state law as the federal rule pursuant to § 1988 where a constitutional deprivation caused personal injury resulting in death.

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

Sharbaugh v. Beaudry, 267 F. Supp. 3d 1326, 1333 (N.D. Fla. 2017) (citing Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961)).  As there is no question that § 1983 is "deficient", Section § 1988 directs that this gap be filled by Florida law.  Id. at 1334.  The Florida laws which govern here are Florida's Wrongful Death Act and Florida's Probate Code.  The only persons entitled to the proceeds of this lawsuit under either of these statutory schemes is Daralyn Joyce Anderson.

**B.**     **The Estate of Daralyn Joyce Anderson is Entitled to the Proceeds Of The Lawsuit Under Florida's Wrongful Death Act**

Section 768.20 of Florida's Wrongful Death Act provides that an action for wrongful death shall be brought by the decedent's personal representative "for the benefit of the decedent's survivors and estate. . ".  Fla. Stat. § 768.20.  Section 768.18(1) in turn defines the term "survivor" as the:

> decedent's spouse, children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the child born out of wedlock of a mother, but not the child born out of wedlock of the father unless the father has recognized a responsibility for the child's support.

Fla. Stat. § 768.18(1) (emphasis added).

Daralyn Joyce Anderson was the sole "survivor" under the Wrongful Death Act because she is the decedent's daughter.[1]  Plaintiff Chapman argues in his Petition for Determination and Allocation of Wrongful Death Damages that Daralyn Joyce Anderson cannot be a "survivor" under the Wrongful Death Act because she is time-barred by Florida's statute of limitations to

---

[1]The definition of "survivors" contained in section 768.18(1) of the Wrongful Death Act includes adult children.  Brunson v. McKay, 905 So.2d 1058, 1061-1062 (Fla. 2d DCA 2005); Fla. Stat. § 768.18(1).  The Act was amended in 1990 to include adult children for causes of action accruing on and after October 1, 1990. Id., citing Ch. 90-14, 1, 3, Laws of Fla.

seek a paternity determination pursuant to Section 95.11(3)(b) of the Florida Statutes. Plaintiff Chapman argues that Daralyn Joyce Anderson's time-limit to establish paternity expired on June 3, 2005.

However, Plaintiff's argument is wholly without merit as there has already been a judicial determination, in 1984, that Darren Lee Rainey a/k/a Darrell Chapman is the father of Daralyn Joyce Anderson and is responsible for the payment of child support.[2] See Exhibit "A". Further, Mr. Rainey acknowledged his paternity in writing in 1984. Exhibit "B".

Plaintiff Chapman also argues that determining that Daralyn Joyce Anderson was Mr. Rainey's "survivor" under the Wrongful Death Act and is entitled to the settlement proceeds would somehow be contrary to federal law or principles, but he cites to no law supporting this argument. He argues, indignantly, that Joyce Anderson, the mother of Darren Lee Rainey's child, is somehow unworthy of entitlement to the settlement proceeds. The Personal Representative of Daralyn Anderson's estate agrees that Joyce Anderson is not a "survivor" of Mr. Rainey and has no independent right to the proceeds of his lawsuit. Instead, the Personal Representative asserts that Daralyn's estate is entitled to the proceeds of the lawsuit under both Florida and Federal law as she was Mr. Rainey's sole survivor and sole intestate heir.

The Court should note that Andre and Renee Chapman are not Darren Lee Rainey's survivors pursuant to the Wrongful Death Act because they were not dependent in any way on the decedent, an inmate at the Florida Department of Corrections, for support or services. Fla. Stat. § 768.18(1). Plaintiff Chapman knows this and instead seeks a determination that he and

---

[2]The Court should note that the wrongful death statute does not require a legal determination of paternity. Daniels v. Greenfield, 15 So.3d 908, 912 (Fla. 4th DCA 2009). It merely requires recognition by the biological father of a responsibility of support. Id.

Page -9-

Renee Chapman are entitled to the settlement proceeds as "heirs" of Darren Lee Rainey's intestate probate estate. Plaintiff Chapman's arguments as to entitlement pursuant to the Florida Probate Code are unavailing. Daralyn Joyce Anderson is the sole heir and survivor of Darren Lee Rainey and the proceeds of the lawsuit must be paid to her estate.

### C.   Daralyn Joyce Anderson's Estate is Entitled to the Proceeds of the Lawsuit As The Sole Beneficiary of Darren Lee Rainey's Intestate Estate

Section 732.103 of the Florida Probate Code provides that the intestate estate not passing to the surviving spouse descends to the descendants of the decedent. Fla. Stat. § 732.103(1). Only if there are no descendants at the time of decedent's death does the estate pass to the decedent's parents. Fla. Stat. § 732.103(2). Finally, if there is no descendant and no parents at the time of death, the estate will pass to the decedent's brothers and sisters. Fla. Stat. § 732.103(3).

However, Darren Lee Rainey had a descendant at the time of his death, Daralyn Joyce Anderson. Although she was born out of wedlock, Darren Lee Rainey's paternity of Daralyn was established in 1984 by an adjudication of Paternity thereby satisfying the requirements of Section 732.108 of the Florida Probate Code.[3] Further, Mr. Rainey acknowledged his paternity of Daralyn in writing and his obligation to support the child. Therefore, Daralyn Joyce Anderson is the sole beneficiary of Mr. Rainey's estate and is entitled to the proceeds of the wrongful death lawsuit pursuant to Section 732.103(1) of the Florida Statutes.[4] Fla. Stat. § 732.103(1).

---

[3]Section 732.108 provides that a person born out of wedlock is the descendant of the father for intestate purposes if the paternity of the father is established by an adjudication before or after the death of the father. Fla. Stat. § 732.108.

[4]Section 732.101(2) of the Florida Statutes provides the decedent's death is the date that vests the heirs' right to the decedent's intestate property. Therefore, Daralyn's subsequent death gives Andre and Renee Chapman no rights to Rainey's estate.

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

## II.   The Personal Representative's Motion to Intervene Is Not Untimely

There is a four-factor test to assess the timeliness of a motion for leave to intervene: (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.  Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel, 861 F.3d 1278 (11th Cir. 2017) (reversing a denial of a motion to intervene for being untimely).

In Salvors, the appellate court reversed an order denying a motion to intervene for being untimely, reasoning that the movant had no prior knowledge of the nature of their interest and that the event which triggered their necessity to file the motion to intervene occurred a short time prior to the motion even though the lawsuit had been pending for years:

> The length of time during which Gold Hound knew of its interest in the case before moving to intervene was short. Although the motion was filed thirty-three years after the district court's 1982 order, Gold Hound itself did not come into existence until approximately 2008. And while the passage of seven years before a motion to intervene might be untimely, Gold Hound had no reason to intervene in the action while it was amicably performing salvage services as a subcontractor for Fleet-Queens. Even after the contract was terminated, Gold Hound had no knowledge of its need to intervene until it learned of the 2015 discoveries—which it alleges were made due to its misappropriated intellectual property. The reason for Gold Hound's intervention—the September 15, 2015, order setting the date of the 2014 distribution hearing—arose only two weeks before it sought to intervene.

Id. at 1294.  Similarly here, and as more fully explained below, the Personal Representative of Daralyn's estate was only appointed on August 8, 2018 and only recently learned of the Estate of

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
Trust and Estates Attorneys

Daralyn Joyce Anderson's interest in these proceedings due to the deliberate breach of fiduciary duty on the part of Plaintiff Chapman and his attorneys to exclude Daralyn Joyce Anderson's estate from these proceedings and from participating in the probate proceedings relating to Mr. Rainey. In fact, Section 768.20 places on the Plaintiff Chapman an affirmative duty to recover for the benefit of Daralyn and Rainey's estate under which she is the sole beneficiary. The event which triggered the necessity to intervene in these proceedings, the improper request by Plaintiff Chapman for a determination that Andre and Renee Chapman are the lawful recipients of the proceeds of the lawsuit, only arose very recently. Therefore, the Personal Representative's Motion is not untimely pursuant to the factors set forth above.

A.     **The Estate of Daralyn Joyce Anderson Was Not Given the Opportunity to Participate in the Lawsuit and Unusual Circumstances Militate In Favor of a Determination that the Estate's Application is Timely**

The only person who could intervene to vindicate the rights of Daralyn Joyce Anderson after her death is the personal representative of her estate. Plaintiff Andre Chapman, the personal representative for Darren Lee Rainey's estate, and his attorneys, willfully and purposefully did not take any steps to open an estate of behalf of Daralyn Anderson, did not notify Joyce Anderson about the existence of the wrongful death lawsuit and Daralyn's right to recover, and did not take any steps to insure that Daralyn Joyce Anderson's estate, the intestate beneficiary of Darren Lee Rainey and his sole survivor, would have the opportunity to participate in the lawsuit or even be notified of it. Plaintiff Chapman had an affirmative duty to recover on behalf of both Daralyn and Mr Rainey's estate. Fla. Stat. §768.20. Instead, Plaintiff breached his fiduciary duty and is attempting to wrongfully take the proceeds of the lawsuit for himself.

A personal representative is a fiduciary who is required to use the authority conferred upon him for the best interests of the interested persons. Guadalupe v. Peterson, 779 So.2d 494,

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

497 (Fla. 2d DCA 2000); Fla. Stat. § 733.602.  Where the personal representative receives a

nonspecific settlement offer in a wrongful death action, he is obligated to apportion the proceeds

between the estate and the survivors in a reasonable and equitable manner.  Id.  If the exercise of

power concerning the estate is improper or in bad faith, the personal representative is liable to

interested persons for damage or loss resulting from a breach of fiduciary duty to the same extent

as a trustee of an express trust.  Id. (citing Pearson v. DeLamerens, 656 So.2d 217 (Fla. 3d DCA

1995).

Plaintiff Chapman and his attorneys violated their fiduciary duty to the decedent's estate

and Rainey's survivors by not taking steps to have Daralyn Joyce Anderson's estate opened and a

personal representative appointed; by not seeking damages on behalf of Daralyn; by failing to

notice Daralyn's heirs of her interest in the lawsuit; by their failure to give Daralyn's estate an

opportunity to participate; and by actively attempting to conceal and prevent the distribution of

the proceeds of the lawsuit to the estate's only intestate beneficiary and Rainey's only survivor:

Daralyn Joyce Anderson.

There is no question that Plaintiff Chapman and his attorneys were aware that Daralyn

Joyce Anderson was Darren Lee Rainey's daughter.  During the pendency of the wrongful death

suit, a third amended complaint was drafted which identified Daralyn Joyce Anderson's estate as

being entitled to damages but Andre Chapman's attorney, Milton Grimes, decided not to file it.

A copy of the draft complaint circulated to all Plaintiffs and all defendants counsel is attached

hereto as Composite Exhibit "F".  Further, Andre Chapman testified himself in a deposition

taken in the federal wrongful death suit that Daralyn Joyce Anderson is Darren Lee Rainey's

daughter and his only child.  See Exhibit "G".  Yet despite this knowledge, Plaintiff Chapman

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

and his attorneys excluded Daralyn Joyce Anderson's estate from participating in the lawsuit and

decided not to file an amended pleading which would have included her estate as a party and

sought to recover damages on her behalf as a "survivor".

Even when petitioning the probate court to approve the settlement, Andre Chapman and

his attorneys continued in their gamesmanship and attempted to circumvent Daralyn Joyce

Anderson's estate's rights to the proceeds.  They did not seek the appointment of a Personal

Representative for Daralyn Joyce Anderson, they did not serve their Petition for Approval on

Daralyn's heirs or alert them in any way that Daralyn Anderson's estate was entitled to recover

damages or that she was entitled to Rainey's recovery as his heir.  Instead, the undersigned, while

representing a separate party, conducted an heir search for Daralyn Anderson and learned that

Andre Chapman and Renee Chapman were not the intestate heirs of Daralyn Anderson and,

therefore, they had no right to recover.

Only after Linda Commons' attorney notified Attorney Sutton that Andre Chapman and

Renee Chapman had no right to recover did Andre Chapman's attorney, Vernita Williams, drive

to Tampa to visit Joyce Anderson and inform her, for the first time, about the Petition to Approve

Settlement and the hearing.  She informed Joyce Anderson of these matters on July 18th, at

approximately **4PM the day before the hearing**.  See Affidavit of Vernita C. Williams attached

hereto as Exhibit "H".  This is in no way, shape, or form adequate notice.

As soon as Joyce Anderson was alerted on August 4, 2018 that her daughter's estate was

being excluded from the settlement in breach of Mr. Chapman's fiduciary duty and in breach of

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

what Ms. Williams told her, Joyce Anderson took immediate steps to retain probate counsel and open an estate.[5] This Motion to Intervene was drafted and filed as soon as practicable thereafter.

### B.   The Other Parties to the Lawsuit Will Not Be Prejudiced By Any Failure On the Part of The Personal Representative to Intervene At An Earlier Date

No prejudice will be imposed upon the other parties to the lawsuit to permit intervention because, despite her right to do so, the Personal Representative is not asking the Court to disapprove the settlement agreement the parties have reached in its entirety. The Personal Representative is not seeking to place the case in a position where it would need to be tried and all of the parties' efforts to settle the matter have been for nought. The Personal Representative is only seeking a determination that the Estate of Daralyn Joyce Anderson is the rightful recipient of the settlement proceeds under both the Wrongful Death Act as a "survivor" and under the Florida Probate Code as the intestate heir of Darren Lee Rainey's estate.

Whether the proceeds are paid to Andre and Renee Chapman or to the Estate of Daralyn Joyce Anderson should make no difference to the Defendants in this suit. As far as Andre and Renee Chapman are concerned, they are not prejudiced because they had no right to recover in the first instance. In any event, Andre Chapman made a deliberate and calculated decision to attempt to thwart the rights of Daralyn Joyce Anderson and her heirs in these proceedings and in the probate proceedings concerning the Estate of Mr. Rainey. Mr. Chapman should not be able

---

[5] The Court should note that the Affidavit of Vernita Williams states that she discussed "the logical sequence and process for opening an estate for her daughter, Daralyn Anderson, and the future proceedings necessary to determine the allocation of settlement funds." See Exhibit H at p. 4. Even Plaintiff's counsel's own Affidavit seems to indicate that Daralyn's estate would participate in these proceedings.

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

to claim prejudice as there would have been no need for intervention had he not breached his fiduciary duty in the first instance.

### III.     The Personal Representative's Claim for Declaratory Relief Is Attached

Rule 24 of the Federal Rule of Civil Procedure provides that a motion to intervene must be accompanied by a pleading setting forth the movant's claim. <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 24( c). Courts have held that the pleading requirement is not strictly necessary where the motion to intervene apprises the court and the other parties of the basis of the movant's claim or defense. <u>See</u> <u>Beckman Industries, Inc. v. International Ins. Co.</u>, 966 F.2d 470, 473-474 (9th Cir. 1992). In an abundance of caution, the Personal Representative of Daralyn Joyce Anderson's estate has attached a Complaint for Declaratory Relief seeking a declaration that the Estate of Daralyn Joyce Anderson is entitled to the proceeds of the lawsuit. Exhibit I. However, the Personal Representative respectfully submits that the Court can adjudicate the matter without the necessity of filing a separate complaint and still afford all parties due process and the opportunity to engage in any discovery relevant to the issues presented herein.

<u>**Request for Hearing**</u>

Movant requests permission to argue this matter before the Court at a hearing. Movant believes oral argument will be helpful to the Court given the complexity of the issues and would allow Movant's counsel to answer any questions the Court may have. The undersigned estimates the hearing would take approximately 45 minutes.

Page -16-

**WHEREFORE**, Joyce Anderson, as Personal Representative of the Estate of Daralyn Joyce Anderson, respectfully requests the entry of an Order permitting her to intervene in this matter regarding any determination as to the distribution and allocation of the wrongful death settlement proceeds.

**Certificate of Compliance with L.R. 7.1(a)(3)(A):**   Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated:  August 22nd, 2018.

> Respectfully submitted,
>
> WINTTER & ASSOCIATES, P.A.
> 14 Rose Drive
> Fort Lauderdale, FL 33316
> Telephone:     (954) 920-7014
> Facsimile:     (954) 920-7080
> eService:      eService@wintterlaw.com
>
> By:_____
>        Christopher Q. Wintter
>        Florida Bar No. 715379
>        cqw@wintterlaw.com

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 22nd, 2018 a true and correct copy of the foregoing and all attachments has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all counsel or parties of record registered with the Court for that purpose.

Milton C. Grimes, Esquire
Law Offices of Milton C. Grimes, APC
3774 W. 54th Street
Los Angeles, CA 90043
miltgrim@aol.com
Attorneys for Plaintiffs

Annette Newman, Esquire
Law Office of Annette Newman, LLC
101 NE 3rd Avenue, Ste. 1500
Fort Lauderdale, FL 33301-1181
annettenewmanesq@gmail.com
Attorneys for Plaintiffs

Vicki I. Sarmiento, Esquire
Law Offices of Vicki I. Sarmiento
333 N. Garfield Avenue
Alhambra, VA 91801
vsarmiento@vis-law.com
Co-Counsel for Plaintiffs

Monica Stinson, Esq.
Senior Assistant Attorney General
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
Monica.Stinson@myfloridalegal.com
Attorneys for Defendant FDOC

Gregg A. Toomey, Esq.
THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL 33901
Phone: (239) 337-1630
Email: GAT@thetoomeylawfirm.com
hms@thetoomeylawfirm.com
arl@thetoomeylawfirm.com
Attorneys for Defendant Corizon, LLC

Sheridan Weissenborn, Esq.
DUTTON LAW GROUP, PA
9700 S. Dixie Hwy., Suite 940
Miami, FL 33156
Phone: (786) 871-7971
Fax: (239) 337-030
Email:
sweissenborn@duttonlawgroup.com
nvallecillo@duttonlawgroup.com
Attorneys for Defendant Jerry Cummings

Linda Bellomio Commons, Esq.
Linda Bellomio Commons, P.A.
5629 Glencrest Boulevard
Tampa, FL 33625
Phone: (352) 610-4416
Email: lcommons@aol.com

John R. Sutton, Esq.
SUTTON LAW GROUP, P.A.
7721 SW 62nd Ave., First Floor
South Miami, FL 33143
Phone: (905) 667-4481
Email: Info@SuttonLawGroup.com

Max Price, Esq.
LAW OFFICE OF MAX R. PRICE, P.A.
6701 Sunset Drive, Suite 104
Miami, FL 33143
Phone: (305) 662-2272
Email: mprice@pricelegal.com

Lourdes Espino Wydler, Esq.
Oscar Marrero, Esq.
Alexandra C. Hayes, Esq.
MARRERO & WYDLER
Douglas Centre PH-4
2600 Douglas Rd.
Coral Gables, FL 33134
Phone: (305) 446-5528
Fax: (305) 446-0995
Email: lew@marrerolegal.com
oem@marrerolegal.com
ach@marrerolegal.com
Attorneys for Defendants Roland
Clarke and Cornelius Thompson

Christopher Q. Wintter

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
Trust and Estate Attorneys