UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23323-RNS
Consolidated Case No. 1:14-cv-24140-RNS

ANDRE CHAPMAN, as Personal
Representative of the ESTATE OF
DARREN RAINEY, on behalf of the
Estate, and on behalf of Darren Rainey's
Surviving Relatives, Andre Chapman,
Renee Chapman, Deborah Johnson,
Chineaqua Breelove and Harold Marr,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the State of
Florida, CORIZON, L.L.C., an out-of-state
limited liability corporation doing business and
registered in Florida, ROLAND CLARKE,
CORNELIUS THOMPSON and JERRY
CUMMINGS,

    Defendants.

_____/

**REPLY BY PLAINTIFF ANDRE CHAPMAN AS PERSONAL REPRESENTATIVE OF ESTATE OF DARREN RAINEY TO RESPONSE FILED BY PERSONAL REPRESENTATIVE JOYCE ANDERSON ON BEHALF OF ESTATE OF DARALYN ANDERSON TO PLAINTIFF'S PETITION FOR DETERMINATION AND ALLOCATION OF WRONGFUL DEATH DAMAGES**

Joyce Anderson's Response to the Petition for Allocation of Wrongful Death Damages ("Anderson Response")[1] stunningly requests that this Court deny the Petition, and allocate ALL of the wrongful death settlement proceeds from the $4,500,000 procured by the sole efforts of

---

[1] The attorney filing the Anderson Response, Christopher Wintter, who represents Linda Commons in her quest for attorney's fees in the Probate Court.

Plaintiffs and their counsel, to the Estate of Daralyn Anderson, whose sole survivor is Joyce Anderson.[2]  The Anderson Response provides no legal authority, either under Florida or Federal law, for the proposition that wrongful death damages can be asserted by a <u>*survivor* of a dead survivor who is completely unrelated to the Decedent</u>.  Neither Fla. Statute § 768.18(1) nor any other State or Federal case allows an unrelated third person to recover wrongful death damages, including intestate succession laws.[3]  Wrongful death damages are subject to proof by individuals related to the Decedent who are ALIVE to testify to their loss from the death of their relative at the hands of wrongdoers.  Joyce Anderson, the sole survivor of Daralyn's estate, and never married to Darren Rainey, has no standing to assert, or entitlement to, wrongful death damages from his death even if Daralyn was his illegitimate daughter, per Fla. Stat. §768.24, because she died before final judgment (settlement).

<u>**MEMORANDUM OF LAW**</u>

<u>**THE ESTATE OF DARALYN ANDERSON HAS NO RIGHTS TO ANY OF THE WRONGFUL DEATH PROCEEDS BECAUSE DARALYN ANDERSON DIED BEFORE FINAL JUDGMENT**</u>

Any rights Daralyn Anderson had to settlement proceeds were lost by operation of Fla. Stat. §768.24 when she died before a final judgment or any monies were received in settlement of this action.   The Anderson Response does not even mention §768.24, let alone, explain why it does not apply to strip the Estate of Daralyn Anderson of any entitlement she may have prior to her death.   To ignore it, is a glaring omission and deceit on this Court.

<u>**Darren Rainey's Estate Has No Assets**</u>

Instead, the Anderson Response clings to the idea that "when Darren Rainey died, all rights to his intestate property vested in his only child, Daralyn Joyce Anderson." (Dkt. 322, p. 3, para. 7).  At the time of his death, Mr. Rainey's estate had no assets.  Judge Korvick's July

---

[2] The Anderson Response admits that Joyce Anderson is Daralyn's sole survivor.  It seeks to introduce documents establishing paternity by Court Order for Child Support without authentication and without leave of Court for judicial notice of same.

[3] In fact, Fla. Statute §732.103 (Probate Intestate Succession and Wills) holds as follows in relevant part: Share of other heirs – The part of the intestate estate not passing to the surviving spouse….or the entire intestate estate if there is no surviving spouse, descends as follows:
 (1) To the descendants of the decedent.
 (2) If there is no descendant, to the decedent's father and mother equally, or to the survivor of them.
 (3) If there is none of the foregoing, to the <u>decedent's brothers and sisters and the descendants of deceased brothers and sisters</u>.  (Emphasis added)

24th Order approving the settlement specifically states the $4,500,000 "is not an asset of the estate, but rather the proceeds of a wrongful death settlement…" (Petition, Dkt. 314, Exhibit "1").  Thus, the Estate of Darren Rainey still has no assets.

### Fla. Stat. §768.24 Renders Daralyn's Estate's Recovery to Nothing

More importantly, Fla. Stat. §768.24 provides as follows:

> 768.24 **Death of a Survivor Before Judgment** – A survivor's death before final judgment shall limit the survivor's recovery to lost support and services to the date of his or her death.  The personal representative shall pay the amount recovered to the personal representative of the deceased survivor.

Assuming that Daralyn was the illegitimate daughter of Mr. Rainey, she died "before final judgment" (she died before this lawsuit was even filed) outliving Mr. Rainey by only eight months.  Fla. Stat. §768.24 limits the damages of a survivor who dies prior to entry of a final judgment in a wrongful death action to purely economic damages.  (See also, 6 *Fla. Prac., Personal Injury & Wrongful Death Actions,* §21:3 (West 2017-2018 ed.).  In addition, and perhaps more importantly, the survivors' estate is not entitled to seek compensation for the survivors' suffering.  (*Id.*).  (See also, *Florida Clarklift, Inc. v. Reutimann*, 323 So.2d 640 (1975) – holding that the Wrongful Death Act permitted recovery of lost support and services in favor of the deceased child's surviving parent up to the date of death of the surviving parent, <u>but did not permit recovery for mental pain and suffering of that parent during the same period of time, where the parent died prior to final judgment</u> [son was killed by negligence of Clarklift driver, leaving his mother as his sole surviving heir; she died a few months later; the estate of son filed a lawsuit against Clarklift and, among other things, sought mental pain and suffering damages of the mother for the few months before her death - these were denied]).

Thus, any recovery by the Estate of Daralyn for the wrongful death of Daralyn's "father" would be limited to "loss of support and services to the date of her death."   Any other recovery right she may have had under Fla. Stat. §768.21 disappeared the moment she died, and her estate cannot now purport to claim "all of the settlement proceeds" on behalf of her estate. Mr. Rainey was in prison when he died.  Daralyn Anderson was 28 years old and was not receiving any support or services from Mr. Rainey at the time of his death, nor does her estate's personal representative make such a claim in the Anderson Response.

Thus, her estate is entitled to nothing from the proceeds of the settlement.  Andre Chapman's only obligation under §768.24 is to pay the personal representative of the Estate of Daralyn the proven amount for lost support or services for the eight month time frame that she

outlived Mr. Rainey, if such support or services existed. Such amount did not exist and the Anderson Response does not claim it did, leaving nothing to be allocated to the Estate of Daralyn Anderson.

### ANDERSON DOES NOT ADDRESS THE LIMITATION OF §768.24

The Anderson Response's silence on Fla. Stat. §768.24 speaks volumes given that in "meet and confer" discussions on two occasions, and in a letter to him from Mr. Grimes, Mr. Wintter was specifically asked by defense and plaintiff's counsel to address §768.24. The answer by Mr. Wintter was initially, "I haven't researched it." Later, he acknowledged the limitation of §768.24, but mentioned *Brunson v. McKay,* misrepresenting this to be a case upon which he would rely to get around §768.24. However, *Brunson* does not involve an exception to §768.24 or anything related to it.[4]   The lack of a rebuttal to Fla. Stat. §768.24 is fatal to the claim of the Estate of Daralyn Anderson.

### JOYCE ANDERSON KNEW ABOUT THE WRONGFUL DEATH LAWSUIT AND KNEW ABOUT THE JULY 19 PROBATE HEARING TO APPROVE THE SETTLEMEN AND CHOSE TO DO NOTHING

#### The July 19, 2018 Hearing-Joyce Anderson Refused to Participate

Contrary to the misinformation contained in the Anderson Response, Judge Korvick approved the settlement with full knowledge of the existence of Joyce Anderson: (1) Mr. Wintter specifically raised and argued the issue of Joyce Anderson at the July 19th hearing objecting to approval of the settlement, and proclaiming Anderson to be the sole intestate successor entitled to all of the settlement proceeds; and, (2) Mr. Wintter also raised and argued the issue in "Commons' Objection" filing.[5]  (Decl. of Vernita Williams, Exh. "1"). In fact, Judge Korvick took the extra step of taking *sworn testimony* from both Vernita Williams and Mr. Wintter about

---

[4] In *Brunson,* the appellate court corrected the lower court's error in misreading the law by confirming that the definition of "survivors" in the Fla. Wrongful Death Act includes "adult children." *Brunson v. McKay*, 905 So.2d 1058, 1061-1062 (DCA Fla. 2nd Dist. 2005).  The issue here, however, is not whether Daralyn Anderson had a right of recovery as an "adult child" (assuming she was Mr. Rainey's illegitimate daughter).  The issue is that once she died "before final judgment," she lost any right of recovery she may have had even as an "adult child" of Mr. Rainey, except loss of support and services for the eight months she outlived him per Fla. Stat. §768.24. As explained above, that amounted to zero.

[5] Mr. Wintter did not represent Joyce Anderson or the estate of Daralyn Anderson at that time. He represented Linda Commons who shockingly objected to the approval of the settlement obtained by Plaintiff, a former client by virtue of the legal services she provided at the direction of Milton Grimes.

the existence of Joyce Anderson and notice to her to appear at the hearing, and about Ms. Williams' efforts in a face to face meeting with Joyce Anderson to convince her to participate in the hearing either in person, or by calling in to the hearing, or by having Judge Korvick call her during the hearing. Mr. Wintter also advised the court, he too, had spoken to Joyce Anderson before the hearing. (Decl. of V. Williams, para. 16-19). When asked by Judge Korvick if Mr. Wintter represented Joyce Anderson, he said, "No." Judge Korvick's Order stated in this respect, **"This Court received testimony at the hearing on July 19, 2018 that Joyce Anderson, mother of Daralyn Anderson, refused to participate in any way in Court proceedings."**

### The Wrongful Death Lawsuit - Joyce Anderson Knew or Should Have Known About Darren Rainey's Death and/or The Lawsuit

The death of Darren Rainey received enormous media attention. Joyce Anderson would have to be living under a rock not to have seen the print, TV, and online coverage of this story and this lawsuit from the Miami Herald, the Washington Post, the Huffington Post, CBS, and dozens of Florida media outlets. A Wikipedia page dedicated to "Death of Darren Rainey" was created in May 2015. Thousands of results appear on a Google search of Darren Rainey dating back to May of 2014 detailing the grisly details of his death. It is certainly reasonable to assume Joyce Anderson knew or should have known either, about the circumstances of Mr. Rainey's, death or the filing of this lawsuit since the beginning. Moreover, when Ms. Williams met with Joyce Anderson before the July 19 hearing, it was clear that Joyce Anderson had known about the federal lawsuit. (Decl. of V. Williams, para. 15; Anderson Response, Exhibit "F" p. 3).

### Anderson is Time Barred From Filing Any Action or Claim

Fla. Statute § 95.11(3) prescribes a four-year statute of limitations for an action founded on negligence, and Fla. Statute § 95.11(4)(d) has a two-year statute of limitations for a wrongful death action—Joyce Anderson is time barred from doing filing any action or claim for wrongful death damages. Moreover, opening the Estate of Daralyn Anderson does not allow Joyce Anderson to circumvent the statute of limitations. As the court held in *Walton for Estate of Smith v. Florida Department of Corrections*, 2018 WL 1393520 at *4, the estate sues in a purely representative capacity and steps into the shoes of the decedent, and it would be a "perversion of the discovery rule to permit the decedent's representative a 'fresh start' at the statute of limitations when the decedent himself had immediate notice of all facts necessary to bring a lawsuit." (citations omitted).

### ANDRE CHAPMAN HAS LAWFULLY EXECUTED HIS DUTIES AS PERSONAL REPRESENTATIVE OF DARREN RAINEY'S ESTATE AND VIOLATED NO DUTIES

Anderson falsely claims that Andre Chapman and his attorneys seek to "circumvent Daralyn Joyce Anderson's estate's rights to the proceeds; … they did not seek the appointment of a Personal Representative for Daralyn; …" or "alert them in any way that Daralyn Anderson's estate was entitled to recover damages or that she was entitled to Rainey's recovery as his heir." (Anderson Response, Dkt. 322, p. 5, para. 12).  Anderson further attaches a copy of an ***unfiled draft*** of a Third Amended Complaint which referred to Daralyn as a potential beneficiary entitled to damages[6] as "proof" that Plaintiff and his attorneys knew about the estate and sought to exclude it from any recovery.  (Anderson Response, Dkt. 322, p. 5, para. 11, and Exhibit "C").

There is no valid inference to be drawn fron an unfiled draft of a pleading.  Certainly, any attorney knowledgeable in litigation of wrongful death actions would know that Fla. Stat. §768.24 would severely limit if not outright exclude any recovery for the estate of Daralyn Anderson.  Moreover, *Florida Clarklift, Inc. v. Reutimann*, supra, clearly holds that Daralyn Anderson, who died before the action was even filed, and died before final judgment, is not entitled to recovery for pain and suffering for the 8 months she lived beyond Rainey's death, and would be limited to economic damages for loss of support and services for only the 8 months, if such damages existed.  Further, the mother of decedent's deceased daughter would have no standing under Federal law because no federal Court has recognized standing for wrongful death damages by a third person who is wholly unrelated to the decedent and who is asserting standing as a *survivor of the decedent's dead survivor*.

Andre Chapman fully complied with his responsibilities as personal representative of the Estate of Darren Rainey as required by Florida law.  Fla. Stat. §768.20.  He was required to recover damages for all beneficiaries to be distributed to the survivors and the estate if any such damages were recovered.  *Funchess v. Gulf Stream Apartments of Broward County, Inc.*, 611 So.2d 43, 45 (Fla. 4th DCA 1992).  <u>Joyce Anderson is not Darren Rainey's survivor</u>.  Neither is the Estate of Daralyn Anderson a "survivor" because <u>the Estate is not a person</u> and acts only in a representative capacity.  Mr. Chapman obtained an incredible settlement of $4,500,000 in January 2018.  He has breached no duties to anyone.  This is an unwarranted false accusation.

---

[6] The only person who could have given this work-product to Mr. Wintters' is his other client, Linda Commons, since she drafted it during her time with Mr. Grimes.

It was not Andre Chapman's or his attorney's obligation "to open an estate for Daralyn Anderson," or "to give Daralyn's estate an opportunity to participate." Daralyn was dead when the action was filed. **Daralyn's recovery in any potential wrongful death action was eviscerated by Fla. Stat. §768.24 once she died as discussed above.**

If Joyce Anderson had an ounce of interest in anything related to Darren Rainey's death—other than now trying to collect the *entire* wrongful death settlement money for herself—she had a duty to exercise due diligence and timely open an estate for her deceased daughter. Even after Mr. Wintter and Ms. Williams both contacted Joyce Anderson prior to the July 19th hearing to inform her about the hearing to approve the settlement, she did not want to be involved. Now, miraculously, Joyce Anderson has a newly found interest in this lawsuit and is coincidentally represented by Commons' probate attorney Mr. Wintter. Could this newly found interest be the result of someone dangling the $4,500,000 recovery for herself and her attorneys? After failing to institute any lawsuit for Darren Rainey's death, and after allowing every statute of limitation period to expire, Ms. Anderson wants seeks to collect all the wrongful death damages in this case. To allow this to happen would be a perversion of Federal and State law governing wrongful death damages.

## ANDERSON MISLEADS THE COURT REGARDING DETERMINATION OF HEIRS FILING IN PROBATE COURT

The Anderson Response is misleading by suggesting that the probate attorneys for the Estate of Darren Rainey conceded that all of the settlement proceeds belong to the Estate of Daralyn Anderson when they filed their initial "Petition to Determine Heirs At Law" in the Probate Court on July 18, 2018. (Anderson Response, Dkt. 322, p. 13). This assertion is not true. The initial Petition To Determine Heirs was immediately amended to correct information, and the Anderson Response conveniently fails to include the amended document as an exhibit. (See Decl. of V. Williams, Exhibit "2" – "Restatement And Clarification of Petition To Determine Heirs At Law"). The amended Petition to Determine Heirs sought to correct information, and to establish that a petition for allocation of wrongful death damages was to be presented and decided upon in federal court. In addition, in a scrivener's error, the initial Petition To Determine Heirs said in paragraph 10 that Milton Grimes obtained a significant recovery for "this estate," loosely using the term "estate" rather than the term "the survivors." The amended Petition was later filed to address the issue of heirs vs survivors and the allocation of funds. (Decl. of V. Williams, paras. 23-26).

Anderson argues that the statements made in the initial Petition to Determine Heirs in the probate court constitute "admissions" (citing *White v. ARCO/Polymers, Inc.,* 720 F.2d 1391 (5th Cir. 1983)).  But <u>they do not constitute admissions if they have been superseded by an amendment as here</u>.  The very case Anderson cites states that such would normally be the rule, unless the pleading is later amended or superseded (*White*, citing, 3 Moore's Federal Practice & Procedure ¶ 15.08[7] at 15–128 (1982) [admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions]; and *Borel v. U.S. Cas. Co.*, 233 F.2d 385 (1956) ["a superseded pleading is, of course, not a conclusive admission of the statements made therein, and is not properly considered by a fact-finder unless introduced in evidence]; see also *United States v. Helogics, Inc.*, 2016 WL10540886 (U.S.D.C. M.D. Fla. 2016 ["an amended pleading supersedes the former pleadings; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary…." citing  *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)])."  The Anderson Response does not introduce the initial pleading into evidence, but even if it did, "such an admission can be explained or controverted" by the party who filed it.  *Borel,* supra, at 388.  The Restated Petition to Determine Heirs amended the initial one and superseded it, stripping any statements therein of any binding force.

Even if paternity is established and Darren Rainey is deemed the father of Daralyn Anderson, the claim for the Estate of Daralyn Anderson is drastically limited by Fla. Statute §768.24 to economic damages only, for loss of support and services to the date of her death, because she died before a "final judgment" was obtained, or settlement as is the case here.   No such loss of support or services is claimed by the Anderson Response.  Daralyn died 8 months after Mr. Rainey, long before the lawsuit was ever filed by Personal Representative Chapman for the violation of his brother's civil rights under 42 U.S.C. 1983.

### THE TRUE MOTIVATION – COMMONS' CLAIM TO FEES AND HER UNYIELDING PERSONAL VENDETTA AGAINST MILTON GRIMES

Andre Chapman as the Personal Representative of the Estate of Darren Rainey has complied with all the requirements imposed on him by this Court and by the Probate Court.  Following approval of the settlement Judge Korvick, Mr. Chapman signed a Release on July 30, 2018, as he was authorized and ordered by Korvick.  The Release was emailed to Mr. Wintter by defense counsel Sheridan Weissenborn during the telephonic meet and confer of August 21,

2018. He read it while all counsel stood by on the call. The Anderson Response falsely claims in para. 4 that he has never seen it. (Decl. of V. Sarmiento, paras. 6-8, Exhibit "1" – signed Release).

The Court should know the true motivation fueling the filings by Mr. Wintter on behalf of the Estate of Daralyn Anderson stems from efforts to procure money for his probate client, Linda Commons, in both the Probate Court and this Court. Commons and Mr. Wintter seek to interfere with a consummated settlement for an improper purpose and in retaliation for Plaintiff's counsel not acquiescing to a threat for payment made by Mr. Wintter on behalf of Commons.

On July 13, 2018, six days before the July 19 hearing on Andre Chapman's Petition to Approve the Settlement in the Probate Court, Mr. Wintter telephoned John Sutton and threatened to interfere with approval of the settlement if he was not paid a total of $133,000. Mr. Wintter was demanding payment of $123,000 for his client Linda Commons and an additional $10,000 for himself for having to "chase down Mr. Grimes." If payment was not made, Mr. Wintter threatened he would "screw up" the settlement by informing Probate Judge Korvick of the existence of Joyce Anderson whom he alleged was the sole intestate successor and entitled to all of the proceeds of the settlement. (Decl. of John R. Sutton, paras. 5-10, 12). Mr. Sutton refused to acquiesce to this threat because to do so would be unethical and he told Mr. Wintter that he (Wintter) had not right to negotiate a waiver of any alleged intestate successor unknown to Mr. Sutton. (Decl. of J. Sutton, paras. 13, 14). Mr. Sutton informed Vicki Sarmiento and Vernita Williams of the threat the same day, by telephone and email. (Decl. of J. Sutton, para. 14; Decl. of V. Williams, paras. 9-12; Decl. of V. Sarmiento, para. 10).

Two days before the hearing, on July 17, Mr. Wintter carried through with his threat and filed an objection to settlement approval entitled, "Linda Commons' Objection To Petition To Approve Wrongful Death Settlement And Deposit Funds Into Restricted Depository" ("Commons' Objection"). (Decl. of V. Williams, para. 13, Exhibit "1"). In Commons' Objection, Mr. Wintter raised the issue of Joyce Anderson as well as Commons' alleged rights to attorney's fees and costs in the sum of $123,991.42. They continue to obstruct the settlement by filing Notices of Appeal of Judge Korvick's Order on behalf of Commons (and Estate of Daralyn even though Joyce Anderson refused to participate in the July 19 hearing). On August 21, in a conference call with defense and plaintiff counsel, Mr. Sutton asked Mr. Wintter to acknowledge his threat of July 13. Mr. Wintter responded, "that was then… I have a different client now" and

did not deny it. (Decl. of J. Sutton, para. 15; Decl. of V. Williams, para. 28; Decl. of V. Sarmiento, paras. 11, 12).

Commons has also filed in the Probate Court a Motion to Impose a Contractual Lien against any monies paid to Mr. Grimes and, in the alternative, to assert her fees as an "administrative expense" of the estate of Darren Rainey. These latest theories have no merit as Judge Korvick ordered all attorney fee issues be determined by this Court which this Court has done multiple times; and the Estate of Darren Rainey has no assets from which to an administrative expense even if Commons' fees could be considered as such, which they are not.[7]

## THERE IS NO LEGAL AUTHORITY ALLOWING A THIRD PARTY UNRELATED TO DECEDENT TO RECOVER WRONGFUL DEATH DAMAGES

The Anderson Response provides no legal authority to allow a third party such as Joyce Anderson who is unrelated to the Decedent to recover wrongful death damages for the decedent's injuries and death. In *Heath v. City of Hialeah*, 560 F.Supp 840 (S.D. Fla. 1983), the court elected to follow the federal common law of survivorship instead of the Florida Wrongful Death Act because the latter would have limited damages for the Decedent's death. The Court in *Heath* also allowed Decedent's *own mother* in a § 1983 case to recover Decedent's survival damages. Plaintiffs cite *Heath* in their Petition because it is additional authority for the Court to apply to the facts of this case.

## CONCLUSION

For the reasons stated, the Court is requested to GRANT Plaintiff's Petition to Determine and Allocate Wrongful Death Settlement Proceeds. The Estate of Daralyn Anderson has no claim for wrongful death damages pursuant to Fla. Stat. §768.24 and Fla. Statute §768.18.

By: /s/ Milton C. Grimes
Milton C. Grimes, Esq.
**LAW OFFICES OF MILTON C. GRIMES, APC**
3774 W. 54th St.
Los Angeles, CA 90043
Phone: (323) 295-3023
Fax: (323) 295-3708
Email: miltgrim@aol.com
*Attorneys for Plaintiffs*
– And –

---

[7] These latest theories are addressed by Plaintiff in Reply to Commons' Response to Plaintiff's Petition For Determination and Allocation of Wrongful Death Damages filed concurrently herewith.

By:  */s/ Annette Newman*
Annette Newman, Esq., Fla. Bar No. 84537
**LAW OFFICE OF ANNETTE NEWMAN, LLC**
101 NE 3rd Ave., Ste. 1500
Ft. Lauderdale, FL 33301-1181
Telephone: (888) 333-5580
Email: annettenewmanesq@gmail.com
*Attorneys for Plaintiffs*