UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23323-RNS
Consolidated Case No. 1:14-cv-24140-RNS

ANDRE CHAPMAN, as Personal
Representative of the ESTATE OF
DARREN RAINEY, on behalf of the
Estate, and on behalf of Darren Rainey's
Surviving Relatives, Andre Chapman,
Renee Chapman, Deborah Johnson,
Chineaqua Breelove and Harold Marr,

      Plaintiff,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the State
of Florida, CORIZON, L.L.C., an out-of-
state limited liability corporation doing
business and registered in Florida,
ROLAND CLARKE, CORNELIUS
THOMPSON and JERRY CUMMINGS,

      Defendants.

_____/

**REPLY BY PLAINTIFF ANDRE CHAPMAN AS PERSONAL
REPRESENTATIVE OF ESTATE OF DARREN RAINEY TO RESPONSE FILED
BY LINDA COMMONS TO PETITION FOR DETERMINATION AND
ALLOCATION OF WRONGFUL DEATH DAMAGES**

    Linda Commons does not have standing to object to Plaintiff's Petition for

Determination and Allocation of Wrongful Death Damages (hereafter "Petition"), and

neither Linda Commons nor Mr. Price participated in the meet and confer held on August

9, 2018[1] regarding the Petition. Consistent with prior obstructionist conduct and legal filings, Commons now purports to "oppose" and "correct misstatements made in the Petition" (according to her). This is the same Commons who filed a charging lien in this Court persisting to be attorney representing the interests of the Plaintiffs, who still calls herself the attorney for the Plaintiff in appellate filing to the Eleventh Circuit, and who now seeks to sabotage the interests of these same Plaintiffs because of a personal vendetta against Mr. Grimes, the attorney who hired her.

Incredibly, Commons requests that this court "deny" her former/present client's[2] Petition so that the proceeds of the settlement can be deposited in the probate court's depository account, so that she can continue to file frivolous claims to attorney's fees pursuant to new theories (contractual lien against Mr. Grimes OR fees as administrative expense per Fla. Stat. §733.106(3))! The actions of Commons and her attorney are duplicitous and replete with conflicts.

## MEMORANDUM OF LAW
## BOTH COURTS HAVE APPROVED THE SETTLEMENT

Her first issue is that Plaintiff misstates Judge Korvick's July 24, 2018, Order by saying that she approved the settlement of this case. Commons wants to clarify that Korvick's order says, "the Court approves, contingent upon the Honorable Robert Scola's approval of this settlement, the global gross settlement of $4,500,000 which is not an asset of the estate, but rather the proceeds of a wrongful death settlement" in this federal case. Commons' believes this Court must also approve the settlement because of Korvick's Order. This Court was informed of the settlement of this case on January 17, 2018 –Mediation Report. (Dkt. #241). By all indication, the settlement of this lawsuit between the Plaintiffs and all Defendants was well received by this Court. This Court even ordered the Defendants to submit their respective settlement payments to the Sutton

---

[1] At the telephonic meet and confer regarding the Petition, Vicki Sarmiento specifically asked Christopher Wintter whether he was representing Linda Commons in the meet and confer and he responded "no." (Decl. of V. Sarmiento, paras. 3-5).

[2] Commons flip flops about whether Plaintiffs are her present clients or former clients depending on what she is filing in federal court, in the Eleventh Circuit, or in Probate Court.

Law Group Trust Account; release the defendants from any liability with regard to Common's notice of charging lien; allow the plaintiffs to recover their share of the proceeds; reserve jurisdiction to adjudicate Commons' lien…and to finalize the distribution of settlement funds in this case. (Dkt. #266). This is an approval of the settlement.

The parties informed this Court that they were taking the additional step of seeking approval of the settlement from the probate court even though such approval was not even required.[3] Indeed, this Court waited for the *probate court* to approve the settlement and it did so by its July 24 Order.

Both courts have approved the settlement.

## NO PROCEEDS NEED TO GO INTO A DEPOSITORY IN THE PROBATE COURT

Commons' next concern is that "while Judge Korvick indicated that the $4,500,000 'is not an estate asset,'" the Order further states, "any net proceeds distributed to the estate shall be placed into the estate's restricted depository account pending further Order of this Court." Commons argues that Plaintiff's request that the proceeds of the settlement be deposited into the Plaintiff's attorney trust account is an attempt to "bypass the probate proceeding." (Commons Response Dkt. 323, p. 2, para. 5). Commons' reading of the Order is misplaced and out of context. She does not even offer any explanation of this objection or what "net proceeds" she believes need to go into a depository.

Judge Korvick specifically states the $4,500,000 is not an estate asset and she specifically states elsewhere in the Order "the estate has no creditors and the creditors' period has expired" and "all matters related to federal court attorney fees are under the jurisdiction of the Federal Court and will not be ruled upon by this Court." The Order

---

[3] A personal representative has the authority, without court approval to "satisfy and settle claims" including a claim for wrongful death. (Fla. Stat. §733.612(24)). However, a personal representative may petition for probate court approval, the granting of which absolves the personal representative of personal liability for the settlement. (Fla. Stat. §733.708).

further states that the Federal Court is to determine heirs and allocation of the net proceeds. (See Commons Response, Dkt. 323, Exhibit "B").

The "net proceeds" of the wrongful death settlement are what is left after carving out Milton Grimes' contingency fee and costs. The "net proceeds" are to be distributed to Andre Chapman as the Personal Representative of the Estate of Darren Rainey by order of this Court. Moreover, "proceeds from a wrongful death action are not for the benefit of the estate, and are not subject to estate claims. *Scott v. Estate of Myers*, 871 So.2d 947, 948-949 (2004). Rather, they are the property of the survivors and compensation for their loss. Accordingly, estate debts cannot be recovered from wrongful death proceeds recovered for survivors. *Id.*, at 949. As such, even if Commons had a legitimate claim for attorney's fees as an administrative expense (which she does not), she would have to collect them from another source, but not the wrongful death settlement monies.

Unfortunately, the Estate of Darren Rainey had no assets when he died and currently has no assets because the settlement funds have been deemed NOT to be an estate asset by Judge Korvick. It is undisputed that Darren Rainey was in prison at the time of his death and was indigent.

## COMMONS ADVOCATES FOR ANOTHER AGAINST THE INTERESTS OF A PRESENT/FORMER CLIENT

Unbelievably, Commons purports to advocate for the interests of a nonparty, Joyce Anderson as personal representative of the Estate of Daralyn Anderson (her daughter). This is a person who Commons and Commons' Probate Attorney Christopher Wintter have decided are entitled to *all* of the proceeds of the settlement, to the detriment of the Estate of Darren Rainey, a party for whom Commons provided legal services at the direction of Mr. Grimes. No surprise, Commons' attorney in the Probate Court regarding her fees, Mr. Wintter, is also the attorney for Joyce Anderson in both the Probate and this Court.

Commons objected to the approval of the settlement in the Probate Court. Her attorney (Mr. Wintter) filed a written objection and appeared at the hearing. Mr. Wintter

advocated Commons' position that another party, the deceased daughter of Darren Rainey (Daralyn Anderson) who died before the wrongful death lawsuit was filed, might be entitled to ALL of the proceeds of the wrongful death settlement, and it would be wrong to approve the settlement without the participation of the survivor's survivor (i.e., Joyce Anderson).  There was no estate of Daralyn Anderson opened at that time.  Judge Korvick's July 24 Order addressed the issue:

> "This Court received testimony at the hearing on July 19, 2018 that Joyce Anderson, mother of Daralyn Anderson, refused to participate in any way in Court proceedings."  (Commons Response, Dkt. 323, Exhibit "B").

Inconceivably, Mr. Wintters and Commons continue to try to sabotage the settlement approval, even to the detriment of the Estate of Daralyn Anderson who both (erroneously) claim has the rights to the proceeds.  For Commons part, she claims her complete breach of duty of loyalty to a former client is all "in good faith." (Commons Response, Dkt. 323, para. 9).

## COMMONS MISLEADS THE COURT REGARDING DETERMINATION OF HEIRS FILING IN PROBATE COURT

Not surprisingly, Commons attempts to mislead the court by suggesting that the probate attorneys for the Estate of Darren Rainey conceded that all of the settlement proceeds belong to the Estate of Daralyn Anderson when they filed their initial "Petition to Determine Heirs At Law" in the Probate Court on July 18, 2018.  This is not true.  The Petition To Determine Heirs referred to by Commons was immediately amended to correct information, but she conveniently fails to include the amended document as an exhibit to her Response.  (See Decl. of Vernita Williams, Exhibit "2" – "Restatement and Clarification of Petition to Determine Heirs").  The amended Petition to Determine Heirs sought to correct and to outline all of the information known to the probate attorneys and to establish that a petition for allocation of wrongful death damages was to be presented and decided upon in federal court.  In addition, in a scrivener's error, the initial Petition To Determine Heirs said in paragraph 10 that Milton Grimes obtained a significant recovery for "this estate," loosely using the term "estate" rather than the term "the

survivors." However, the amended Petition was filed to address the issue of heirs vs survivors and the allocation of funds. (Decl. of Vernita Williams, paras. 24-27).

Commons suggests that statements contained in the initial Petition to Determine Heirs in the probate court constitute "admissions." But <u>they do not constitute admissions</u> if they have been superseded by an amendment as here.  (*See* 3 Moore's Federal Practice & Procedure ¶ 15.08[7] at 15–128 (1982) - admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions; and *Borel v. U.S. Cas. Co.*, 233 F.2d 385 (1956) - "a superseded pleading is, of course, not a conclusive admission of the statements made therein, and is not properly considered by a fact-finder unless introduced in evidence]; *United States v. Helogics, Inc.*, 2016 WL10540886 (U.S.D.C. M.D. Fla. 2016 - "an amended pleading supersedes the former pleadings; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary…."
citing  *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006))."  Moreover, "such an admission can be explained or controverted" by the party who filed it.  *Borel,* supra, at 388.  The Restated Petition to Determine Heirs amended the initial one and superseded it, stripping any statements therein of any binding force.

Claiming that the probate attorneys "conceded" that the Estate of Daralyn Anderson is the sole heir and survivor to receive all of the settlement proceeds is yet another attempt for both Commons and her attorney to ignore what has been explained to them verbally, and in writing time and time again.  The position of Plaintiff's probate attorneys has been given to Mr. Wintter and Commons several times, is related to who is entitled to settlement proceeds, and is restated for the record:  even if paternity is established and Darren Rainey is deemed the father of Daralyn Anderson, the claim for the Estate of Daralyn Anderson is drastically limited by Fla. Statute §768.24 to economic damages only, for loss of support and services to the date of her death, because she died before a "final judgment," or settlement as is the case here, was obtained.  Daralyn died a eight months after Mr. Rainey, long before the lawsuit was ever filed by Personal Representative Chapman for the violation of his brother's civil rights under 42 U.S.C. 1983.

### DESPITE'S KORVICK'S ORDER COMMONS WANTS THE NET PROCEEDS OF THE SETTLEMENT IN THE PROBATE COURT DEPOSITORY SO SHE CAN CONTINUE TO MAKE FRIVOLOUS ATTEMPTS TO SECURE HER FEES WHICH ARE WITHOUT MERIT

Commons' new angle to collect fees from the estate of Darren Rainey out of the wrongful death settlement proceeds is to argue that she provided a "benefit to the estate" and therefore she is entitled to fees as an "administrative expense" of the estate of Darren Rainey, and/or she has a "contractual lien" against any fees awarded to Mr. Grimes. These are ludicrous propositions without any legal basis. Her filing here is simply an attempt to get the "net proceeds" of the wrongful death settlement back to the Probate Court, into a depository there, so she can continue to obstruct the release of the funds to the Plaintiff.

On May 21, 2018, Andre Chapman filed in the Probate Court a Petition to Approve Wrongful Death Settlement obtained in this case. Commons filed a "claim" for attorney's fees in the Probate Court on June 1. Then, on July 6, she filed a Motion to Impose Lien and for Award of Attorney's Fees in the probate proceeding. (Commons Response, Dkt. 323, Exh. "A"). Even though this Court ruled on multiple occasions (Dkt. 279, 285, 298) that Commons' fees were for services provided by her to Mr. Grimes, and her pursuit of fees should be against him directly, Commons has decided to circumvent this Court's orders by bringing her request for fees in the Probate Court.

Judge Korvick's very Order states in plain language: **"All matters related to federal court attorney fees are under the jurisdiction of the Federal Court and will not be ruled upon by this Court."** No matter, Commons filed a further pleading in the Probate Court on August 20, 2018 purporting to withdraw the "claim" for fees she filed on June 1st, stating it was "filed in error," but leaving in place her Motion for fees filed on July 6, thus reserving the right to request a "contractual lien against any attorneys' fees payable to Milton Grimes, Esq.," or entitlement to fees "as an administrative expense of the estate pursuant to Section 733.106(3) of the Florida Statutes."

Fla. Stat. § 733.106(3) does not apply to her fees. Her fees are not an "administrative expense" of the estate in probate. Inasmuch as Judge Korvick's Order

reflects the "$4,500,000 are not an estate asset, but rather the proceeds of a wrongful death settlement," Fla. Stat. §733.106(3) (a probate statute), is not applicable. Ms. Commons did not provide "a benefit to the estate" if this was not an estate matter. Her fees are the obligation of Mr. Grimes as the person who hired her to assist him with the case in federal court. Andre Chapman as Personal Representative of the Estate did not hire her. Milton Grimes hired her and then fired her. Commons should not be allowed to rehash this repeatedly in this Court, in the Eleventh Circuit and in Probate Court.

This Court painstakingly considered Commons' arguments regarding the charging lien she filed in this case a few months ago and struck her lien. (Dkt. 279). The Court's April 13 Order stated:

> "To begin with, under Florida law, **the imposition of an attorney's charging lien requires: (1) 'a contract between the attorney and client'**; . . . *In re Washington,* 242 F.3d 1320, 1323 (11th Cir. 2001). Here, Commons claims to have entered into a contingency-fee agreement with the Plaintiffs based on an agreement with Grimes, through his associate, that she would be paid ten percent of the total attorneys' fees, derived from the full recovery amount. **This kind of agreement, reflected in emails provided by Commons, simply does not amount to a contingency-fee agreement with the Plaintiffs themselves**…. Commons' alleged agreement was not that her fee was recoverable from the proceeds of the litigation; her agreement was, instead, dependent on whether, and to what extent, Grimes himself recovered any fees. Thus if Grimes, for some reason, did not collect any fee, despite a positive outcome for the Plaintiffs, Commons would not be entitled to any fee either, based on the agreement she describes. According to the terms of the contract Commons herself alleges, she is not entitled to a charging lien in this case: she has no claim to any portion of the recovery itself; at most she would have only a potential claim to Grime's recovery of his fees. FN1 (FN1 **In further briefing, Commons "withdraws her claim for a contingency portion (i.e. 10%) of the attorney's fees" and "agrees that the written email purporting to set forth a contract with the Plaintiffs….does not meet the standard and requirements specifically set forth in" Florida case law.** (Commons' Mem. ECF No. 252, 15). The Court nonetheless, in an abundance of caution, evaluated this claim in order to fully address Commons' notice of charging lien." (Emphasis added). (Dkt. 279, p. 2).

Commons had no agreement with the Estate of Darren Rainey for the providing of benefits to the estate that would qualify as an "administrative expense." As this Court determined, at most Commons has a claim against Mr. Grimes.

### **PLAINTIFF HAS PURSUED CONSISTENT AIMS TO HAVE THE SETTLEMENT APPROVED AND DISTRIBUTED IN SPITE OF THE ACTIONS OF COMMONS AND HER ATTORNEYS TO OBSTRUCT THE PROCESS**

Plaintiff and counsel have been doing the best they can since this case was settled to get it approved and distributed. Commons' claim that Plaintiff has "sought inconsistent relief in this Court and in the probate proceeding concerning approval of the settlement" is a flagrant misrepresentation. (Commons Response Dkt. 323, p. 4, para. 12). The only reason for the delays is Commons' destructive and self-absorbed vendetta against Mr. Grimes. Out of abundance of caution and from advice of Probate counsel, Plaintiff Andre Chapman took the extra step of getting Probate Court approval of the settlement which Commons is desperate to sabotage. The only persons pursuing inconsistent objectives and theories depending on whether they are in probate or federal court are Commons and her abetting attorneys. Over the past several months, they have come up with multiple and conflicting theories by which they have sought to recover fees in this case:

- "Commons has a contingency fee with the Plaintiff."

- "She does not have a contingency fee with the plaintiff, but should get quantum meruit."

- "Change of mind, Commons does have a contingency fee with Plaintiff."

- "Never mind any of that, her fee is a 'creditor claim' in the probate against the estate."

- "Withdraw the creditor claim, let's say her fees are an 'administrative expense' against the estate, AND at the same time file a motion to enforce a contractual lien against any attorneys' fees payable to Milton Grimes, Esq. in the probate." (Commons Response Dkt. 323, p. 3, paras. 7, 8).

Commons and her attorneys take turns signing pleadings, sometimes it is Mr. Wintters, sometimes Mr. Price, and other times, Commons in pro per. They have embraced and changed their minds about every possible theory for the recovery of fees, except they will not accept a breach of contract claim against Mr. Grimes. With respect to the most recent theory, a "contractual lien," what does that mean? A contractual lien would simply

provide such rights as are stated in a contract (e.g. a security interest for a mortgage, a bond). Nothing Commons has produced in these proceedings contains an agreement between her and Mr. Grimes which contains a built-in "lien right" of any kind. By this new theory, however, Commons and her attorneys seem to acknowledge her claim to fees is based on a contract with Mr. Grimes, but they refuse to see her only remedy is a breach of written, implied, or oral contract claim against Mr. Grimes.

## THIS COURT HAS JURISDICTION TO RULE ON THE PLAINTIFF'S PETITION

While this Court had relinquished jurisdiction with respect to "finalization of the distribution of the settlement funds" on May 24, 2018, circumstances have since changed. Plaintiff is not, as characterized by Commons, "now coming back to this Court stating that this Court should now allocate the proceeds of the lawsuit in a manner contrary to Florida law without giving notice to the Estate of Daralyn Anderson." (Commons Response, Dkt. 323, p. 5, para. 14). Plaintiff was ordered by Judge Korvick to return to the federal court to make a determination regarding allocation of the wrongful death proceeds because she ruled these were "not estate assets." Moreover, the Estate of Daralyn Anderson is represented in this proceeding by one of Commons' other attorneys.

## CONCLUSION

Commons' effort here to hijack the settlement proceeds so that she can take another stab at collecting her fees from that source should be ignored. Her claim to fees has already been litigated at least three times in this Court. Nothing in her Response has any merit or relevance. Her entire Response should be disregarded because it is brought for the improper purpose of harassing Plaintiffs and their counsel, and is meant to mislead this Court. Commons' response should be stricken because she lacks standing to object to the Petition and has failed to raise any legitimate grounds for standing to object.

By: */s/ Milton C. Grimes*
Milton C. Grimes, Esq.
**LAW OFFICES OF MILTON C. GRIMES, APC**
3774 W. 54th St.
Los Angeles, CA 90043
Phone: (323) 295-3023
Fax: (323) 295-3708
Email: miltgrim@aol.com

*Attorneys for Plaintiffs*
　　　– And –

By: */s/ Annette Newman*
Annette Newman, Esq., Fla. Bar No. 84537
**LAW OFFICE OF ANNETTE NEWMAN, LLC**
101 NE 3rd Ave., Ste. 1500
Ft. Lauderdale, FL 33301-1181
Telephone: (888) 333-5580
Email: annettenewmanesq@gmail.com
*Attorneys for Plaintiffs*