UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23323-RNS
Consolidated Case No. 1:14-cv-24140-RNS

ANDRE CHAPMAN, as Personal
Representative of the ESTATE OF
DARREN RAINEY, on behalf of the
Estate, and on behalf of Darren Rainey's
Surviving Relatives, Andre Chapman,
Renee Chapman, Deborah Johnson,
Chineaqua Breelove and Harold Marr,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida, CORIZON, L.L.C., an
out-of-state limited liability corporation
doing business and registered in Florida,
ROLAND CLARKE, CORNELIUS
THOMPSON and JERRY
CUMMINGS,

    Defendants.
_____ /

**DECLARATION OF VICKI I. SARMIENTO**

I, Vicki I. Sarmiento, declare as follows:

    1. I am one of the attorneys of record for Plaintiffs Andre Chapman and Renee Chapman. I have personal knowledge of the facts contained in this declaration, and if called to testify, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiffs' Replies to the following:
(1) Response filed by Linda Commons to Petition for Determination and Allocation of Wrongful Death Damages (Dkt #323); and,
(2) Response filed Christopher Wintter entitled "Personal Representative Joyce Anderson's Response to Plaintiff Andre Chapman's Petition for Determination and Allocation of Wrongful Death Damages (Dkt #322) filed August 23, 2018. (hereafter, "Anderson Response").

3. On August 9, 2018, a telephonic meet and confer was held regarding Plaintiff Andre Chapman's Petition for Determination and Allocation of Wrongful Death Damages (hereinafter "Petition").

4. During the August 9th conference call, I specifically asked Christopher Wintter whether he was representing Linda Commons in the meet and confer regarding the Petition. Mr. Wintter responded "no." Mr. Wintter claimed to have been hired the night before to represent Joyce Anderson on behalf of the Estate of Daralyn Anderson.

5. Neither Linda Commons nor Max Price appeared in the August 9th meet and confer regarding Plaintiff's Petition.

6. On August 21, 2018, a telephonic meet and confer was held by Christopher Wintter on his intended motion entitled "Personal Representative's Motion to Intervene Regarding Determination and Allocation of Wrongful Death Damages" (hereafter "Anderson Intervention Motion").

7. Mr. Wintter's claim in paragraph 4 of the Anderson Response filed on August 23rd that "the Personal Representative of the Estate of Daralyn Joyce Anderson is unaware of the exact terms of the settlement and has not been provided with the settlement documents" is untrue.

8. During the August 21st meet and confer, Mr. Wintter asked to see the Release that was executed by Andre Chapman. No one objected to him receiving a copy. Defense attorney Sheridan Weissenborn emailed the

Release to Mr. Wintter during the conference call. Mr. Wintter acknowledged receipt of the Release. There was a long pause in the call because Mr. Wintter stated that he was reading the Release.

9. Attached hereto as Exhibit "1" is a true and correct copy of the Release signed by Andre Chapman which was emailed to Mr. Wintter on August 21, 2018.

10. On July 13, 2018, I received a phone call from attorney John R. Sutton describing to me a threatening phone call he had just received from Mr. Wintter that he was going to interfere in the settlement of this case if we did not pay Commons and him money for their attorney's fees.

11. During the August 21st meet and confer, I specifically addressed the threat Mr. Wintter's had made to John Sutton to "blow up" (or words to that effect) the settlement if Milton Grimes did not pay approximately $123,000 to Linda Commons and an extra $10,000 to him (Wintter) for "chasing down Mr. Grimes." I informed Mr. Wintter that it was my belief that he was filing the Anderson Intervention Motion to make good on this threat and that the filing was frivolous, in bad faith and for an improper purpose. I asked Mr. Wintter if he was denying having made the threat to interfere with the settlement if he and his client Linda Commons were not paid what he demanded in a phone call he (Wintter) made to Mr. Sutton. Mr. Wintter refused to answer the question.

12. Toward the end of the August 21st meet and confer, Mr. Sutton asked Mr. Wintter about the threat and demand for payment made during a prior phone

///

///

///

///

call between the two of them. Mr. Wintter responded as follows: "That was then. I have a different client now."

I declare under penalty of perjury pursuant to the laws of the United States and the State of Florida that the foregoing is true and correct.

Executed this 29th day of August 2018.

>                            */s/ Vicki I. Sarmiento*
>                            VICKI I. SARMIENTO

# EXHIBIT "1"

# RELEASE OF ALL CLAIMS

### General Release

That the undersigned, Andre Chapman, as Personal Representative of the Estate of Darren Rainey, on behalf of the Estate, and on behalf of Darren Rainey's Survivors, Andre Chapman, and Renee Chapman ("Releasor"), for and in consideration of the sum of Four Million Five Hundred Thousand Dollars ($4,500,000.00), $100,000 of which is the responsibility of Corizon LLC, does, for himself and his respective heirs, executors, administrators and assigns hereby completely and fully release and discharge the, the Florida Department of Financial Services, Division of Risk Management, Corizon, LLC, Roland Clarke, Cornelius Thompson and Jerry Cummings ("Releasees"), and their agents, employees and contractors, of and from any obligation, liability or responsibility arising out of the claim and/or action in the United States District Court for the Southern District of Florida, Miami Division, Case Number 14-23323-civ-Scola (Consolidated Action Case No. 14-24140-civ-Scola), or any claims that could have been brought in that action, but were not.

It is understood and agreed that this settlement is in full compromise of a claim, and that neither this release nor the payment pursuant to this release shall be construed as an admission of liability.

### Attorneys' Fees

Each party shall bear all attorneys' fees and costs arising from the action of its own counsel in connection with this matter, the terms of this settlement agreement, the matters and documents referenced herein, the filing of a dismissal of the Complaint, and all related matters.

### Dismissal Dropping Settling Party As A Defendant

Following receipt of settlement funds and the execution of this Release of All Claims, counsel for the Releasor has, or will, in the immediate future, deliver to counsel for the Releasees an executed stipulation of dismissal with prejudice dropping the Releasees as parties to the pending action. The court shall retain jurisdiction as to any remaining parties and for enforcing the terms of this settlement.

### Dismissal of The Florida Department of Corrections

Following receipt of settlement funds and the execution of this Release of All Claims, counsel for the Releasor has, or will, in the immediate future, deliver to counsel for the Florida Department of Corrections, an executed Stipulation of Dismissal With Prejudice dropping the Florida Department of Corrections as a party to the pending action. Said Stipulation of Dismissal With Prejudice of the Florida Department of Corrections, will be filed with the United States District Court for the Southern District of Florida, Miami Division, in Case Number 14-23323-civ-Scola (Consolidated Action Case No. 14-24140-civ-Scola). The court shall retain jurisdiction as to any remaining parties and for enforcing the terms of this settlement.

### Reservation of First Party Benefits

In reaching agreement on the terms of this Release, the parties acknowledge Releasor or the Estate may have subrogation liability for Social Security disability benefits pursuant to 42 U.S.C. § 423, or Medicare benefits under 42 U.S. C. § 1395y, and the entitlement of the Centers for Medicare and Medicaid Services ("CMS") to recover any overpayment made by CMS. The parties to this Release agree that this Release is not intended to shift to CMS the responsibility for payment of medical expenses for the treatment of injury related conditions.

Releasor acknowledges that any decision regarding entitlement to Social Security benefits or Medicare or Medicaid benefits, including the amount and duration of payments and offset

reimbursement for prior payments is exclusively within the jurisdiction of the Social Security Administration, the United States Government, and the U.S. Federal Courts, and is determined by Federal law and regulations. As such, the United States Government is not bound by any of the terms of this Release.

Further, in consideration of the above payment, the UNDERSIGNED ALSO EXPRESSLY DECLARES AND AGREES:

1) That all claims, past, present, or future, are disposed, and this full and final settlement thereof shall never be treated as evidence of liability, nor as an admission of liability or responsibility at any time or in any manner whatsoever;

2) That this Release covers and includes any and all claims several or otherwise, past, present or future, including but not limited to claims for medical expenses which can or may ever be asserted by any person or persons, as heirs, or otherwise, as the result of injuries or death and/or damages as aforesaid or the effects or consequences thereof;

3) That this full and final Release shall cover and include any and all injuries, death, and/or damages which may not now be known to any of the parties, hereto but which may later develop or be discovered, including the effects or consequences thereof and including all causes of action therefor;

4) That the Releasor and Releasor's counsel, Milton C. Grimes, Esq. will indemnify and hold harmless the Releasees, and the Florida Department of Corrections, against loss including counsel fees and costs, from any and every claim or demand of every kind and character, including claims for contribution, which may be asserted against the Releasor and Releasor's counsel, by reason of said occurrence, injuries and/or damages or the effects or consequences thereof; including but not limited to any claims for fees and costs that may be made or asserted by Linda Bellomio Commons or any other attorney, including but not limited to counsel for the Estate of

Darren Lee Rainey, Probate Division Case Number 2014-001535-CP-02, Circuit Court for Miami Dade County, Florida.

5) Releasees, the Florida Department of Financial Services, Division of Risk Management, Roland Clarke, Cornelius Thompson and Jerry Cummings will issue payment of Four Million Four Hundred Thousand Dollars ($4,400,000.00) to the SUTTON LAW GROUP TRUST ACCOUNT within thirty (30) days of receipt of the lawful execution of this General Release and appropriate W-9 Forms. Corizon, LLC, will issue payment of One Hundred Thousand Dollars ($100,000.00) to the SUTTON LAW GROUP TRUST ACCOUNT within thirty (30) days of receipt of the lawful execution of this General Release, and the appropriate W-9 Forms.

6) That the Releasor agrees and covenants that he is responsible for the payment of any outstanding bills, medical or otherwise, arising out of the above-referenced lawsuit, and that should any claim or lien be asserted against the Releasees, the Releasor will indemnify and hold harmless the Releasees from the same. Further, the Releasor hereby specifically agrees to pay attorney fees and costs of the Releasees for the defense of any action whatsoever against the Releasees by any medical provider or other person(s) or entities concerning any outstanding bills, medical or otherwise, arising from the above-referenced accident and/or lawsuit.

7) That if Medicare has paid for any of the Releasor's medical costs, expenses, or fees, and Medicare has a conditional payment claim as a result of the same, the Releasor and the Releasor's attorney acknowledge that they are solely responsible for the payment of the same from the proceeds of this settlement. Releasor and Releasor's attorney further agree to immediately contact the Coordination Of Benefits Contractor (COBC) for Medicare/CMS (who will gather basic information and electronically transfer this data to the Medicare Secondary Payer Recovery Contractor (MSPRC)), and inform the COBC of this settlement in order to obtain the MSPRC Final Demand and resolution of the conditional payment amount. Releasor and Releasor's

attorney further agree to satisfy/pay/reimburse Medicare as per the Medicare Secondary Payer Statute. Releasor warrants that all payments due and owing to Medicare are and will be the sole and exclusive responsibility of the Releasor and further agree that the Releasor will indemnify and hold harmless all Releasees for any and all amounts paid and/or sought by Medicare/CMS from the Releasees.

### Tax Consequences of Settlement

No representations have been made by Releasor regarding the taxability of all or any portion of this settlement. Releasor had the opportunity to seek independent advice regarding the tax consequences of this settlement, and accepts responsibility for satisfaction of any tax obligation that may result from this settlement.

[Space left intentionally blank]

07/30/2018 15:08   7032575015           BCBKS                          PAGE 01/01

07/30/2018 11:36   13232953708                                         PAGE 02/03

The undersigned acknowledges that he has read this release and understands the terms outlined herein.

Signed this **30** day of **July**, 2018.

*Andre Chapman*

Andre Chapman,
as Personal Representative of the Estate of
Darren Rainey

STATE OF **Virginia** )
)
COUNTY OF **Prince William** )

The foregoing instrument was acknowledged before me this **30th** day of **July** 2018 by **Andre Chapman**, who is personally known to me or who has produced **Virginia Driver's License** as identification which is current or has been issued within the past five years and bears a serial or other identifying number and ____ did ✓ (did not) take an oath:

My Commission Expires: **10/31/2021**

*Carlos Cerrito Jr*
Notary Public

**Carlos Cerrito Jr**
Print/Type Name of Notary

Commission No. **7732032**

[Space left intentionally blank]

Page 6 of 7

RECEIVED 07/30/2018 03:50PM 6263081101     13232953708            07/30/2018 15:53
                                                                  PAGE 02/03
SARMIENTO INC.

The undersigned acknowledges that he has read this release and understands the terms outlined herein.

Signed this **30th** day of **July**, 2018.

_____
Milton C. Grimes, Esq.
Counsel for Releasor

STATE OF **California** )
                                )
COUNTY OF **Los Angeles** )

The foregoing instrument was acknowledged before me this **30th** day of **July**, 2018 by **Milton C. Grimes**, who is personally known to me or who has produced **California Driver License** as identification which is current or has been issued within the past five years and bears a serial or other identifying number and ____ did ____ (did not) take an oath:

My Commission Expires:

_____
Notary Public

**ROSE ARDELL ROBERSON**
Commission # 2120119
Notary Public - California
Los Angeles County
My Comm. Expires Aug 15, 2019

_____
**Rose Ardell Roberson**
Print/Type Name of Notary

Commission No. **8/15/19   2120119**

Page 7 of 7