**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:14-cv-23323-RNS**
**Consolidated Case No. 1:14-cv-24140-RNS**

ANDRE CHAPMAN, as Personal Representative of the ESTATE OF DARREN RAINEY, on behalf of the Estate, and on behalf of Darren Rainey's Surviving Relatives, Andre Chapman, Renee Chapman, Deborah Johnson, Chineaqua Breelove and Harold Marr,

Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS, an Agency of the State of Florida, CORIZON, L.L.C., an out-of-state limited liability corporation doing business and registered in Florida, ROLAND CLARKE, CORNELIUS THOMPSON and JERRY CUMMINGS,

Defendants.

______________________________________ /

**DECLARATION OF JOHN R. SUTTON IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO COMMONS' MEMORANDUM OF LAW**

I, John R. Sutton, declare as follows:

1. I am not a party to the above-styled action. I am an attorney duly licensed to practice in the State of Florida and in the Southern District. The

statements made in this declaration are based on my personal knowledge. If called to testify, I could and would competently testify to these statements.

2. I make this declaration in support of "Plaintiffs' Memorandum of Law In Response to Commons' Memorandum of Law."
3. Attached hereto is a true and correct copy of Rule 4-5.5 including Comment from the Rules Regulating The Florida Bar as Exhibit "1."
4. Attached hereto is a true and correct copy of Rule 4-1.5 from the Rules Regulating the Florida Bar as Exhibit "2."

I declare under penalty of perjury pursuant to the laws of the United States and the State of Florida that the foregoing is true and correct.

Executed this 22nd day of March 2018.

JOHN R. SUTTON, ESQ.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23 day of March, 2018, a true and correct copy of the foregoing **DECLARATION OF JOHN R. SUTTON IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO ATTORNEY COMMONS' MEMORANDUM OF LAW** has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all counsel or parties of record registered with the Court for that purpose.

______________________________

NAME / E SIGNATURE

**(e) Nonlawyer Ownership of Authorized Business Entity.** A lawyer shall not practice with or in the form of a business entity authorized to practice law for a profit if:

(1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration; or

(2) a nonlawyer is a corporate director or officer thereof or occupies the position of similar responsibility in any form of association other than a corporation; or

(3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

**Comment**

The provisions of this rule express traditional limitations on sharing fees. These limitations are to protect the lawyer's professional independence of judgment. Where someone other than the client pays the lawyer's fee or salary, or recommends employment of the lawyer, that arrangement does not modify the lawyer's obligation to the client. As stated in subdivision (d), such arrangements should not interfere with the lawyer's professional judgment.

This rule also expresses traditional limitations on permitting a third party to direct or regulate the lawyer's professional judgment in rendering legal services to another. See also rule 4-1.8(f) (lawyer may accept compensation from a third party as long as there is no interference with the lawyer's independent professional judgment and the client gives informed consent).

The prohibition against sharing legal fees with nonlawyer employees is not intended to prohibit profit-sharing arrangements that are part of a qualified pension, profit-sharing, or retirement plan. Compensation plans, as opposed to retirement plans, may not be based on legal fees.

Amended: June 8, 1989 (544 So.2d 193); July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252); Oct. 20, 1994 (644 So.2d 282); June 27, 1996, effective July 1, 1996 (677 So.2d 272); October 6, 2005, effective January 1, 2006 (SC05-206) (2005 WL 2456201) (916 So.2d 655); March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417).

**RULE 4-5.5 UNLICENSED PRACTICE OF LAW; MULTIJURISDICTIONAL PRACTICE OF LAW**



**(a) Practice of Law.** A lawyer may not practice law in a jurisdiction other than the lawyer's home state, in violation of the regulation of the legal profession in that jurisdiction, or in violation of the regulation of the legal profession in the lawyer's home state or assist another in doing so.

**(b) Prohibited Conduct.** A lawyer who is not admitted to practice in Florida may not:

(1) except as authorized by other law, establish an office or other regular presence in Florida for the practice of law;

(2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida; or

(3) appear in court, before an administrative agency, or before any other tribunal unless authorized to do so by the court, administrative agency, or tribunal pursuant to the applicable rules of the court, administrative agency, or tribunal.

**(c) Authorized Temporary Practice by Lawyer Admitted in Another United States Jurisdiction.** A lawyer admitted and authorized to practice law in another United States jurisdiction who has been neither disbarred or suspended from practice in any jurisdiction, nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule, may provide legal services on a temporary basis in Florida that are:

(1) undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter; or

(2) in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer is authorized by law or order to appear in the proceeding or reasonably expects to be so authorized; or

(3) in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, and the services are not services for which the forum requires pro hac vice admission:

(A) if the services are performed for a client who resides in or has an office in the lawyer's home state, or

(B) where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or

(4) not within subdivisions (c)(2) or (c)(3), and

(A) are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is authorized to practice, or

(B) arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

**(d) Authorized Temporary Practice by Lawyer Admitted in a Non-United States Jurisdiction.** A lawyer who is admitted only in a non-United States jurisdiction who is a member in good standing of a recognized legal profession in a foreign jurisdiction whose members are admitted to practice as lawyers or counselors at law or the equivalent and are subject to effective regulation and discipline by a duly constituted professional body or a public authority, and who has been neither disbarred or suspended from practice in any jurisdiction nor disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule does not engage in the unlicensed practice of law in Florida when on a temporary basis the lawyer performs services in Florida that are:

(1) undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter; or

(2) in or reasonably related to a pending or potential proceeding before a tribunal held or to be held in a jurisdiction outside the United States if the lawyer, or a person the lawyer is assisting, is authorized by law or by order of the tribunal to appear in the proceeding or reasonably expects to be so authorized; or

(3) in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding held or to be held in Florida or another jurisdiction and the services are not services for which the forum requires pro hac vice admission

(A) if the services are performed for a client who resides in or has an office in the jurisdiction in which the lawyer is admitted to practice, or

(B) where the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or

(4) not within subdivisions (d)(2) or (d)(3), and

(A) are performed for a client who resides or has an office in a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization, or

(B) arise out of or are reasonably related to a matter that has a substantial connection to a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization; or

(5) governed primarily by international law or the law of a non-United States jurisdiction in which the lawyer is a member.

**Comment**

Subdivision (a) applies to unlicensed practice of law by a lawyer, whether through the lawyer's direct action or by the lawyer assisting another person. A lawyer may practice law only in a jurisdiction in which the lawyer is authorized to practice. A lawyer may be admitted to practice law in a jurisdiction on a regular basis or may be authorized by court rule or order or by law to practice for a limited purpose or on a restricted basis. Regardless of whether the lawyer is admitted to practice law on a regular basis or is practicing as the result of an authorization granted by court rule or order or by the law, the lawyer must comply with the standards of ethical and professional conduct set forth in these Rules Regulating the Florida Bar.

The definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons. This rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work. See rule 4-5.3. Likewise, it does not prohibit lawyers from providing professional advice and instruction to nonlawyers whose employment requires knowledge of law; for example, claims

adjusters, employees of financial or commercial institutions, social workers, accountants, and persons employed in government agencies. In addition, a lawyer may counsel nonlawyers who wish to proceed pro se.

Other than as authorized by law, a lawyer who is not admitted to practice in Florida violates subdivision (b) if the lawyer establishes an office or other regular presence in Florida for the practice of law. This prohibition includes establishing an office or other regular presence in Florida for the practice of the law of the state where the lawyer is admitted to practice. For example, a lawyer licensed to practice law in New York could not establish an office or regular presence in Florida to practice New York law. Such activity would constitute the unlicensed practice of law. However, for purposes of this rule, a lawyer licensed in another jurisdiction who is in Florida for vacation or for a limited period of time, may provide services to their clients in the jurisdiction where admitted as this does not constitute a regular presence. The lawyer must not hold out to the public or otherwise represent that the lawyer is admitted to practice law in Florida. Presence may be regular even if the lawyer is not physically present here.

Subdivision (b) also prohibits a lawyer who is not admitted to practice in Florida from appearing in a Florida court, before an administrative agency, or before any other tribunal in Florida unless the lawyer has been granted permission to do so. In order to be granted the permission, the lawyer must follow the applicable rules of the court, agency, or tribunal including, without limitation, the Florida Rules of Judicial Administration governing appearance by foreign lawyers. While admission by the Florida court or administrative agency for the particular case authorizes the lawyer's appearance in the matter, it does not act as authorization to allow the establishment of an office in Florida for the practice of law. Therefore, a lawyer licensed in another jurisdiction admitted in a case in Florida may not establish an office in Florida while the case is pending and the lawyer is working on the case.

There are occasions in which a lawyer admitted and authorized to practice in another United States jurisdiction or in a non-United States jurisdiction may provide legal services on a temporary basis in Florida under circumstances that do not create an unreasonable risk to the interests of his or her clients, the public, or the courts. Subdivisions (c) and (d) identify these circumstances. As discussed with regard to subdivision (b) above, this rule does not authorize a lawyer to establish an office or other regular presence in Florida without being admitted to practice generally here. Furthermore, no lawyer is authorized to provide legal services pursuant to this rule if the lawyer is disbarred or suspended from practice in any jurisdiction or has been disciplined or held in contempt in Florida by reason of misconduct committed while engaged in the practice of law permitted pursuant to this rule. The contempt must be final and not reversed or abated.

There is no single test to determine whether a lawyer's services are provided on a "temporary basis" in Florida and may therefore be permissible under subdivision (c). Services may be "temporary" even though the lawyer provides services in Florida on a recurring basis or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation.

Subdivision (c) applies to lawyers who are admitted to practice law in any United States jurisdiction, which includes the District of Columbia and any state, territory, or commonwealth

of the United States. The word "admitted" in subdivision (c) contemplates that the lawyer is authorized to practice in the jurisdiction in which the lawyer is admitted and excludes a lawyer who while technically admitted is not authorized to practice because, for example, the lawyer is on inactive status. Subdivision (d) applies to lawyers who are admitted to practice law in a non-United States jurisdiction if the lawyer is a member in good standing of a recognized legal profession in a foreign jurisdiction, the members of which are admitted to practice as lawyers or counselors at law or the equivalent and subject to effective regulation and discipline by a duly constituted professional body or a public authority. Due to the similarities between the subsections, they will be discussed together. Differences will be noted.

Subdivisions (c)(1)and (d)(1) recognize that the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in Florida. For these subdivisions to apply, the lawyer admitted to practice in Florida could not serve merely as a conduit for the out-of-state lawyer, but would have to share actual responsibility for the representation and actively participate in the representation. To the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice prior to appearing in court or before a tribunal or to obtain admission pursuant to applicable rule(s) prior to appearing before an administrative agency, this rule requires the lawyer to obtain that authority.

Lawyers not admitted to practice generally in Florida may be authorized by law or order of a tribunal or an administrative agency to appear before the tribunal or agency. This authority may be granted pursuant to formal rules governing admission pro hac vice or pursuant to formal rules of the agency. Under subdivision (c)(2), a lawyer does not violate this rule when the lawyer appears before a tribunal or agency pursuant to this authority. As with subdivisions (c)(1) and (d)(1), to the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice prior to appearing in court or before a tribunal or to obtain admission pursuant to applicable rule(s) prior to appearing before an administrative agency, this rule requires the lawyer to obtain that authority.

Subdivision (c)(2) also provides that a lawyer rendering services in Florida on a temporary basis does not violate this rule when the lawyer engages in conduct in anticipation of a proceeding or hearing in a jurisdiction in which the lawyer is authorized to practice law or in which the lawyer reasonably expects to be admitted pro hac vice. Examples of this conduct include meetings with the client, interviews of potential witnesses, and the review of documents. Similarly, a lawyer admitted only in another jurisdiction may engage in conduct temporarily in Florida in connection with pending litigation in another jurisdiction in which the lawyer is or reasonably expects to be authorized to appear, including taking depositions in Florida.

Subdivision (d)(2) is similar to subdivision (c)(2), however, the authorization in (d)(2) only applies to pending or potential proceedings before a tribunal to be held outside of the United States.

Subdivisions (c)(3) and (d)(3) permit a lawyer admitted to practice law in another jurisdiction to perform services on a temporary basis in Florida if those services are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services are performed for a client

who resides in or has an office in the lawyer's home state, or if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice. The lawyer, however, must obtain admission pro hac vice in the case of a court-annexed arbitration or mediation if court rules or law so require. The lawyer must file a verified statement with The Florida Bar in arbitration proceedings as required by rule 1-3.11 unless the lawyer is appearing in an international arbitration as defined in the comment to that rule. A verified statement is not required if the lawyer first obtained the court's permission to appear pro hac vice and the court has retained jurisdiction over the matter. For the purposes of this rule, a lawyer who is not admitted to practice law in Florida who files more than 3 demands for arbitration or responses to arbitration in separate arbitration proceedings in a 365-day period is presumed to be providing legal services on a regular, not temporary, basis; however, this presumption does not apply to a lawyer appearing in international arbitrations as defined in the comment to rule 1-3.11.

Subdivision (c)(4) permits a lawyer admitted in another jurisdiction to provide certain legal services on a temporary basis in Florida that are performed for a client who resides or has an office in the jurisdiction in which the lawyer is authorized to practice or arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted but are not within subdivisions (c)(2) or (c)(3). These services include both legal services and services that nonlawyers may perform but that are considered the practice of law when performed by lawyers. When performing services which may be performed by nonlawyers, the lawyer remains subject to the Rules of Professional Conduct.

Subdivisions (c)(3), (d)(3), and (c)(4) require that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence this relationship. The lawyer's client may have been previously represented by the lawyer, or may be resident in or have substantial contacts with the jurisdiction in which the lawyer is admitted. The matter, although involving other jurisdictions, may have a significant connection with that jurisdiction. In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction or a significant aspect of the matter may involve the law of that jurisdiction. The necessary relationship might arise when the client's activities or the legal issues involve multiple jurisdictions, for example when the officers of a multinational corporation survey potential business sites and seek the services of their lawyer in assessing the relative merits of each. In addition, the services may draw on the lawyer's recognized expertise developed through regular practice of law in a body of law that is applicable to the client's particular matter.

Subdivision (d)(4) permits a lawyer admitted in a non-United States jurisdiction to provide certain services on a temporary basis in Florida that are performed for a client who resides in or has an office in the jurisdiction where the lawyer is authorized to practice or arise out of or are reasonably related to a matter that has a substantial connection to a jurisdiction in which the lawyer is authorized to practice to the extent of that authorization but are not within subdivisions (d)(2) and (d)(3). The scope of the work the lawyer could perform under this provision would be limited to the services the lawyer may perform in the authorizing jurisdiction. For example, if a German lawyer came to the United States to negotiate on behalf of a client in Germany, the lawyer would be authorized to provide only those services that the lawyer is authorized to provide for that client in Germany. Subdivision (d)(5) permits a lawyer admitted in a non-United

States jurisdiction to provide services in Florida that are governed primarily by international law or the law of a non-United States jurisdiction in which the lawyer is a member.

A lawyer who practices law in Florida pursuant to subdivisions (c), (d), or otherwise is subject to the disciplinary authority of Florida. A lawyer who practices law in Florida pursuant to subdivision (c) must inform the client that the lawyer is not licensed to practice law in Florida.

The Supreme Court of Florida has determined that it constitutes the unlicensed practice of law for a lawyer admitted to practice law in a jurisdiction other than Florida to advertise to provide legal services in Florida which the lawyer is not authorized to provide. The rule was adopted in 820 So. 2d 210 (Fla. 2002). The court first stated the proposition in 762 So. 2d 392, 394 (Fla. 1999). Subdivisions (c) and (d) do not authorize advertising legal services in Florida by lawyers who are admitted to practice in jurisdictions other than Florida. Whether and how lawyers may communicate the availability of their services in Florida is governed by subchapter 4-7.

A lawyer who practices law in Florida is subject to the disciplinary authority of Florida.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252). May 12, 2005 to be effective Jan. 1, 2006; emergency order issued Sept. 14, 2005, effective immediately due to Hurricane Katrina; amended September 11, 2008, effective January 1, 2009, (SC07-1844), (991 So.2d 842). Amended April 12, 2012, effective July 1, 2012 (SC10-1967). Amended May 21, 2015, corrected June 25, 2015, effective October 1, 2015 (SC14-2107).

## RULE 4-5.6 RESTRICTIONS ON RIGHT TO PRACTICE

A lawyer shall not participate in offering or making:

**(a)** a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or

**(b)** an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.

### Comment

An agreement restricting the right of lawyers to practice after leaving a firm not only limits their professional autonomy, but also limits the freedom of clients to choose a lawyer. Subdivision (a) prohibits such agreements except for restrictions incident to provisions concerning retirement benefits for service with the firm.

Subdivision (b) prohibits a lawyer from agreeing not to represent other persons in connection with settling a claim on behalf of a client.

This rule does not apply to prohibit restrictions that may be included in the terms of the sale of a law practice in accordance with the provisions of rule 4-1.17.

Where many routine matters are involved, a system of limited or occasional reporting may be arranged with the client.

**Withholding information**

In some circumstances, a lawyer may be justified in delaying transmission of information when the client would be likely to react imprudently to an immediate communication. Thus, a lawyer might withhold a psychiatric diagnosis of a client when the examining psychiatrist indicates that disclosure would harm the client. A lawyer may not withhold information to serve the lawyer's own interest or convenience or the interests or convenience of another person. Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client. Rule 4-3.4(c) directs compliance with such rules or orders.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252); March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417).

## RULE 4-1.5 FEES AND COSTS FOR LEGAL SERVICES

**(a) Illegal, Prohibited, or Clearly Excessive Fees and Costs.** An attorney shall not enter into an agreement for, charge, or collect an illegal, prohibited, or clearly excessive fee or cost, or a fee generated by employment that was obtained through advertising or solicitation not in compliance with the Rules Regulating The Florida Bar. A fee or cost is clearly excessive when:

(1) after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee or the cost exceeds a reasonable fee or cost for services provided to such a degree as to constitute clear overreaching or an unconscionable demand by the attorney; or

(2) the fee or cost is sought or secured by the attorney by means of intentional misrepresentation or fraud upon the client, a nonclient party, or any court, as to either entitlement to, or amount of, the fee.

**(b) Factors to Be Considered in Determining Reasonable Fees and Costs.**

(1) Factors to be considered as guides in determining a reasonable fee include:

(A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

(D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

EXHIBIT
tabbies
2

(E) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

(F) the nature and length of the professional relationship with the client;

(G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

(H) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

(2) Factors to be considered as guides in determining reasonable costs include:

(A) the nature and extent of the disclosure made to the client about the costs;

(B) whether a specific agreement exists between the lawyer and client as to the costs a client is expected to pay and how a cost is calculated that is charged to a client;

(C) the actual amount charged by third party providers of services to the attorney;

(D) whether specific costs can be identified and allocated to an individual client or a reasonable basis exists to estimate the costs charged;

(E) the reasonable charges for providing in-house service to a client if the cost is an in-house charge for services; and

(F) the relationship and past course of conduct between the lawyer and the client.

All costs are subject to the test of reasonableness set forth in subdivision (a) above. When the parties have a written contract in which the method is established for charging costs, the costs charged thereunder shall be presumed reasonable.

**(c) Consideration of All Factors.** In determining a reasonable fee, the time devoted to the representation and customary rate of fee need not be the sole or controlling factors. All factors set forth in this rule should be considered, and may be applied, in justification of a fee higher or lower than that which would result from application of only the time and rate factors.

**(d) Enforceability of Fee Contracts.** Contracts or agreements for attorney's fees between attorney and client will ordinarily be enforceable according to the terms of such contracts or agreements, unless found to be illegal, obtained through advertising or solicitation not in compliance with the Rules Regulating The Florida Bar, prohibited by this rule, or clearly excessive as defined by this rule.

**(e) Duty to Communicate Basis or Rate of Fee or Costs to Client and Definitions.**

(1) *Duty to Communicate.* When the lawyer has not regularly represented the client, the basis or rate of the fee and costs shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation. A fee for legal services that is nonrefundable in any part shall be confirmed in writing and shall explain the intent of the parties as to the nature and amount of the nonrefundable fee. The test of reasonableness found in subdivision (b), above, applies to all fees for legal services without regard to their characterization by the parties.

The fact that a contract may not be in accord with these rules is an issue between the attorney and client and a matter of professional ethics, but is not the proper basis for an action or defense by an opposing party when fee-shifting litigation is involved.

(2) *Definitions.*

(A) Retainer. A retainer is a sum of money paid to a lawyer to guarantee the lawyer's future availability. A retainer is not payment for past legal services and is not payment for future services.

(B) Flat Fee. A flat fee is a sum of money paid to a lawyer for all legal services to be provided in the representation. A flat fee may be termed "non-refundable."

(C) Advance Fee. An advanced fee is a sum of money paid to the lawyer against which the lawyer will bill the client as legal services are provided.

**(f) Contingent Fees.** As to contingent fees:

(1) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by subdivision (f)(3) or by law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.



(2) Every lawyer who accepts a retainer or enters into an agreement, express or implied, for compensation for services rendered or to be rendered in any action, claim, or proceeding whereby the lawyer's compensation is to be dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall do so only where such fee arrangement is reduced to a written contract, signed by the client, and by a lawyer for the lawyer or for the law firm representing the client. No lawyer or firm may participate in the fee without the consent of the client in writing. Each participating lawyer or law firm shall sign the contract with the client and shall agree to assume joint legal responsibility to the client for the performance of the services in question as if each were partners of the other lawyer or law firm involved. The client shall be furnished with a copy of the signed contract and any subsequent notices or consents. All provisions of this rule shall apply to such fee contracts.

(3) A lawyer shall not enter into an arrangement for, charge, or collect:

(A) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof; or

(B) a contingent fee for representing a defendant in a criminal case.

(4) A lawyer who enters into an arrangement for, charges, or collects any fee in an action or claim for personal injury or for property damages or for death or loss of services resulting from personal injuries based upon tortious conduct of another, including products liability claims, whereby the compensation is to be dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall do so only under the following requirements:

(A) The contract shall contain the following provisions:

(i) "The undersigned client has, before signing this contract, received and read the statement of client's rights and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s)."

(ii) "This contract may be cancelled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client."

(B) The contract for representation of a client in a matter set forth in subdivision (f)(4) may provide for a contingent fee arrangement as agreed upon by the client and the lawyer, except as limited by the following provisions:

(i) Without prior court approval as specified below, any contingent fee that exceeds the following standards shall be presumed, unless rebutted, to be clearly excessive:

a. Before the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action:

1. 33 1/3% of any recovery up to $1 million; plus

2. 30% of any portion of the recovery between $1 million and $2 million; plus

3. 20% of any portion of the recovery exceeding $2 million.

b. After the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:

1. 40% of any recovery up to $1 million; plus

2. 30% of any portion of the recovery between $1 million and $2 million; plus

3. 20% of any portion of the recovery exceeding $2 million.

c. If all defendants admit liability at the time of filing their answers and request a trial only on damages:

1. 33 1/3% of any recovery up to $1 million; plus

2. 20% of any portion of the recovery between $1 million and $2 million; plus

3. 15% of any portion of the recovery exceeding $2 million.

d. An additional 5% of any recovery after institution of any appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment.

(ii) If any client is unable to obtain a lawyer of the client's choice because of the limitations set forth in subdivision (f)(4)(B)(i), the client may petition the court in which the matter would be filed, if litigation is necessary, or if that court will not accept jurisdiction for the fee approval, the circuit court in which the cause of action arose, for approval of any fee contract between the client and a lawyer of the client's choosing. Authorization will be given if the court determines the client has a complete understanding of the client's rights and the terms of the proposed contract. The application for authorization of the contract can be filed as a separate proceeding before suit or simultaneously with the filing of a complaint. Proceedings on the petition may occur before service on the defendant and this aspect of the file may be sealed. A petition under this subdivision must contain a certificate showing service on the client and, if the petition is denied, a copy of the petition and order denying the petition must be served on The Florida Bar in Tallahassee by the member of the bar who filed the petition. Authorization of such a contract does not bar subsequent inquiry as to whether the fee actually claimed or charged is clearly excessive under subdivisions (a) and (b).

(iii) Subject to the provisions of 4-1.5(f)(4)(B)(i) and (ii) a lawyer who enters into an arrangement for, charges, or collects any fee in an action or claim for medical liability whereby the compensation is dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall provide the

language of article I, section 26 of the Florida Constitution to the client in writing and shall orally inform the client that:

    a.   Unless waived, in any medical liability claim involving a contingency fee, the claimant is entitled to receive no less than 70% of the first $250,000 of all damages received by the claimant, exclusive of reasonable and customary costs, whether received by judgment, settlement, or otherwise, and regardless of the number of defendants. The claimant is entitled to 90% of all damages in excess of $250,000, exclusive of reasonable and customary costs and regardless of the number of defendants.

    b.   If a lawyer chooses not to accept the representation of a client under the terms of article I, section 26 of the Florida Constitution, the lawyer shall advise the client, both orally and in writing of alternative terms, if any, under which the lawyer would accept the representation of the client, as well as the client's right to seek representation by another lawyer willing to accept the representation under the terms of article I, section 26 of the Florida Constitution, or a lawyer willing to accept the representation on a fee basis that is not contingent.

    c.   If any client desires to waive any rights under article I, section 26 of the Florida Constitution in order to obtain a lawyer of the client's choice, a client may do so by waiving such rights in writing, under oath, and in the form provided in this rule. The lawyer shall provide each client a copy of the written waiver and shall afford each client a full and complete opportunity to understand the rights being waived as set forth in the waiver. A copy of the waiver, signed by each client and lawyer, shall be given to each client to retain, and the lawyer shall keep a copy in the lawyer's file pertaining to the client. The waiver shall be retained by the lawyer with the written fee contract and closing statement under the same conditions and requirements provided in 4-1.5(f)(5).

## WAIVER OF THE CONSTITUTIONAL RIGHT PROVIDED IN ARTICLE I, SECTION 26 OF THE FLORIDA CONSTITUTION

On November 2, 2004, voters in the State of Florida approved The Medical Liability Claimant's Compensation Amendment that was identified as Amendment 3 on the ballot. The amendment is set forth below:

### The Florida Constitution

Article I, Section 26 is created to read "Claimant's right to fair compensation." In any medical liability claim involving a contingency fee, the claimant is entitled to receive no less than 70% of the first $250,000 in all damages received by the claimant, exclusive of reasonable and customary costs, whether received by judgment, settlement or otherwise, and regardless of the number of defendants. The claimant is entitled to 90% of all damages in excess of $250,000,

exclusive of reasonable and customary costs and regardless of the number of defendants. This provision is self-executing and does not require implementing legislation.

The undersigned client understands and acknowledges that (initial each provision):

_____I have been advised that signing this waiver releases an important constitutional right; and

_____I have been advised that I may consult with separate counsel before signing this waiver; and that I may request a hearing before a judge to further explain this waiver; and

_____By signing this waiver I agree to an increase in the attorney fee that might otherwise be owed if the constitutional provision listed above is not waived. Without prior court approval, the increased fee that I agree to may be up to the maximum contingency fee percentages set forth in Rule Regulating The Florida Bar 4-1.5(f)(4)(B)(i). Depending on the circumstances of my case, the maximum agreed upon fee may range from 33 1/3% to 40% of any recovery up to $1 million; plus 20% to 30% of any portion of the recovery between $1 million and $2 million; plus 15% to 20% of any recovery exceeding $2 million; and

_____I have three (3) business days following execution of this waiver in which to cancel this waiver; and

_____I wish to engage the legal services of the lawyers or law firms listed below in an action or claim for medical liability the fee for which is contingent in whole or in part upon the successful prosecution or settlement thereof, but I am unable to do so because of the provisions of the constitutional limitation set forth above. In consideration of the lawyers' or law firms' agreements to represent me and my desire to employ the lawyers or law firms listed below, I hereby knowingly, willingly, and voluntarily waive any and all rights and privileges that I may have under the constitutional provision set forth above, as apply to the contingency fee agreement only. Specifically, I waive the percentage restrictions that are the subject of the constitutional provision and confirm the fee percentages set forth in the contingency fee agreement; and

_____I have selected the lawyers or law firms listed below as my counsel of choice in this matter and would not be able to engage their services without this waiver; and I expressly state that this waiver is made freely and voluntarily, with full knowledge of its terms, and that all questions have been answered to my satisfaction.

## ACKNOWLEDGMENT BY CLIENT FOR PRESENTATION TO THE COURT

The undersigned client hereby acknowledges, under oath, the following:

I have read and understand this entire waiver of my rights under the constitutional provision set forth above.

I am not under the influence of any substance, drug, or condition (physical, mental, or emotional) that interferes with my understanding of this entire waiver in which I am entering and all the consequences thereof.

_______

I have entered into and signed this waiver freely and voluntarily.

I authorize my lawyers or law firms listed below to present this waiver to the appropriate court, if required for purposes of approval of the contingency fee agreement. Unless the court requires my attendance at a hearing for that purpose, my lawyers or law firms are authorized to provide this waiver to the court for its consideration without my presence.

Dated this ______ day of ________________, ____.

By: ______________________________

CLIENT

Sworn to and subscribed before me this _____ day of ______________, _____ by ______________________________, who is personally known to me, or has produced the following identification: ______________________________.

______________________________

Notary Public

My Commission Expires:

Dated this ______ day of ________________, ____.

By: ______________________________

ATTORNEY

(C) Before a lawyer enters into a contingent fee contract for representation of a client in a matter set forth in this rule, the lawyer shall provide the client with a copy of the statement of client's rights and shall afford the client a full and complete opportunity to understand each of the rights as set forth therein. A copy of the statement, signed by both the client and the lawyer, shall be given to the client to retain and the lawyer shall keep a copy in the client's file. The statement shall be retained by the lawyer with the written fee contract and closing statement under the same conditions and requirements as subdivision (f)(5).

(D) As to lawyers not in the same firm, a division of any fee within subdivision (f)(4) shall be on the following basis:

(i) To the lawyer assuming primary responsibility for the legal services on behalf of the client, a minimum of 75% of the total fee.

(ii) To the lawyer assuming secondary responsibility for the legal services on behalf of the client, a maximum of 25% of the total fee. Any fee in excess of 25% shall be presumed to be clearly excessive.

(iii) The 25% limitation shall not apply to those cases in which 2 or more lawyers or firms accept substantially equal active participation in the providing of legal services. In such circumstances counsel shall apply to the court in which the matter would be filed, if litigation is necessary, or if such court will not accept

jurisdiction for the fee division, the circuit court wherein the cause of action arose, for authorization of the fee division in excess of 25%, based upon a sworn petition signed by all counsel that shall disclose in detail those services to be performed. The application for authorization of such a contract may be filed as a separate proceeding before suit or simultaneously with the filing of a complaint, or within 10 days of execution of a contract for division of fees when new counsel is engaged. Proceedings thereon may occur before service of process on any party and this aspect of the file may be sealed. Authorization of such contract shall not bar subsequent inquiry as to whether the fee actually claimed or charged is clearly excessive. An application under this subdivision shall contain a certificate showing service on the client and, if the application is denied, a copy of the petition and order denying the petition shall be served on The Florida Bar in Tallahassee by the member of the bar who filed the petition. Counsel may proceed with representation of the client pending court approval.

(iv) The percentages required by this subdivision shall be applicable after deduction of any fee payable to separate counsel retained especially for appellate purposes.

(5) In the event there is a recovery, upon the conclusion of the representation, the lawyer shall prepare a closing statement reflecting an itemization of all costs and expenses, together with the amount of fee received by each participating lawyer or law firm. A copy of the closing statement shall be executed by all participating lawyers, as well as the client, and each shall receive a copy. Each participating lawyer shall retain a copy of the written fee contract and closing statement for 6 years after execution of the closing statement. Any contingent fee contract and closing statement shall be available for inspection at reasonable times by the client, by any other person upon judicial order, or by the appropriate disciplinary agency.

(6) In cases in which the client is to receive a recovery that will be paid to the client on a future structured or periodic basis, the contingent fee percentage shall be calculated only on the cost of the structured verdict or settlement or, if the cost is unknown, on the present money value of the structured verdict or settlement, whichever is less. If the damages and the fee are to be paid out over the long term future schedule, this limitation does not apply. No attorney may negotiate separately with the defendant for that attorney's fee in a structured verdict or settlement when separate negotiations would place the attorney in a position of conflict.

**(g) Division of Fees Between Lawyers in Different Firms.** Subject to the provisions of subdivision (f)(4)(D), a division of fee between lawyers who are not in the same firm may be made only if the total fee is reasonable and:

(1) the division is in proportion to the services performed by each lawyer; or

(2) by written agreement with the client:

(A) each lawyer assumes joint legal responsibility for the representation and agrees to be available for consultation with the client; and

(B) the agreement fully discloses that a division of fees will be made and the basis upon which the division of fees will be made.

**(h) Credit Plans.** A lawyer or law firm may accept payment under a credit plan. No higher fee shall be charged and no additional charge shall be imposed by reason of a lawyer's or law firm's participation in a credit plan.

**(i) Arbitration Clauses.** A lawyer shall not make an agreement with a potential client prospectively providing for mandatory arbitration of fee disputes without first advising that person in writing that the potential client should consider obtaining independent legal advice as to the advisability of entering into an agreement containing such mandatory arbitration provisions. A lawyer shall not make an agreement containing such mandatory arbitration provisions unless the agreement contains the following language in bold print:

> NOTICE: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

**STATEMENT OF CLIENT'S RIGHTS**

**FOR CONTINGENCY FEES**

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

| ______________________ | ______________________ |
|---|---|
| Client Signature | Attorney Signature |
| ______________________ | ______________________ |
| Date | Date |

**Comment**

**Bases or rate of fees and costs**

When the lawyer has regularly represented a client, they ordinarily will have evolved an understanding concerning the basis or rate of the fee. The conduct of the lawyer and client in prior relationships is relevant when analyzing the requirements of this rule. In a new client-lawyer relationship, however, an understanding as to the fee should be promptly established. It is not necessary to recite all the factors that underlie the basis of the fee but only those that are directly involved in its computation. It is sufficient, for example, to state the basic rate is an hourly charge or a fixed amount or an estimated amount, or to identify the factors that may be taken into account in finally fixing the fee. Although hourly billing or a fixed fee may be the most common bases for computing fees in an area of practice, these may not be the only bases for computing fees. A lawyer should, where appropriate, discuss alternative billing methods with the client. When developments occur during the representation that render an earlier estimate substantially inaccurate, a revised estimate should be provided to the client. A written statement concerning the fee reduces the possibility of misunderstanding. Furnishing the client with a simple memorandum or a copy of the lawyer's customary fee schedule is sufficient if the basis or rate of the fee is set forth.

General overhead should be accounted for in a lawyer's fee, whether the lawyer charges hourly, flat, or contingent fees. Filing fees, transcription, and the like should be charged to the client at the actual amount paid by the lawyer. A lawyer may agree with the client to charge a reasonable amount for in-house costs or services. In-house costs include items such as copying, faxing, long distance telephone, and computerized research. In-house services include paralegal services, investigative services, accounting services, and courier services. The lawyer should

sufficiently communicate with the client regarding the costs charged to the client so that the client understands the amount of costs being charged or the method for calculation of those costs. Costs appearing in sufficient detail on closing statements and approved by the parties to the transaction should meet the requirements of this rule.

Rule 4-1.8(e) should be consulted regarding a lawyer's providing financial assistance to a client in connection with litigation.

Lawyers should also be mindful of any statutory, constitutional, or other requirements or restrictions on attorneys' fees.

In order to avoid misunderstandings concerning the nature of legal fees, written documentation is required when any aspect of the fee is nonrefundable. A written contract provides a method to resolve misunderstandings and to protect the lawyer in the event of continued misunderstanding. Rule 4-1.5 (e) does not require the client to sign a written document memorializing the terms of the fee. A letter from the lawyer to the client setting forth the basis or rate of the fee and the intent of the parties in regard to the nonrefundable nature of the fee is sufficient to meet the requirements of this rule.

All legal fees and contracts for legal fees are subject to the requirements of the Rules Regulating The Florida Bar. In particular, the test for reasonableness of legal fees found in rule 4-1.5(b) applies to all types of legal fees and contracts related to them.

**Terms of payment**

A lawyer may require advance payment of a fee but is obliged to return any unearned portion. See rule 4-1.16(d). A lawyer is not, however, required to return retainers that, pursuant to an agreement with a client, are not refundable. A nonrefundable retainer or nonrefundable flat fee is the property of the lawyer and should not be held in trust. If a client gives the lawyer a negotiable instrument that represents both an advance on costs plus either a nonrefundable retainer or a nonrefundable flat fee, the entire amount should be deposited into the lawyer's trust account, then the portion representing the earned nonrefundable retainer or nonrefundable flat fee should be withdrawn within a reasonable time. An advance fee must be held in trust until it is earned. Nonrefundable fees are, as all fees, subject to the prohibition against excessive fees.

A lawyer may accept property in payment for services, such as an ownership interest in an enterprise, providing this does not involve acquisition of a proprietary interest in the cause of action or subject matter of the litigation contrary to rule 4-1.8(i). However, a fee paid in property instead of money may be subject to special scrutiny because it involves questions concerning both the value of the services and the lawyer's special knowledge of the value of the property.

An agreement may not be made whose terms might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's interest. For example, a lawyer should not enter into an agreement whereby services are to be provided only up to a stated amount when it is foreseeable that more extensive services probably will be required, unless the situation is adequately explained to the client. Otherwise, the client might have to bargain for further assistance in the midst of a proceeding or transaction. However, it is proper to define the extent of services in light of the client's ability to pay. A lawyer should not exploit

a fee arrangement based primarily on hourly charges by using wasteful procedures. When there is doubt whether a contingent fee is consistent with the client's best interest, the lawyer should offer the client alternative bases for the fee and explain their implications. Applicable law may impose limitations on contingent fees, such as a ceiling on the percentage.

**Prohibited contingent fees**

Subdivision (f)(3)(A) prohibits a lawyer from charging a contingent fee in a domestic relations matter when payment is contingent upon the securing of a divorce or upon the amount of alimony or support or property settlement to be obtained. This provision does not preclude a contract for a contingent fee for legal representation in connection with the recovery of post-judgment balances due under support, alimony, or other financial orders because such contracts do not implicate the same policy concerns.

Contingent fees are prohibited in criminal and certain domestic relations matters. In domestic relations cases, fees that include a bonus provision or additional fee to be determined at a later time and based on results obtained have been held to be impermissible contingency fees and therefore subject to restitution and disciplinary sanction as elsewhere stated in these Rules Regulating The Florida Bar.

**Contingent fee regulation**

Subdivision (e) is intended to clarify that whether the lawyer's fee contract complies with these rules is a matter between the lawyer and client and an issue for professional disciplinary enforcement. The rules and subdivision (e) are not intended to be used as procedural weapons or defenses by others. Allowing opposing parties to assert noncompliance with these rules as a defense, including whether the fee is fixed or contingent, allows for potential inequity if the opposing party is allowed to escape responsibility for their actions solely through application of these rules.

Rule 4-1.5(f)(4) should not be construed to apply to actions or claims seeking property or other damages arising in the commercial litigation context.

Rule 4-1.5(f)(4)(B) is intended to apply only to contingent aspects of fee agreements. In the situation where a lawyer and client enter a contract for part noncontingent and part contingent attorney's fees, rule 4-1.5(f)(4)(B) should not be construed to apply to and prohibit or limit the noncontingent portion of the fee agreement. An attorney could properly charge and retain the noncontingent portion of the fee even if the matter was not successfully prosecuted or if the noncontingent portion of the fee exceeded the schedule set forth in rule 4-1.5(f)(4)(B). Rule 4-1.5(f)(4)(B) should, however, be construed to apply to any additional contingent portion of such a contract when considered together with earned noncontingent fees. Thus, under such a contract a lawyer may demand or collect only such additional contingent fees as would not cause the total fees to exceed the schedule set forth in rule 4-1.5(f)(4)(B).

The limitations in rule 4-1.5(f)(4)(B)(i)c are only to be applied in the case where all the defendants admit liability at the time they file their initial answer and the trial is only on the issue of the amount or extent of the loss or the extent of injury suffered by the client. If the trial involves not only the issue of damages but also such questions as proximate cause, affirmative

defenses, seat belt defense, or other similar matters, the limitations are not to be applied because of the contingent nature of the case being left for resolution by the trier of fact.

Rule 4-1.5(f)(4)(B)(ii) provides the limitations set forth in subdivision (f)(4)(B)(i) may be waived by the client upon approval by the appropriate judge. This waiver provision may not be used to authorize a lawyer to charge a client a fee that would exceed rule 4-1.5(a) or (b). It is contemplated that this waiver provision will not be necessary except where the client wants to retain a particular lawyer to represent the client or the case involves complex, difficult, or novel questions of law or fact that would justify a contingent fee greater than the schedule but not a contingent fee that would exceed rule 4-1.5(b).

Upon a petition by a client, the trial court reviewing the waiver request must grant that request if the trial court finds the client: (a) understands the right to have the limitations in rule 4-1.5(f)(4)(B) applied in the specific matter; and (b) understands and approves the terms of the proposed contract. The consideration by the trial court of the waiver petition is not to be used as an opportunity for the court to inquire into the merits or details of the particular action or claim that is the subject of the contract.

The proceedings before the trial court and the trial court's decision on a waiver request are to be confidential and not subject to discovery by any of the parties to the action or by any other individual or entity except The Florida Bar. However, terms of the contract approved by the trial court may be subject to discovery if the contract (without court approval) was subject to discovery under applicable case law or rules of evidence.

Rule 4-1.5(f)(4)(B)(iii) is added to acknowledge the provisions of Article 1, Section 26 of the Florida Constitution, and to create an affirmative obligation on the part of an attorney contemplating a contingency fee contract to notify a potential client with a medical liability claim of the limitations provided in that constitutional provision. This addition to the rule is adopted prior to any judicial interpretation of the meaning or scope of the constitutional provision and this rule is not intended to make any substantive interpretation of the meaning or scope of that provision. The rule also provides that a client who wishes to waive the rights of the constitutional provision, as those rights may relate to attorney's fees, must do so in the form contained in the rule.

Rule 4-1.5(f)(6) prohibits a lawyer from charging the contingent fee percentage on the total, future value of a recovery being paid on a structured or periodic basis. This prohibition does not apply if the lawyer's fee is being paid over the same length of time as the schedule of payments to the client.

Fees that provide for a bonus or additional fees and that otherwise are not prohibited under the Rules Regulating The Florida Bar can be effective tools for structuring fees. For example, a fee contract calling for a flat fee and the payment of a bonus based on the amount of property retained or recovered in a general civil action is not prohibited by these rules. However, the bonus or additional fee must be stated clearly in amount or formula for calculation of the fee (basis or rate). Courts have held that unilateral bonus fees are unenforceable. The test of reasonableness and other requirements of this rule apply to permissible bonus fees.

**Division of fee**

A division of fee is a single billing to a client covering the fee of 2 or more lawyers who are not in the same firm. A division of fee facilitates association of more than 1 lawyer in a matter in which neither alone could serve the client as well, and most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist. Subject to the provisions of subdivision (f)(4)(D), subdivision (g) permits the lawyers to divide a fee on either the basis of the proportion of services they render or by agreement between the participating lawyers if all assume responsibility for the representation as a whole and the client is advised and does not object. It does require disclosure to the client of the share that each lawyer is to receive. Joint responsibility for the representation entails the obligations stated in rule 4-5.1 for purposes of the matter involved.

**Disputes over fees**

Since the fee arbitration rule (chapter 14) has been established by the bar to provide a procedure for resolution of fee disputes, the lawyer should conscientiously consider submitting to it. Where law prescribes a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, a class, or a person entitled to a reasonable fee as part of the measure of damages, the lawyer entitled to such a fee and a lawyer representing another party concerned with the fee should comply with the prescribed procedure.

**Referral fees and practices**

A secondary lawyer shall not be entitled to a fee greater than the limitation set forth in rule 4-1.5(f)(4)(D)(ii) merely because the lawyer agrees to do some or all of the following: (a) consults with the client; (b) answers interrogatories; (c) attends depositions; (d) reviews pleadings; (e) attends the trial; or (f) assumes joint legal responsibility to the client. However, the provisions do not contemplate that a secondary lawyer who does more than the above is necessarily entitled to a larger percentage of the fee than that allowed by the limitation.

The provisions of rule 4-1.5(f)(4)(D)(iii) only apply where the participating lawyers have for purposes of the specific case established a co-counsel relationship. The need for court approval of a referral fee arrangement under rule 4-1.5(f)(4)(D)(iii) should only occur in a small percentage of cases arising under rule 4-1.5(f)(4) and usually occurs prior to the commencement of litigation or at the onset of the representation. However, in those cases in which litigation has been commenced or the representation has already begun, approval of the fee division should be sought within a reasonable period of time after the need for court approval of the fee division arises.

In determining if a co-counsel relationship exists, the court should look to see if the lawyers have established a special partnership agreement for the purpose of the specific case or matter. If such an agreement does exist, it must provide for a sharing of services or responsibility and the fee division is based upon a division of the services to be rendered or the responsibility assumed. It is contemplated that a co-counsel situation would exist where a division of responsibility is based upon, but not limited to, the following: (a) based upon geographic considerations, the lawyers agree to divide the legal work, responsibility, and representation in a convenient fashion.

Such a situation would occur when different aspects of a case must be handled in different locations; (b) where the lawyers agree to divide the legal work and representation based upon their particular expertise in the substantive areas of law involved in the litigation; or (c) where the lawyers agree to divide the legal work and representation along established lines of division, such as liability and damages, causation and damages, or other similar factors.

The trial court's responsibility when reviewing an application for authorization of a fee division under rule 4-1.5(f)(4)(D)(iii) is to determine if a co-counsel relationship exists in that particular case. If the court determines a co-counsel relationship exists and authorizes the fee division requested, the court does not have any responsibility to review or approve the specific amount of the fee division agreed upon by the lawyers and the client.

Rule 4-1.5(f)(4)(D)(iv) applies to the situation where appellate counsel is retained during the trial of the case to assist with the appeal of the case. The percentages set forth in subdivision (f)(4)(D) are to be applicable after appellate counsel's fee is established. However, the effect should not be to impose an unreasonable fee on the client.

**Credit plans**

Credit plans include credit cards. If a lawyer accepts payment from a credit plan for an advance of fees and costs, the amount must be held in trust in accordance with chapter 5, Rules Regulating The Florida Bar, and the lawyer must add the lawyer's own money to the trust account in an amount equal to the amount charged by the credit plan for doing business with the credit plan.

Amended: Oct. 20, 1987, effective Jan. 1, 1988 (519 So.2d 971); Oct. 26, 1989 (550 So.2d 1120); Dec. 21, 1990, effective Jan. 1, 1991 (571 So.2d 451); July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252); Oct. 20, 1994 (644 So.2d 282); July 20, 1995 (658 So.2d 930); Sept. 24, 1998, effective Oct. 1, 1998 (718 So.2d 1179); March 23, 2000 (763 So.2d 1002); Feb. 8, 2001 (795 So.2d 1); April 25, 2002 (820 So.2d 210); May 20, 2004 (SC03-705); corrected opinion issued July 7, 2004, (875 So.2d 448); October 6, 2005, effective January 1, 2006 (SC05-206), (916 So.2d 655); March 23, 2006, effective May 22, 2006 (SC04-2246), (933 So.2d 417); September 28, 2006, effective September 28, 2006 (SC05-1150), (939 So.2d 1032); December 20, 2007, effective March 1, 2008 (SC06-736), (978 So.2d 91); November 19, 2009, effective February 1, 2010 (SC08-1890) (34 Fla.L.Weekly S628a). Amended April 12, 2012, effective July 1, 2012 (SC10-1967), amended November 9, 2017, effective February 1, 2018 (SC16-1962).

## RULE 4-1.6 CONFIDENTIALITY OF INFORMATION

**(a) Consent Required to Reveal Information.** A lawyer must not reveal information relating to representation of a client except as stated in subdivisions (b), (c), and (d), unless the client gives informed consent.

**(b) When Lawyer Must Reveal Information.** A lawyer must reveal confidential information to the extent the lawyer reasonably believes necessary:

(1)  to prevent a client from committing a crime; or

(2)  to prevent a death or substantial bodily harm to another.