UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23323-RNS
Consolidated Case No. 1:14-cv-24140-RNS

ANDRE CHAPMAN, as Personal Representative of the
ESTATE OF DARREN RAINEY, on behalf of the
Estate, and on behalf of Darren Rainey's Surviving Relatives,
Andre Chapman, Renee Chapman, Deborah Johnson,
Chnieaqua Breelove and Harold Marr,

       Plaintiffs,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS, an Agency
of the State of Florida, CORIZON, L.L.C., an out-of-state
limited liability corporation  doing business and registered
in Florida, ROLAND CLARKE, CORNELIUS THOMPSON
and JERRY CUMMINGS,

       Defendants.
_____/

PERSONAL REPRESENTATIVE'S REPLY TO
PLAINTIFF ANDRE CHAPMAN'S RESPONSE TO
MOTION TO INTERVENE REGARDING DETERMINATION
AND ALLOCATION OF WRONGFUL DEATH DAMAGES

       Joyce Anderson, as Personal Representative of the Estate of Daralyn Joyce Anderson ("Daralyn's Personal Representative"), hereby replies to Plaintiff Andre Chapman's Response to her Motion to Intervene as follows:

       Daralyn's Personal Representative is entitled to intervene in these proceedings as a matter of right as the Estate of Daralyn Anderson is the only legal recipient of the lawsuit proceeds pursuant to either the Wrongful Death Act or the Florida Probate Code; Daralyn's Personal

Page -1-

Representative's Motion to Intervene is not untimely; Daralyn's estate's interests are not adequately represented in these proceedings; and permitting the Daralyn's Personal Representative to intervene will not prejudice any other parties' rights. Plaintiff Chapman knows that he and his sister, Renee, are not statutorily entitled in any way to the proceeds of the wrongful death lawsuit so he attempts to confuse the Court with inflammatory side-show allegations and misstatements of the law. The Court must not be persuaded by these tactics in the face of clear legal authority providing Daralyn's Personal Representative with a right to intervene.

I.      **Hearsay and Allegations Which Violate Rule 408 Must Be Stricken and Disregarded**

Plaintiff Chapman's Response and the affidavits filed in support of the Response are rife with statements purportedly attributable to the undersigned which are either inaccurate, hearsay, or were purportedly made during settlement negotiations with opposing counsel. See pages 3, 4, 5, 12, and 17 of the Response and Declaration of John R. Sutton (Document 330-1); Correct Declaration of John R. Sutton (Document 329); Declaration of Vicki Sarmiento (Document 330-2); and Declaration of Probate Attorney Vernita C. Williams (Document 330-3). Any settlement negotiations between the undersigned and opposing counsel are confidential and inadmissible pursuant to Rule 408 of the Federal Evidence Code. By its terms, Rule 408 precludes the admission of communications concerning an offer to compromise a claim. Fed. R. Evid. 408. The rule is designed to encourage settlements by fostering free and full discussion of the issues. Ramada Dev. Co. v. Rauch, 644 F.2d 1097, 1106 (5th Cir. 1981). If the proffered statements were intended to be part of negotiations towards a compromise it is appropriate to strike them. See Marshall v. Quincy Compressor, LLC, 2016 WL 879311 (S.D. Ala. 2016). The Court must

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

strike and disregard Plaintiff's allegations concerning statements purportedly made by the undersigned during settlement negotiations contained on pages 3, 4, and 5 of his Response and set forth in the affidavits of John Sutton, Vicki Sarmiento, and Vernita Williams filed in support of the Response. Further, Plaintiff Chapman's allegations on pages 12 and 17 of the Response and in the affidavits set forth above concerning statements purportedly made by the undersigned during Local Rule 7.1 "meet and confer" conferences are not accurate, are hearsay, and must also be stricken and disregarded.

Most importantly, Plaintiff Chapman's allegations concerning any discussions held with the undersigned are completely irrelevant to the issue before the Court which is whether the Personal Representative of Daralyn Anderson's estate has a right to intervene in these proceedings. None of the statements purportedly attributable to the undersigned during settlement negotiations or otherwise have any bearing whatsoever on this issue and are only being put forth to either confuse or prejudice the Court.

## II.   Section 768.24 Does Not Preclude Recovery By The Estate of Daralyn Anderson

Plaintiffs rely heavily on Section 768.24 for their assertion that the Estate of Daralyn Anderson is not entitled to any of the proceeds of the wrongful death suit. Section 768.24 limits a survivor's "recovery to lost support and services the date of his or her death". Fla. Stat. § 768.24. Plaintiffs argue, without submitting any evidence, that Daralyn Joyce Anderson's estate is not entitled to any proceeds because she died 8 months after her father and purportedly did not receive any support or services from him. First, whether Daralyn Joyce Anderson received any support or services from her father and the amount of said support or services is a matter of fact requiring an evidentiary hearing. See Weinstein v. State, 745 So.2d 1085 (Fla. 4th DCA 1999)

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

(holding that determination of amount of proceeds recoverable under wrongful death act requires evidentiary hearing). Second, even if the amount that would be recoverable to Daralyn Joyce Anderson's estate is small, the estate still has an interest in these proceedings establishing entitlement to intervene as a matter of right. A small interest is still an interest.

However, these issues are now mooted by the fact that a settlement has been reached. The Court must keep in mind that the provisions of the Wrongful Death Act concerning the recovery of damages only applies to damages which are awarded at trial. Instead, where a settlement has been tendered by defendants, the Personal Representative that brought the action, "is obligated to proportion proceeds **between the estate and the survivors in a reasonable and equitable manner.**" Continental Nat. Bank v. Brill, 636 So.2d 782, 784 (Fla. 3d DCA 1994) (emphasis added); University Medical Center v. Zeiler, 625 So.2d 120, 122 (Fla. 5th DCA 1993). This is where Plaintiffs' position regarding Daralyn Anderson's estate's entitlement to the lawsuit proceeds falls apart.

There are only two types of legally permissible recipients of the lawsuit proceeds: the beneficiaries of Darren Rainey's estate as defined by the Florida Probate Code and Darren Rainey's "survivors" as defined by the Wrongful Death Act. Id.; Fla. Stat. § 768.20. The settlement proceeds must be divided between these two recipients, and only these two recipients, in an "equitable" fashion. Continental Nat. Bank v. Brill, 636 So.2d 782, 784 (Fla. 3d DCA 1994). However, even assuming *arguendo* that Daralyn Anderson's estate was somehow limited in the amount it is entitled to as a survivor under Section 768.24, the remaining balance of the proceeds would necessarily have to be paid to the only legally permissible recipient left: Darren Rainey's estate. There are no other permissible recipients. Fla. Stat. § 768.20. Darren Rainey

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

died intestate and while his only living descendant, Daralyn Anderson, was still alive. Therefore, her estate is the sole intestate beneficiary of Darren Rainey's estate. Fla. Stat. § 732.103(1); Fla. Stat. § 732.101(2). One way or the other, the only legally permissible recipient of the lawsuit proceeds is the Estate of Daralyn Joyce Anderson.

Given the clear, statutory mandates of the Wrongful Death Act and the Florida Probate Code, it is unclear how Plaintiff Chapman can demonstrate legal entitlement to the proceeds. His position on the matter to this Court is contradictory to say the least. On the one hand, he argues in his Response that the proceeds of the lawsuit are not assets of the Estate of Darren Rainey. On the other hand, his Petition for Determination and Allocation of Wrongful Death Damages filed with this Court (Document #314) requests that the Court determine that he and his sister, Renee Chapman, are entitled to the proceeds as Darren Rainey's intestate heirs pursuant to Section 732.105 of the Florida Probate Code. Petition, p.9. Clearly, these assertions are repugnant to one another and in direct contradiction to Florida law. Andre and Renee Chapman are simply not Darren Rainey's intestate heirs due to the fact that Mr. Rainey was survived by his daughter. Fla. Stat. § 732.103(1). The Personal Representative of Daralyn Anderson's Estate's interest in these proceedings cannot be disputed and her Motion to Intervene must be granted.

## III.     The Personal Representative's Motion to Intervene Is Not Untimely

Plaintiff Chapman argues that Daralyn's Personal Representative should have intervened in these proceedings sooner. This doesn't make sense. In Florida, the personal representative of the Estate of Darren Rainey is the only party permitted to seek recovery of all damages caused by the injury resulting in death for the benefit of Mr. Rainey's survivors and for the estate. Fla. Stat. § 768.20. The statute requires a single action brought by a personal representative to recover

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

damages for all beneficiaries under the act. Funchess v. Gulf Stream Apartments of Broward County, Inc., 611 So.2d 43, 45 (Fla. 4th DCA 1992). By requiring the personal representative to bring a single action, the statute eliminates multiple claims and lawsuits against the wrongdoer. Id.

Plaintiff Chapman had a fiduciary duty to seek relief for all survivors and beneficiaries of Darren Rainey's estate. Fla. Stat. § 733.602; Fla. Stat. § 768.20. During the pendency of the action prior to settlement, there would be no basis for any survivor or any beneficiary of Darren Rainey's estate to move to intervene in the matter. In fact, it is unlikely that any such motion would be granted given the requirement that only one action be filed by the personal representative coupled with the personal representative's clear mandate to seek relief for all interested persons.

However, the situation has clearly changed. Despite being aware of the existence of Daralyn Joyce Anderson, and despite being put on notice that a Personal Representative had been appointed for her Estate who was asserting the Estate's rights, Plaintiff Chapman has persisted in seeking a determination from this Court that he and Renee Chapman are the only persons entitled to the proceeds of the lawsuit. The need to intervene only arose once Plaintiff Chapman abandoned his duties to seek recovery for all interested persons, including the Estate of Daralyn Anderson. Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel, 861 F.3d 1278, 1294 (11th Cir. 2017) (reversing a denial of a motion to intervene for being untimely where need to intervene arose shortly before motion was filed even though case had been pending for years) ("The reason for Gold Hound's intervention—the September 15, 2015, order setting the date of the 2014 distribution hearing—arose only two weeks before it sought to intervene.").

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

Plaintiff Chapman knows that he deliberately chose not to involve Daralyn's estate in these proceedings so he now argues that Daralyn's mother "should have known" of her daughter's right to recover damages based upon the media coverage surrounding Darren Rainey's death. Plaintiff Chapman cites no authority for the proposition that news reports or media coverage is adequate notice of any proceeding to interested persons[1] under the Florida Probate Code or Florida law. In any event, the issue is a non-starter as the Personal Representative of the Estate of Daralyn Anderson would have no reason, and possibly no right, to intervene until and unless circumstances were such that her interests were not being adequately represented by Plaintiff Chapman. Those circumstances have arisen only recently.

Plaintiff Chapman also argues that the Motion to Intervene cannot be granted because the Personal Representative did not bring her claim within the statute of limitations. Respectfully, this is nonsensical. As set forth above, only the Personal Representative of Darren Rainey's estate is permitted to bring a claim on behalf of the decedent and he did so within the limitations period. His filing of the claim on behalf of Mr. Rainey's survivors and estate satisfied any limitations issues which could be asserted against them.

Plaintiff Chapman also makes much hay out of Joyce Anderson's purported "refusal" to participate in the probate court's hearing on Mr. Chapman's Petition to Approve Settlement. First, these allegations must be disregarded by the Court as they are simply hearsay and based upon allegations made by Mr. Chapman's attorneys. Further, Joyce Anderson is an "interested

---

[1] The Florida Probate Code defines "interested person" as "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." Fla. Stat. § 731.201. An "interested person" is entitled to the same level of due process that the law allows a "party" to the lawsuit. Zelman v. Zelman, 175 So.3d 871, 877 (Fla. 4th DCA 2015) (citing Hayes v. Guardianship of Thompson, 952 So.2d 498 (Fla. 2006).

Page -7-

person" who was entitled to formal notice of the proceedings under the Florida Probate Code. Fla. Stat. § 731.201; Fla. Prob. R. 5.400. Rule 5.040 of the Florida Probate Rules provides that when formal notice is given, a copy of the pleading or motion shall be served on interested persons together with a notice requiring the person served to serve written defenses within 20 days. Fla. Prob. R. 5.040. Further, proper notice includes written notice served a reasonable time before the time specified for the hearing with adequate time to prepare. Devoe & Raynolds Co., Inc., 382 So.2d 126 (Fla. 4th DCA 1980).

The Court should note that Andre Chapman and his attorneys served other interested persons, such as Linda Commons, with formal notice of the Petition to Approve Settlement. Yet they admit they did not do so for either Joyce Anderson or Daralyn's Personal Representative. Instead, Mr. Chapman's attorney showed up at Ms. Anderson's door at approximately 4PM prior to the day of the hearing and attempted to get Ms. Anderson to execute a "consent" to Mr. Chapman's Petition to Approve Settlement, a petition which specifically provided that Mr. Chapman and his sister were the only persons entitled to the settlement proceeds. We only have Mr. Chapman's attorney's testimony as to what was said between her and Ms. Anderson but, regardless, any purported "refusal" by Ms. Anderson to attend the hearing, even if true, is meaningless under these strange circumstances.

Finally, Plaintiff Chapman's argument that he is adequately representing Daralyn Anderson's estate's interest is disingenuous. Daralyn Anderson's estate's interest may have been adequately represented while Plaintiff Chapman pursued the wrongful death claim against the Defendants and obtained a settlement, but clearly that is no longer the case as Plaintiff Chapman is now actively trying to circumvent the estate's rights to the proceeds.

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*

### IV. Permitting the Personal Representative to Intervene Will Not Prejudice Any Parties

Plaintiff Chapman states in his Response that the prejudice to him and Renee Chapman would be "massive". However, neither Plaintiff Chapman, or Renee Chapman, are legally entitled to the lawsuit proceeds as they are not "survivors" under the Wrongful Death Act nor are they intestate heirs of Darren Rainey's estate. Plaintiff Chapman has not and can not put forth a legally cognizable basis for any entitlement to the proceeds of the lawsuit. In the end, his argument as to his entitlement to the proceeds, taken in its totality, boils down to, "we deserve it." Obviously, this is not the correct standard. To be prejudiced, Andre Chapman would have to show that some legal right is being impinged upon. As painful as it may be, Andre and Renee Chapman simply have no legal right to the proceeds and so cannot possibly be prejudiced by an order permitting the Personal Representative to intervene.

Further, Andre Chapman is only a party in this action in his capacity as Personal Representative of the Estate of Darren Rainey and he is only permitted to seek recovery for Darren Rainey's survivors and his estate, noone else. As he and Renee are neither survivors nor beneficiaries of Mr. Rainey's estate, they do not even have standing to assert any so-called prejudice. On the other hand, the Estate of Daralyn Anderson's interest as the sole survivor and beneficiary of Darren Rainey's estate will be severely prejudiced if not permitted to intervene.

Plaintiff Chapman attempts to confuse the Court by claiming that Daralyn's Personal Representative is seeking to do away with the settlement altogether due to the fact that she appealed Judge Korvick's Order Approving Settlement. The Order entered by Judge Korvick granted a Petition to Approve Settlement which explicitly stated that the only persons entitled to the settlement proceeds are Andre and Renee Chapman. Further, the Order was entered without

adequate notice to or even basic due process for either Joyce Anderson or Daralyn's estate. Further, the Order inexplicably declares that the wrongful death proceeds are not assets of the Estate which flies in the face of Florida law and is directly contrary to the relief sought by Plaintiff Chapman on behalf of the Estate in these proceedings. Further, Judge Korvick's ruling that the proceeds are not assets of the Estate was done *sua sponte*, without the benefit of argument of counsel, and without the issue even being noticed for hearing. Daralyn's Personal Representative has no choice but to appeal such an Order and/or move to vacate the Order. In doing so, Daralyn's Personal Representative is not attacking the amount of the settlement but instead will be addressing the following discrete issues: 1) the failure to provide interested persons with proper notice and due process; 2) the erroneous ruling that the proceeds of the lawsuit are not assets of the estate; and 3) the erroneous granting of a Petition to Approve Settlement that purports to pay the proceeds of the settlement to persons who are not Darren Rainey's survivors or intestate beneficiaries of his estate. Plaintiff Chapman's mischaracterization of the Personal Representative's motives in appealing the Order is simply an attempt to confuse and falsely alarm the Court and should be disregarded.

    Daralyn's Personal Representative respectfully poses the following question to this Court: if Daralyn's Personal Representative is not permitted to intervene, who could be legally permitted, under the Wrongful Death Act or Florida Probate Code, to be paid the proceeds? Plaintiff Chapman and his sister are simply not survivors or intestate beneficiaries of Darren Rainey's estate. Plaintiff Chapman is asking this Court to forge a type of relief not contemplated or afforded by Florida's Wrongful Death Act or by Florida's Probate Code. Respectfully, to do so would be a violation of clear, unambiguous statutory law. Daralyn's Personal Representative's Motion to Intervene must be granted.

Dated: September 12, 2018.

        Respectfully submitted,

        WINTTER & ASSOCIATES, P.A.
        14 Rose Drive
        Fort Lauderdale, FL 33316
        Telephone:  (954) 920-7014
        Facsimile:  (954) 920-7080
        eService:  eService@wintterlaw.com

By: _____
        Christopher Q. Wintter
        Florida Bar No. 715379
        cqw@wintterlaw.com
        Max G. Soren
        Florida Bar No. 623431
        mgs@wintterlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2018 a true and correct copy of the foregoing and all attachments has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all counsel or parties of record registered with the Court for that purpose.

Milton C. Grimes, Esquire
Law Offices of Milton C. Grimes, APC
3774 W. 54th Street
Los Angeles, CA 90043
miltgrim@aol.com
Attorneys for Plaintiffs

Annette Newman, Esquire
Law Office of Annette Newman, LLC
101 NE 3rd Avenue, Ste. 1500
Fort Lauderdale, FL 33301-1181
annettenewmanesq@gmail.com
Attorneys for Plaintiffs

Vicki I. Sarmiento, Esquire
Law Offices of Vicki I. Sarmiento
333 N. Garfield Avenue
Alhambra, VA 91801
vsarmiento@vis-law.com
Co-Counsel for Plaintiffs

Monica Stinson, Esq.
Senior Assistant Attorney General
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
Monica.Stinson@myfloridalegal.com
Attorneys for Defendant FDOC

Max Price, Esq.
LAW OFFICE OF MAX R. PRICE, P.A.
6701 Sunset Drive, Suite 104
Miami, FL 33143
Phone: (305) 662-2272
Email: mprice@pricelegal.com

Gregg A. Toomey, Esq.
THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL 33901
Phone: (239) 337-1630
Email: GAT@thetoomeylawfirm.com
hms@thetoomeylawfirm.com
arl@thetoomeylawfirm.com
Attorneys for Defendant Corizon, LLC

Sheridan Weissenborn, Esq.
DUTTON LAW GROUP, PA
9700 S. Dixie Hwy., Suite 940
Miami, FL 33156
Phone: (786) 871-7971
Fax: (239) 337-030
Email:
sweissenborn@duttonlawgroup.com
nvallecillo@duttonlawgroup.com
Attorneys for Defendant Jerry Cummings

Linda Bellomio Commons, Esq.
Linda Bellomio Commons, P.A.
5629 Glencrest Boulevard
Tampa, FL 33625
Phone: (352) 610-4416
Email: lcommons@aol.com

John R. Sutton, Esq.
SUTTON LAW GROUP, P.A.
7721 SW 62nd Ave., First Floor
South Miami, FL 33143
Phone: (905) 667-4481
Email: Info@SuttonLawGroup.com

Lourdes Espino Wydler, Esq.
Oscar Marrero, Esq.
Alexandra C. Hayes, Esq.
MARRERO & WYDLER
Douglas Centre PH-4
2600 Douglas Rd.
Coral Gables, FL 33134
Phone: (305) 446-5528
Fax: (305) 446-0995
Email: lew@marrerolegal.com
oem@marrerolegal.com
ach@marrerolegal.com
Attorneys for Defendants Roland
Clarke and Cornelius Thompson

_____
Max G. Soren

WINTTER & ASSOCIATES, P.A., 14 ROSE DRIVE, FORT LAUDERDALE, FL 33316 (954) 920-7014
*Trust and Estate Attorneys*